07/26/00   WED 12:22 FAX 956 618 8016     US ATTORNEY'S-MCALLEN     **United States District Court**
Southern District of Texas
FILED     ☒002

JUL 2 4 2000

**Michael N. Milby**
**Clerk of Court**

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

H.L. Watkins

## DEFENDANTS

James Y. Sitgreaves, et al.

**B-00-112**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE   IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
H.L. Watkins, Pro se
El camino Real, Box 597
San Benito, TX   78586

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  | ☐ 871 IRS – Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 2 4 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| H.L. WATKINS, JR., <br>     Plaintiff, Pro se, | § <br> § <br> § <br> § |
| v. | § <br> § |
| JAMES Y. SITGREAVES, <br> JOHN CARRINGTON, <br> ALFREDO PADILLA, <br> LUIS V. SAENZ, <br> ELOY CANO, <br> FERNANDO MANCIAS, <br> HIDALGO COUNTY, <br> MIGDALIA LOPEZ, <br> FILEMON B. VELA, <br> FIDENCIO GARZA, JR., <br> HILDA G. TAGLE, <br> JOHN W. BLACK, <br> JOHN D. RAINEY, <br> W. EUGENE DAVIS, <br> HAROLD DeMOSS, JR., <br> JAMES L. DENNIS, <br> MARCEL C. NOTZON, <br> KEITH P. ELLISON, <br> GEORGE P. KAZEN, <br> LYNN N. HUGHES, <br> STATE BAR OF TEXAS, <br> ROBERT FLOWERS, <br> STATE COMMISSION ON <br> JUDICIAL CONDUCT, <br> STATE OF TEXAS, <br> MERVYN M. MOSBACKER, U.S. <br> ATTORNEY, and U.S. ATTORNEY <br> GENERAL JANET RENO, . <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> §     CIVIL ACTION NO.  B-00 |

B - 00 - 112

## NOTICE OF REMOVAL

The defendants, Filemon B. Vela, Fidencio Garza, Jr., Hilda G. Tagle, John W. Black,

John D. Rainey, W. Eugene Davis, Harold DeMoss, Jr., James L. Dennis, Marcel C. Notzon,

Keith P. Ellison, George P. Kazen, Lynn N. Hughes, Janet Reno and Mervyn M. Mosbacker, (hereinafter "Defendants"), file this Notice of Removal. The Court is referred to the following discussion in support of this pleading:

1.      The Plaintiff filed this lawsuit in the 357th Judicial District Court of Cameron County, Texas, Cause No. 2000-06-2635-E. The state court Petition is entitled "H.L. Watkins v. James Y. Sitgreaves, John Carrington, Alfredo Padilla, Luis V. Saenz, Eloy Cano, Fernando Mancias, Hidalgo County, Migdalia Lopez, Filemon B. Vela, Fidencio Garza, Jr., Hilda G. Tagle, John W. Black, John D. Rainey, W. Eugene Davis, Harold DeMoss, Jr., James L. Dennis, Marcel C. Notzon, Keith P. Ellison, George P. Kazen, Lynn N. Hughes, State Bar of Texas, Robert Flowers, State Commission on Judicial Conduct, State of Texas, Mervyn N. Mossbacker, U.S. Attorney, and U.S. Attorney General Janet Reno." Defendants received on various dates the Petition by certified mail starting on June 27, 2000. A trial has not been held. Copies of all documents that are identified in Local Rule 81 have been attached to this pleading and marked as Exhibit A

2.      The plaintiff, acting pro se, alleges the following:

a.      in 1990, Texas Law Enforcement officers arrested the plaintiff for narcotic offenses. The County District Attorney's office and County Sheriff seized plaintiff's money and vehicle at the time of the arrest. A state District Court Judge coerced him to plea guilty and sentenced him to ten years reduced to probation and a five thousand dollar fine reduced to one thousand dollars;

b.      in 1995, plaintiff filed a federal suit, B-95-183, in Brownsville, Texas, against various public officials involved in his arrest and conviction in 1990. U.S. Magistrate Judge Garza did not hold a pre-trial conference or set an immediate trial date. The U.S. Department of Justice and U.S. Attorney General Janet Reno did not investigate Judge Garza;

c.      in 1998, plaintiff filed a second federal suit, V-98-0024, in Victoria, Texas, against various public officials involved in his 1990 arrest and

3.     The plaintiff's allegations relate to Defendants' employment as United States Court of

Appeal Judges, United States District Court Judges, United Sates Magistrate Judges, United

States Attorney General and United States Attorney.  Thus, this lawsuit is removed to federal

court pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1) & (3).

4.     The Federal Officer Removal Statute provides in pertinent part:

> (a)     A civil action or criminal prosecution commenced in a State Court against
> any of the following may be removed by them to the district court of the United
> States for the district and division embracing the place wherein it is pending:

>> (1)     The United States or any agency thereof or any officer (or any
>> person acting under that officer) of the Untied States or of any agency
>> thereof, sued in an official or individual capacity for any act under color
>> of such office or on account of any right, title or authority claimed under
>> any Act of Congress for the apprehension or punishment of criminals or
>> the collection of the revenue.

>> (3)     Any officer of the courts of the United States, for any Act under
>> color of office or in the performance of his duties.

5.     To successfully remove a case under §1442(a)(1), a defendant must show that (1) they

are federal officers or persons acting under them; (2) they must have been acting under color of

federal office or "acting under color of federal authority" when committing the acts leading to

the lawsuit, and (3) they must assert a colorable federal defense.  Winters v. Diamond Shamrock

Chemical Company, 901 F.Supp. 1195, 1197 (E.D. Tex. 1995); affirmed, 149 F.3d 387 397 (5th

Cir. 1998); State of Texas v. Curtis Carley, 885 F.Supp. 940, 941 (W.D. Tex. 1994).

6.     In this case, defendants United Sates Attorney General Janet Reno and United States

Attorney Mervyn M. Mosbacker satisfy all three requirements.  As federal prosecutors with

broad discretion in bringing a federal suit on behalf of the United States, defendants Janet Reno

and Mervyn M. Mosbacker acted under the color of office.  In addition, each has colorable

conviction and his first federal suit. U.S. District Court Judge John D. Rainey presided. U.S. District Court Judge Filemon B. Vela consolidated this suit with the first suit, B-95-183, and assigned U.S. District Court Judge Hilda Tagle to hear these suits together. U.S. Magistrate John W. Black prepared a report with recommendations to Judge Tagle. Judge Tagle dismissed both federal suits;

d.   in 1998, plaintiff appealed Judge Tagle's dismissal to the Fifth Circuit Court of Appeals. A three judge panel, U.S. Court of Appeals Judges Harold DeMoss, Jr., W. Eugene Davis, and James L. Dennis, denied plaintiff's request for a writ of mandamus against Judge Tagle;

e.   in 1999, plaintiff filed a third federal suit, V-99-14, in Victoria, Texas, against Various Public officials involved in his 1990 arrest and conviction and his earlier federal suits. Judge Vela dismissed plaintiff's complaint. Attorney General Janet Reno did not investigate Judge Vela;

f.   a state District Court Judge denied plaintiff's request to set aside his 1990 conviction and sentence;

g   in 1999, plaintiff filed a fourth federal suit, L-99-99, in Laredo, Texas, against various public officials involved in his 1990 arrest and conviction and his earlier federal suits. U.S. Magistrate Judge Marcel C. Notzon did not enter a default judgment and vacated a Rule 26 order. U.S. District Court Judge Keith P. Ellison denied plaintiff's request to change Judges. U.S. District Court Judge George P. Kazen did not investigate the federal Judges at the Southern District of Texas;

h   in 2000, plaintiff filed a fifth federal suit, L-00-30, in Laredo, Texas, against various public officials involved in his 1990 arrest and convection and his earlier federal suits. Judge Notzon vacated an order for an initial conference. Judge Ellison denied plaintiff's request to change judges and did not enter a default judgment; and

i   in 2000, plaintiff filed a sixth federal suit, H-00-133, in Houston, Texas, against various public officials involved in his 1990 arrest and conviction and his earlier federal suits. U.S. District Court Judge Lynn N. Hughes dismissed the complaint with prejudice and denied plaintiff's request to appear in forma pauperis.

The plaintiff requests compensatory and punitive damages in excess of $12,000,000.00, attorney fees (40%) in excess of $4,800,000.00, and injunctions requiring default judgments to be entered in plaintiff's earlier federal suits.

federal defenses.[1]   As prosecutors, defendants Reno and Mosbacker are entitled to absolute

immunity, <u>Buckley v. Fitzsimmons</u>, 113 S.Ct. 2606 (1993); <u>Burns v. Reed</u>, 500 U.S. 748 (1991);

<u>Imbler v. Packtman</u>, 424 U.S. 409 (1976); or qualified immunity. <u>Id</u>.[2]  Removal under §

1422(a)(1) is meant to ensure a federal forum in any case where a federal official is entitled to

raise a defense arising out of his official duties.  <u>Winters</u>, 149 F.3d at 400.  One of the most

important reasons for removal is to have the validity of the defense of official immunity tried in

federal court.  <u>Id</u>. at 400.  Thus, defendants Reno and Mosbacker's defenses of absolute and

qualified immunity should be heard in federal court.

7.        To qualify for removal, an officer of the federal courts must both raise a colorable

federal defense and establish that the suit is for an act under color of office.  The officer must

show a causal connection between the charged conduct and asserted official authority.  <u>Jefferson</u>

<u>County v. Acker</u>, 527 U.S. 423, 430, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999).

8.        Each defendant federal judge qualifies for removal of the case to federal court.  The

judges presided over the plaintiff's numerous federal suits and rendered rulings, entered orders,

and gave opinions.  These judicial activities are actions taken under the color of office.  As

judges presiding over plaintiff's federal suits, each defendant federal judge is entitled to absolute

judicial immunity covering all judicial activities which are not performed in the clear absence of

---

[1]     The defendant does not have to establish a meritorious federal defense, only the allegation of a colorable federal defense.  <u>Mesa v. California</u>, 489 U.S. 121, 129 and 139 (1989); <u>Ruffin v. Armco Steel Corp.</u>, 959 F.Supp. 770, 773 and 774 (S.D. Tex. 1997).

[2]Although <u>Buckley</u>, <u>Burns</u>, and <u>Imbler</u> were all 42 U.S.C. § 1983 cases, their reasoning and holdings are fully applicable to cases in which government attorneys are sued in damages for acts done under color of federal office or law.  <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978); <u>Fry v. Melaragno</u>, 939 F.2d 832, 837 n.7 (9th Cir. 1991); <u>Ehrlich v. Giuliani</u>, 910 F.2d 1220, 1222 n.2 (4th Cir. 1990).

all jurisdiction. <u>Adams v. McIlhany</u>, 764 F.2d 294, 297 (5th Cir. 1985). For the same reasons stated above in paragraph six, the defendant federal judges should have the defense of absolute judicial immunity heard in federal court.

9.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, copies of the state court petition, docket sheet, all executed process in the case, pleadings that assert causes of action, a list of all attorneys of record, and an Index of Matters filed are attached.

10.     Written notice of the filing of the Notice of Removal has been served on all parties in this lawsuit and a copy of the Notice of Removal has been filed with the Clerk of the District Court of Cameron County, Texas. A copy of the Notice to State Court of Filing of Notice of Removal is attached to this pleading and marked as Exhibit B.

Therefore, the defendants pray that the above entitled action be removed from the 357th Judicial District Court of Cameron County, Texas, Cause No. 2000-06-2635-E, to this Court.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

JOSE VELA, JR.
Assistant United States Attorney
Illinois State Bar No: 6210323
Federal Bar No: 25492
1701 W. Business 83, Suite 600
McAllen, TX 78501
(956) 618-8010
Fax (956) 618-8016

# **INDEX OF MATTERS FILED**

1.      Notice of Removal;

2.      All executed process in the case;

3.      Pleadings that assert causes of action;

4.      The docket sheet;

5.      A list of all counsel of record, including addresses, telephone numbers, and parties represented;

6       Notice to State Court of Filing of Notice of Removal.

# LIST OF ATTORNEYS OF RECORD

State of Texas
c/o John Cornyn, Atty, Gen.
300 W. 15th Street
Austin, TX 78711

Luis Saenz
117 E. Price Rd.
Brownsville, TX 78521

John Lee Carrington
113 E. Harrison
Harlingen, TX 78550

James Y. Sitgreaves
2009-C Padre Blvd.
South Padre Island, TX 78597

Alfredo Padilla
100 E. Van Buren St.
Brownsville, TX 78520

State Bar of Texas
c/o General Counsel
P. O. Box 12487
Capital Station
Austin, TX 78711-2487

Robert Flowers &
State Commission
on Judicial Conduct
P. O. Box 12265
Capitol Station
Austin, TX 78711

Migdalia Lopez
914 Harrison St.
Brownsville, TX 78520

Eloy Cano
c/o Harlingen Police Department
P. O. Box 1631
Harlingen, TX 78550

Hidalgo County
100 N. Closner
Edinburg, TX 78539

Fernando G. Mancias
100 N. Closner
Edinburg, TX 78539

Jose Vela, Jr.
Assistant United States Attorney
1701 W. Business 83, Suite 600
McAllen, TX 78501

Counsel for Filemon B. Vela, Hilda G.  Tagle,
Fidencio Garza, Jr., John W. Black,
John D. Rainey, W. Eugene David, Harold
DeMoss, Jr., James L. Dennis, Marcel C.
Notzon, Keith P. Ellison, George P. Kasen,
Lynn N. Hughes, Janet Reno & Mervyn M.
Mosbacker

## CERTIFICATE OF SERVICE

This will certify that a copy of the Notice of Removal was served by certified mail,

return receipt requested on July 24, 2000, to the following:

State of Texas
c/o John Cornyn, Atty. Gen.
300 W. 15th Street
Austin, TX 78711

Luis Saenz
117 E. Price Rd.
Brownsville, TX 78521

John Lee Carrington
113 E. Harrison
Harlingen, TX 78550

James Y. Sitgreaves
2009-C Padre Blvd.
South Padre Island, TX 78597

Alfredo Padilla
100 E. Van Buren St.
Brownsville, TX 78520

State Bar of Texas
c/o General Counsel
P. O. Box 12487
Capital Station
Austin, TX 78711-2487

Robert Flowers &
State Commission
on Judicial Conduct
P. O. Box 12265
Capitol Station
Austin, TX 78711

Migdalia Lopez
914 Harrison St.
Brownsville, TX 78520

Eloy Cano
c/o Harlingen Police Department
P. O. Box 1631
Harlingen, TX 78550

Hidalgo County
100 N. Closner
Edinburg, TX 78539

Fernando G. Mancias
100 N. Closner
Edinburg, TX 78539

JOSE VELA, JR.
Assistant United States Attorney

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

CASE NO.          PAGE:  01

| ATTORNEYS | KIND OF ACTION | | DATE OF FILING 19 95 - E |
|---|---|---|---|
| | | | MONTH | DAY | YEAR |

2000 - DOCKET

| MONTH | DAY | YEAR |
|---|---|---|
| 06 | 23 | 00 |

(10)

DAMAGES

60426201
H.L. JR. WATKINS
EL CAMINO REAL BOX #59
SAN BENITO, TEXAS    78586 0000

JURY FEE $

PAID BY

COURT'S DOCKET (Rule 26, TRCP)

NS, JR.

TGREAVES

# IN THE 103RD JUDICIAL DISTRICT COURT
## COUNTY OF CAMERON
## STATE OF TEXAS

| | | |
|---|---|---|
| H.L. WATKINS, JR., | [] | CIVIL ACTION NO: |
| Plaintiff, Pro Se. | [] | Jury |
| V | [] | |
| JAMES Y.SITGREAVES, & | [] | |
| JOHN CARRINGTON, & | [] | |
| ALFREDO PADILLA, & | [] | |
| LUIS V. SAENZ, & | [] | |
| ELOY CANO, & | [] | |
| FERNANDO MANCIAS, & | [] | |
| HIDALGO COUNTY, & | [] | |
| MIGDALIA LOPEZ, & | [] | |
| FILEMON B. VELA, & | [] | |
| FIDENCIO GARZA, JR. & | [] | |
| HILDA G. TAGLE, & | [] | |
| JOHN W. BLACK, & | [] | |
| JOHN D. RAINEY, & | [] | |
| W. EUGENE DAVIS, & | [] | |
| HAROLD DeMOSS, JR. & | [] | |
| JAMES L. DENNIS, & | [] | |
| MARCEL C. NOTZON, & | [] | |
| KEITH P. ELLISON, & | [] | |
| GEORGE P. KAZEN, & | [] | |
| LYNN N. HUGHES, & | [] | |
| STATE BAR OF TEXAS, & | [] | |
| ROBERT FLOWERS, & | [] | |
| STATE COMMISSION ON | [] | |
| JUDICIAL CONDUCT, & | [] | |
| STATE OF TEXAS, & | [] | |
| MERVYN N. MOSSBACKER, & | [] | |
| U.S. ATTORNEY, & | [] | |
| U.S. ATTY. GEN. JANET RENO, | [] | |
| Defendants. | [] | |

FILED __11:45__ O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK
JUN 2 3 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS

1

## _PLAINTIFF'S ORIGINAL PETITION_:

2000-06-2635-E

TO THE HONORABLE JUDGE OF THIS COURT:

COMES THE PLAINTIFF, H.L. WATKINS, JR. to this Court, pursuant to Texas Rules of Court, Rule 1, seeking a just, fair, equitable adjudication of the Rights of litigants under established principles of substantive law, with as great expedition as possible, due to his age and health. Such has been denied in the 197th Judicial District Court, and in the entire U.S. District Court, Southern District of Texas, as well as in the 5th Circuit Court of Appeals.

The defendant judges in this Civil Action will be prosecuted as private citizens, not as state of Texas or U.S. District Court judges and maginstrate judges, in that Plaintiff can and will prove each of the defendant judges acted outside their jurisdiction by perjuring Court documents to justify denying his 5th Amendment Rights to Due Process of the Laws, and in doing so are guilty of obstruction of justice to protect a friend or another dishonest and corrupt judge. Plaintiff will further prove to this Court that each of the judges acted viciously and with malice aforethought. This is possible by utilizing their own documents, including, but not limited to, those perjured.

### THE LAWS:

The Federal Laws, state of Texas and U.S. District Court laws that govern this Civil Action, are as follows:
1. The United States Constitution, and more specifically, the 1st, 4th, 5th, 6th, 8th and 14th Amendments, and;
2. Title 42 USC, Section 1983, and;
3. Title 42 USC, Section 1986, and;
4. Title 42 USC, Section 1988, and;
5. Texas Rules of Civil Procedure, and;
6. Federal Rules of Civil Procedure, and;
7. Laws established as precedents in the Texas Appellate Courts, and;
8. Laws established as precedents in the Supreme Court of Texas, and;
9. Laws established as precedents in the U.S. Appellate Courts, and;
10. Laws established as precedents in the United States Supreme Court.

11.Laws established in the Code of Conduct for U.S. Judges, Canons 1, 2 and

A. Toward that end, Your Honor, Plaintiff would ask the Court's indulgence for the benefit of lawyers who will be defending in this Cause of Action, and will quote for them the following:
a. THE SUPREME COURT HAS RULED THAT A STATE IMMUNITY STATUTE IS VALID WHEN APPLIED TO TORT CLAIMS ARISING UNDER STATE LAW.  HOWEVER, SUCH A STATUTE <u>WOULD NOT CONTROL A *SECTION 1983 CLAIM, EVEN IF IT WAS BEING ASSERTED IN STATE COURT.*</u> See Martinez v California.

b. As to County and State employees, see Maine v Thiboutot, 448 US 1 (1980), a Section 1983 Civil Action, the Court determined: EVERY PERSON WHO, UNDER COLOR OF LAW OF ANY STATE, ORDINANCE, REGULATION, CUSTOM OF USAGE, OF ANY STATE OR TERRITORY...SUBJECTS, OR CAUSES TO BE SUBJECTED, ANY CITIZEN OF THE UNITED STATES OR OTHER PERSON WITHIN THE JURISDICTION THEREOF TO THE DEPRIVATION OF ANY RIGHTS, PRIVILEGES OR IMMINUTIES SECURED BY THE CONSTITUTION AND LAWS, SHALL BE LIABLE TO THE PARTY INJURED.

c. As to judges: In Pulliam v Allen, the Supreme Court ruled: JUDICIAL IMMUNITY DOES NOT BAR PROSPECTIVE INJUNCTIVE RELIEF AGAINST A JUDICIAL OFFICER ACTING IN HIS OR HER JUDICIAL CAPACITY. THE COURT ALSO RULED IN THE SAME CASE THAT JUDICIAL IMMUNITY IS NO BAR TO THE AWARD OF ATTORNEY'S FEES UNDER TITLE 42 USC SECTION 1988.

d.  Also, as to judges: In Davis v Baless, 70 F.3d 367 373 (5th Cir 1995), the Court decided: A JUDGE'S JURISDICTION IS CONSTRUED BROADLY, AND A JUDGE IS NOT DEPRIVED OF IMMUNITY BECAUSE THE ACTION HE TOOK WAS IN ERROR, WAS DONE MALICIOUSLY, OR WAS IN EXCESS OF HIS AUTHORITY; RATHER, HE WILL BE SUBJECT TO LIABILITY ONLY WHEN HE HAS ACTED IN THE CLEAR ABSENCE OF ALL JURISDICTION.  Further, ABSOLUTE IMMUNITY

CMPDF - www.fastio.com

EXTENDS TO ALL JUDICIAL ACTS WHICH ARE PERFORMED IN THE CLEAR ABSENCE OF ALL JURISDICTION. Adams v McIhany, 764, F.2d 294, 297, (5th Cir. 1985). In addition, A JUDGE'S IMMUNITY IS NOT PIERCED BY ALLEGATIONS THAT HE CONSPIRED WITH OTHERS TO DO AN ALLEGEDLY UNLAWFUL ACT SO LONG AS THE ACT IS WITHIN HIS JUDICIAL POWERS.

f. The Fifth Circuit has set forth four factors to determine if an act is "judicial". First, whether the precise act complained of is a **normal judicial function**. Second, whether the acts occurred in the courtroom or appropriate adjunct room, such as a judge's chambers. Third, whther the controversy centered around a case pending before the court. And forth, whether the acts arise directly out of a visit to the judge in his official capacity. Adams, 764, F.2d at 297.

g. A presentation of the facts will leave no question in the mind of this Court that perjuring a Court document and abusing the power of the bench for the purpose of obstructing justice to aid a friend, by denying a citizen his or her Constitutional Rights, is non-judicial in nature.

h. Furthermore, every judge takes the oath of office to :UPHOLD, PROTECT AND DEFEND THE CONSTITUTION OF THE UNITED STATES, which requires no embilishment.

I. As to federal employess and the question of "qualified immunity " under the doctrine established by the Supreme Court in Harlow v Fitzgerald, 457 US 800 818 (1982): GOVERNMENT OFFICIALS PERFORMING OFFICIAL FUNCTIONS ARE SHIELDED FROM LIABILITY FOR CIVIL DAMAGES INSOFAR AS THEIR CONDUCT DOES NOT VIOLATE CLEARLY ESTABLISHED CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN. WHETHER AN OFFICIAL CAN BE HELD PERSONALLY LIABLE FOR AN ALLEGEDLY UNCONNSTITUTIONAL OFFICIAL ACTION TURNS ON THE OBJECTIVE LEGAL REASONABLENESS OF THE ACTION AT THE TIME IT OCCURRED. Anderson v Creighton, 483 US 635, 640 (1987). ONCE A DEFENDANT PLEADS THE DEFENSE OF QUALIFIED

IMMUNITY, THE TRIAL JUDGE MUST FIRST DETERMINE WHETHER THE PLAINTIFF HAS ALLEGED A CONSTITUTIONAL VIOLATION, AT ALL, UNDER CURRENT LAW, AND IF THE PLAINTIFF HAS DONE SO, THE JUDGE THEN DETERMINES WHETHER THE DEFENDANT'S ACTIONS WERE OBJECTIVELY REASONABLE WITH REFERENCE TO CLEARLY ESTABLISHED LAW AT THE TIME OF THE CONDUCT IN QUESTION. See Cronn v Buffington, 150 F.3d 538 451 (5th Circuit 1998).

j.   Further as to qualified immunity, see Gomez v Toledo, 100 Supreme Court 1920 (1980), as standing for the proposition that " A DEFENDANT IN A CIVIL RIGHTS ACTION HAS THE BURDEN OF PLEADING AND PROVING GOOD FAITH". DeVasto v Faherty F2d 859, 865 1st Cir, 1981). FURTHER, THE SUPREME COURT HAS ASSERTED THAT SEVERAL COMMENTS ARE IN ORDER IN LIGHT OF GOMEZ V TOLEDO.  FIRST, EVEN THOUGH JUSTICE REHNQUIST POINTS OUT IN HIS CONCURRING STATEMENT, THE COURT'S OPINION ADDRESSES ONLY "THE BURDEN OF PLEADING ISSUE". NEVERTHELESS, ITS REASONING IS EQUALLY APPLICABLE TO PLACING THE BURDEN OF PROOF ON THE 1983 DEFENDANT AS WELL.  SECOND, WHILE GOMEZ HELD THAT THE ABSENCE OF QUALIFIED IMMUNITY NEED NOT BE PLEADED BY A 1983 PLAINTIFF IN ORDER TO STATE A CAUSE OF ACTION, A PLAINTIFF WHO SEEKS PUNITIVE DAMAGES SHOULD ALLEGE IN THE COMPLAINT THE STATE OF MIND OF THE DEFENDANT, WHICH IS APPROPRIATE FOR RECOVERY OF SUCH DAMAGES. See also Section 4.08 of the text on punitive damages.

k. Also, as to qualified immunity: QUALIFIED IMMUNITY PROTECTS ALL FEDERAL EMPLOYEES, SAVE THOSE WHO ARE PLAINLY INCOMPENTENT OR WHO KNOWINGLY VIOLATE THE LAW. Malley v Briggs, 475 US 335, 341 (1986).

l.  As to qualified immunity for Defendant U.S. Attorney General, Janet Reno. In Mitchel, 105 Supreme Court at 2814, Defendant Reno is entitled to qualified immunity: AS LONG AS HER ACTIONS (or lack thereof) DO

5

NOT VILOATE CLEARLY ESTABLISHED STATUTORY OR
CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON
WOULD HAVE KNOWN.

m. Finally as to qualified immunity, the Supreme Court has determined: THE
QUALIFIED IMMUNITY TEST IS AN AFFIRMATIVE DEFENSE AND
AS SUCH IS *NOT RELEVENT* TO THE EXISTENCE OF A PRIMA
FACIE 1983 CAUSE OF ACTION.

### JURISDICTION AND VENUE:

   Jurisdiction in this Civil Action is vested in this or any other State of Texas
District Court by virtue of the    fact Plaintiff was injured in the State of Texas,
regardless of the point of origin.  Plaintiff's Rights under the laws of the
United States have been denied in on-going event in the state of Plaintiff's
residence, where all defendants must defend their illegal and irresponsible, if
not criminal, actions.

### PERTINENT BACKGROUND INFORMATION:

1. On 4 June, 1990, a Cameron County, Texas Drug Enforcement Task Force
agent Joe or Jose' Morales, planted illegal contraband in Plaintiff's vehicle,
and admitted as much in his report of 12 June, 1990. Such illegal acts violate
the 14th Amendment. See ENTRAPMENT DECISION, Sorrels v United
States, 287, U.S. 446-449.


2. Plaintiff was arrested and his vehicle was searched and seized without
warrants by the Cameron County, Texas, Drug Enforcement Task Force, et al;
who surrounded the Plaintiff with guns drawn, yelling: "GET YOUR HANDS
UP OR WE'LL SHOOT". This happened shortly after he'd sold a pickup
truck to a small time drug dealer from Florida, but whose title was still in
Plaintitt's name. Section 1983, Art. 174 states: "POLICE OFFICERS
BRANDISHING A GUN
WITHOUT PROVOCATION AND THREATENING TO SHOOT *SHOCKS*
*THE CONSCIENCE AND CONSTITUTES A VIOLATION OF A*

## *CITIZENS RIGHT TO LIBERTY UNDER THE FOURTEENTH AMENDMENT.*

3.The arresting officers then denied the Plaintiff his prescription heart medications for that day, which were in a bank bag with the money he'd been paid for the vehicle, ***SOME OF WHICH WAS STOLEN BY THE COPS***. Pursuant to the Federal Civil Rights Acts, art: 161: Prisoners freedom from cruel and unusual punisment, the Supreme Court states: IT IS OBDURACY AND WANTONESS, NOT INADVERTENCE OR ERROR IN GOOD FAITH THAT CHARACTERIZE THE CONDUCT PROHIBITED BY THE CRUEL AND UNUSUAL PUNISHMENT CLAUSE, WHETHER THAT CONDUCT OCCURS IN CONNECTION WITH ESTABLISHING CONDITIONS OF CONFINEMENT, ***SUPPLYING MEDICAL NEEDS***, OR RESTORING OFFICIAL CONTROL OVER THE CELLBLOCK.

During the night of 4 June, 1990 while Plaintiff was being held in the Harlingen, Texas, City Jail without the benefit of medications, Plaintiff suffered an attack of angina, a heart disease that is activated by stress and anxiety, cold temperatures and fear for his life. All of these factors were present - an extremely low temperature in the cellblock, supposedly to lower the arid smell of urine and vommit; Plaintiff was dressed in a short sleeve silk shirt and imprisoned with Mexicans who'd been arrested for drunkeness and fighting.

4. Earlier in the Harlingen jail, an illiterate jail guard was also the booking officer, who was shown a valid Texas driver's license and Plaintiff's Social Security card, as ID. Not satisfied with the name H.L. WATKINS, JR., he demanded to know Plaintiff's father's first and middle names. He was informed that the name he was looking at belonged to the man who gave it to him, to which he replied: "LOOK, YOU F....ING RINGO, I AIN'T GONNA ASK YOU AGAIN - WHAT'S YOUR PAPPA'S FIRST AND MIDDLE NAME. I CAN SEE AND READ JR ON YOUR NAME, SO YOU WERE NAMED AFTER YOUR PAPA". He was given the name HORACE LAMAR, the first and middle name of the Reverend Doctor Horace Lamar Watkins, a Methodist minister in the state of Texas over forty years: Chief of Chaplains in the 42nd Division during World War One, in France. · While

rendering last rites to the dead and dying; he was decorated with the Silver Star for GALLANTRY IN ACTION, WHILE WOUNDED AND BLEEDING, by Brigadier General Douglas MacArthur. He served as the Associate Professor of Theology at Southern Methodist University during the 1930s and early forties. And finally. Bishop of the Southern Methodist Church, Fifth Conference, in Austin, and volunteer Chaplain to the Texas House of Representatives.  The following morning, 5 June, 1990, the above name appeared as being an arrestee in a "drug bust" in the so-called Harlingen newspaper that leaves the Valley by auto, RV, bus, truck and airplanes, to every known corner of the state where this man preached the gospel of Jesus Christ and was revered by his peers as an example of true Christian living. His good name, honor, integrity and impeccable reputation, plus that of his favc rit⊕on were destroyed by virtue of the stupidity of the arresting officers and the jail guard, et al.

5. Also on 5 June, 1990, after returning from the Hospital, Plaintiff was taken before Justice of the Peace Eloy Cano, who had no charges nor a single piece of paperwork - only a legal tablet and a pencil. Two of the arresting officers were with him, and Cano asked them how much of a bond they wanted.  One of them said: THAT'S YOUR DECISION, YOUR HONOR. THE MAN WAS CAUGHT WITH MARIJUANA IN HIS PICKUP, AND THE MONEY WITH WHICH TO PAY FOR IT WAS FOUND IN THE CAB OF THE VEHICLE, or facsimile. Thus,  Cano set two bonds; fifty and seventy five thousand dollars, respectively.  Plaintiff informed Cano that he and his wife owned a twenty one acre tract of land in Cameron County at the time, and asked for a personal recognizance bond. He refused and set two excessive bonds, even for a murderer. The Eighth Amendment states: EXCESSIVE BAIL SHALLNOT BE REQUIRED, NOR EXCESSIVE FINES IMPOSED, NOR CRUEL AND UNUSUAL PUNISHMENTS INFLICTED. For this malicious act of vengence against a member of a minority race in the Rio Grande Valley, Plaintiff demands the following damages from this individual, pursuant to the 8th Amendment::
a. Compensatory damages equal to the bonds - one hundred twenty five thousand dollars, and;
b. Punitive damages of one hundred twenty five thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

8

6. Further as to this defendant, Cano viciously and maliciously refused for seventeen days to reduce the bond, while Plaintiff was incercerated in the Cameron County jail with murderers, rapists and dangerous Mexican drug dealers, conceivably relatives of the defendants named herein. Plaintiff demands the following damages pursuant to the 14th Amendment:
a. Compensatory damages of one hundred twenty five thousand dollars, and;
b. Punitive damages of one hundred twenty five thousand dollars, plus;
c. Atorney's fees equal to 40% of the awards demanded above.

7. Plaintiff retained the first of three Valley lawyers on 6 June, 1990, one James Yow Sitgreaves, from South Padre Island. Sitgreaves visited the Plaintiff while he was still illegally incercerated in the Harlingen jail, where he was told to acquire the police reports. Sitgreaves said he did not need them to get his client out of jail, which was the most stupid remark a lawyer could have made. Had he done as he was told, his client would have walked outside with him - depending on Sitgreaves' ability to read and understand what he reads in the English language. Only one report had been authored, signed and notarized, then filed with the Clerk of the District Court on 4 June, 1990. A copy was in the Harlingen City Jail files. The document was authored by the Task Force Commander, one Sergeant Crispin C. Trevino, who was employed by the city of Harlingen, on loan to the Task Force. His document is labeled as appendix 1, and reads in part: "THE (confiscated) MONEY WAS FOUND IN THEIR VEHICLE, AS THEY **_ATTEMPTED_** TO PAY WITH IT TO ANOTHER INDIVIDUAL". Any lawyer who is properly qualified and licensed by the State Bar of Texas, should have, and would have, demanded that his client be released immediately, after reading that report. Trevino states "55 pounds of marijuana were seized", but he failed to state that it was planted as illegal contraband, nor from whom it was seized. Furthermore, Sitgreaves was aware that his client's name was not Horace Lamar Watkins. Due to ineptness, incompetence and stupidity, Sitgreaves violated Plaintiff's federally protected rights to competent counsel, for which he danfinds the following damages from this defendant:
a. Compensatoy damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.

7. On 21 June, 1990, Plaintiff retained another real loser/State Bar member, in

the form of John Lee Carrington, whose name is misleading, deceiving, and
accounted for his presence as a visitor in the Cameron County jail, at the
request of Plaintiff's darling little Mexican wife who thought she was calling
an Anglo attorney. Carrington demanded and was paid one thousand dollars
as an intial retainer - with the agreement that he'd be paid another fifteen
hundred dollars, *IF* he could get the bond reduced that day, and could acquire
a not guilty verdict during the trial.  However, John Lee was not responsible
for the bond reduction, although he claimed he was, and decided the one
thousand dollars was earned by making one or two phone calls to Cano,"who
was not in for John Carrington", to quote Cano's secretary. In that he took
money under false pertences and violated Plaintiff's federally protected rights
to competent legal representation, Plaintiff demands the following damages
from Carrington.
a.  As actual damages, one thousand dollars, plus interest of 10% retroactive
to 20 June
1990, compounded annually to the date of this Court's decision, and;
b.  Compensatory damages of two hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

8.  An hour after Carrington left the Cameron County jail, Frank Maldonado
of Pre-trial Bonding Company, Brownsville, came to see the Plaintiff.  No
more than ten minutes later, Frank
reached for the phone and called Cano. As a firm and true gentleman who
knew how to deal with incompetence and stupidity, Frank was short and to the
point when he "encouraged" Cano to reduce the bond to twenty five thousand
dollars, which cost Mrs. Watkins three hundred seventy five dollars. However,
Sheriff Alex Perez ordered her to pay an additional fifty dollars per day for
each day Plaintiff was incarcerated, and refused to give her a receipt for the
money.  This is pointed out only as a means of showing the Court that
deshonesty and corruption runs rampant in Cameron County, Texas.
Regardless, Plaintiff was free, and able to return home after an ordeal that
came very close to taking his life.

9. Further as to Defendant Carington: on or about 1 July, 1990, Plaintiff and
his wife visited outgoing Cameron County District Attorney Benjamin Euresti,
Jr., in his office. His Honor was in the process of divorcing himself from the

DA's office, in preparation to fill the vacancy in the 107th Judicial District Court, being vacated by Gilberto Hinojosa. Mr. Euresti was told in detail the circumstances involving Plaintiff's illegal warrantless arrest and incarceration, and the fact that his vehicle and the money he'd been paid for it, were illegally confiscated by the Cameron County Drug Enforcement Task Force. On that day, he ordered Oscar Ponce to return the vehicle and money, which was not done. However, Judge Euresti also instructed the Plaintiff to tell John Carrington to file a Motion for Dismissal, immediately, while he was still in a position to handle it as the DA. Those instructions were related to Carrington not more than an hour later, in his office in Harlingen, and Carrington said: "I WILL TAKE CARE OF IT IN THE MORNING". The dirty scoundrel lied through his teeth, and rather than act the part of an attorney, he acted the part of a lawyer and took his family on vacation with Plaintiff's thousand dollars. His actions violated Plaintiff's 5th Amendment Rights to Due Process, obstructed justice, and caused the Plaintiff ten years of attempting to regain his good name, honor, integrity and precviously impeccable reputation. Plaintiff demands the following damages of Defendant John Lee Carrington
a. Compensatory damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.

10. On or about fifteen July, 1990, when nothing had been forthcoming from Carrington nor Judge Euresti, Plaintiff and his wife again visited Carrington's office, and confronted him for his ineptness and incompetence - and his vicious and malicious intent to lie. His justification and rationale was: "MISTER WATKINS, I HAVE READ THE POLICE REPORTS, AND YOU ARE THE ONE WHO MISREPRESENTED YOURSELF AND YOUR INVOLVEMENT IN A DRUG DEAL THAT WENT WRONG. YOU WERE THE INSTIGATOR OF THAT DEAL. MOREOVER, BEN EURESTI AIN'T GONNA DO A DAMNED THING FOR YOU. HE AND THE REST OF THAT BUNCH IN THE DA'S OFFICE ARE NOTHING BUT A BUNCH OF CROOKED LAWYERS WHOSE ONLY INTEREST IN YOU IS TO KEEP THE MONEY AND YOUR PICKUP TRUCK, WHICH YOU'LL NEVER SEE AGAIN", or facsimile. For his failure to acquire the police reports he claimed to have read, and should have recognized as exculpatory documents with which he could have, and should have, utilized as a paid defense counsel, It would further have kept himself from being sued for his

violation of Plaintiff's federally protected rights to have competent representation in a criminal case pursuant to the 14th Amendment, Plaintiff demands the following damages from this malicious, inept, incompetent and lying lawyer:

a. Compensatory damages of one hundred thousand dollars, and;

b. Punitive damages of one hundred fifty thousand dollars, plus;

c. Attorney's fees equal to 40% of the awards demanded above.

11. In that Defendant State Bar of Texas failed to properly qualify Defendants Sitgreaves and Carrington prior to licensing them, and for their intentional lack of scrutinization of these two members, afterward, the Bar is directly responsible that Plaintiff was denied his federally protected rights to competent counsel during the time and events mentioned above. In this regard, the Bar violated their own Rules in the Preamble, Rules 1 through 9, inclusive, and Plaintiff will quote number nine: "EACH LAWYER'S OWN CONSCIENCE IS THE TOUCHSTONE AGAINST WHICH TO TEST THE EXTENT TO WHICH HIS ACTIONS MAY RISE ABOVE THE DISCIPLANARY STANDARDS OF THESE RULES. THE DESIRE FOR THE RESPECT AND CONFIDENCE OF THE MEMBERS OF THE PROFESSION AND OF THE SOCIETY WHICH IT SERVES, PROVIDES THE LAWYER THE INCENTIVE TO ATTAIN THE HIGHEST POSSIBLE DEGREE OF ETHICAL CONDUCT. THE POSSIBLE LOSS OF THAT RESPECT AND CONFIDENCE IS THE ULTIMATE SANCTION. SO LONG AS ITS PRACTITIONERS ARE GUIDED BY THESE PRINCIPLES, THE LAW WILL CONTINUE TO BE A NOBLE PROFESSION. THIS IS THE GREATNESS ON ITS STRENGTH, WHICH PERMIT (OF) NO COMPROMISE". Further, Plaintiff filed a complaint against both Sitgreaves and Carrington, neither of whom were disciplined with so much as a slap on the hand. Plaintiff demands the following damages of this Defendant

a. Compensatory damages of two hundred fifty thousand dollars, plus;

b. Attorney's fees equal to 40% of the award demanded above.

12. Texas Attorney General Dan Morales, as chief law enforcement officer for the state during his tenure in office, was also lax to grossly negligent for his failure to scrutinize the State Bar of Texas. In that Morales had both the responsibility and the resources to even make a spot check of the Bar and their

illegal and incompetent failures to perform as intended when they were organized under the authority of the Texas Supreme Court, Plaintiff would have been spared from dealing with the likes of Sitgreaves and Carrington. In that such was not the case, Plaintiff's Constitutional Rights to competent and knowledgable attorneys has cost him ten years, plus, of living in shame and poverty.  Plaintiff demands the following damages from Defendant State of Texas:

a. Compensatory damages of two hundred fifty thousand dollars, plus;

b. Attorney's fees equal to 40% of the award demanded above.

13. On 25 July, 1990, Cameron County Criminal Attorney Luis V. Saenz knowingly, intentionally and maliciously, violated the Plaintiff's Constitutional Rights to a fair and impartial trial, by utilizing an invalid and unauthorized, perjured document, before the July, 1990 Grand Jury. This document was prepared by Jose' Morales, dated 12 June, 1990, and is one of two police reports  authored subsequent to 4 June, 1990, neither of which were swon to, nor officially filed with the Clerk of the District Court.  Yet, being the crook that was on that day, Saenz took the Morales report, consisting of six pages, but signed at the bottom of page one, to illegally, dishonestly and maliciously obtain an indictment for making an illegal investment in order to retain the illegally confiscated money. Vulnerable and unaware that a mulit-page paper signed on page one, ends on page one, the Jury declined his pleas for an indictment of aggravated possession of a controlled substance, noting that on page five, Morales stated: "I THEN PUT ONE OF THE SUITCASES (filled with marijuana) IN THE BED OF THE TRUCK, AND THEY HELPED ME PUT THE OTHER ONE IN". However, Saenz was awarded an indictment for making an illegal investment on the grounds of a statement sentences later, in which Morales seriously perjured his invalid and illegal document when he states: "JOHN THEN PUT THE PAPER SACK WITH THE MONEY ON THE FLOORBOARD OF MY CAR ON THE REAR COMPARTMENT AREA".  For Saenz' vicious and malicious use of this document, with the full intent to deceive the jury and obtain a fundamentally flawed indictment in order to retain the illegally confiscated funds from Plaintiff's vehicle, he denied him his Constitutional Rights to a fair and impartial, racially-free trial, obstructed justice, and disallowed this Plaintiff his 5th Amendment rights to Due Process of the

13

Laws.. Plaintiff demands the following damages from this evil and wicked individual:

a. Compensatory damages of one hundred thousand dollars, and;

b. Punitive damages of one hundred fifty thousand dollars, plus;

c. Attorney's fees equal to 40% of the awards demanded above.

14. Further, as to Defendant Saenz, who charged Plaintiff and the drug dealer on the same indictment for the sole purpose that the illegally confiscated money was found in the vehicle that was still in the name of the seller - the mythical law of possession equals ownership - Plaintiff demands actual damages in the amount of twenty five thousand six hundred dollars, per Trevino's report, plus 10% interest compounded annually from 4 June, 1990 to the date of this court's decision.

15. Further as to Defendant Saenz, who was the respondeat superior to Oscar Ponce during 4 June, 1990, to 9 August, 1990, during which time the illegally seized pickup truck was malicioulsy retained  a period of 66 days during which time the Plaintiff and his wife, both with heart diseases and patients of a cardiologist in Harlingen. Both were very susceptible to heart attack any minute of the day or night, but were without use of the vehicle and unable to purchase another. Isolated on East Fernando Road bewteen Rio Hondo and Arroyo City, their lives were endangered on a daily basis.  Pursuant to the Cruel and Unusual Punishment Clause in the 8th and 14th Amendments, Plaintiff demands the following damages from Defendant Luis V. Saenz:

a. Two hundred fifty thousand dollars, plus;

b.  Attorney's fees equal to 40% of the award demanded above.

16. The defendant directly responsible that Saenz was in a place of authority to endamger the lives of two humans far superior to himself, is Defendant State Bar of Texas, who failed to properly qualify him before granting him a license to act as a criminal prosecutor - a dishonest and corrupt criminal prosecutor. In that Saenz denied the Plaintiff a means of survival for himself and his wife during the above mentioned time period, by virtue of his license to so act, Plaintiff charges the State Bar of Texas with the 8th and 14th

Amendment's Cruel and Unusual Punishment for their failure to scrutinize
Saenz after licensing him, in which case his lack of moral character and
decadent principles would have surfaced early-on, prompting the Bar to
eliminate him as a member who denied Plaintiff his Federally protected rights
to life, liberty and the pursuit of happiness. Plaintiff demands the following
restitution from Defendant State Bar:
a. Compensatory damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.

17. On 16 August, 1990, Plaintiff appeared for arraignment before 197th Judicial
District Court Judge Darrell B. Hester, <u>WHERE CARRINGTON WALKED OUT
ON THE PLAINTIFF *WITHOUT* PRIOR NOTICE</u> Carrington had previously
informed the Plaintiff and his wife that he'd read the police reports, but did not act
responsible and acquire a copy for his client. In fact, he accused his client of
"masterminding a drug deal". This assumption on his part could have been acquired
only by reading the Morales report - beyond the first page - and due to his inability
to read and understand what he reads in the English language, pertaining not only to
the laws, but beyond anything a highschool freshman is required to know before
being advanced - this ill-educated member of the State Bar of Texas "assumed" that
he could lie his way out of the responsibility to earn the money he'd been paid to
defend his client. His reason for deserting his client before the Judge entered the
courtroom, is due to his ineptness, incompetence, un-reliability and inherent
dishonesty. Plaintiff demands the following damages from this Defendant:
a. Compensatory damages of two hundred fifty thousand (($250,000.00) dollars,
and;

b. Attorney's fees equal to 40% of the awad demanded above.

18. For their failure to sanction this member for his recklessness in this incident, the
State Bar of Texas is in violation of their own rules and regulations, as specified in
the Preamble: Lawyer's Responsibilities: Articles 1, 2, 3, 4, 5, 6, 7, 8 and 9. By
violating their own rules, the Bar has caused direct damages to be perpetrated upon
the Plaintiff by laywer Carrington, for which Plaintiff seeks the following damages:
a. Compensatory damages of two hundred fifty thousand ($250,000.00) dollars, and;
b. Attorney's fees equal to 40% of the award demanded above.

15

19. In all due respect, Judge Hester committed the greatest sin to mankind on 16 August, 1990, when he appointed another very dishonest and corrupt member of the State Bar to represent the Plaintiff after Carrington walked out. Brownsville lawyer Alfredo Padilla was hanging around the courthouse looking to be drafted by a judge in Hester's position, which was the case. However, Hester was scheduled to be away from the Court during the pleading and punishment phases of the trial, and one Fernando Mancias, of Edinburg, filled in during Hester's absence. Had Hester remained as the presiding judge, he possessed the good sence to read and understand what he read in the police reports, and Plaintiff would have been exhonerated the minute the Trevino report showed up. Mancias, however, held three exculpatory documents in his hands, as did Padilla, each of whom concealed them from the gringo minority member of the Anglo race in the Rio Grande Valley, and these two dishonest and corrupt members of the State Bar decided to aid Saenz in his illegal quest to retain the confiscated money, and a conspiracy to convict at any cost, denied another and far superior individual his 5th Amendment Rights to Due Process - an inherrited trait in both Saenz, Padilla and Mancias' personalities. For knowingly and maliciously allowing the case to move forward to the pleading stage, Plaintiff Prays that this Court will get Padilla's attention by awarding the following damages:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

20. Further as to Defendant Padilla, for allowing the case to move forward into the Punishment stage while he had the three exculpatory documents in his possession, knowingly and maliciously intending to deny his "client" his 5th Amendment Rights to Due Process of the laws, Plaintiff demands the following damages from this debased and inherrently crooked defendant:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees eqaul to 40% of the awards demanded above.

21. Due to the ineptness and incompetence of the impotent and worthless State Bar of Texas who failed to properly qualify Padilla prior to granting him a license to "practice" on this naive Plaintiff who'd not previously been screwed over by a lawyer in any state, and for their malicious negligence in their failure to scrutinize Padilla prior to his and the Plaintiff's ill-fated encounter, the 5th and 14th Amendment Rights to Due Process have been violated by Padilla, due the the Bar's ineptness, incompetence and eagerness to hand out a license to the likes of Padilla. Plaintiff demands the following restitution from Defendant State Bar of Texas:
a. Compensatory damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.

22. On 5 October, 1990, believing Adolph Hitler was dead, Plaintiff was escorted into the 197th Judicial District Court to see the spittin' image of Hitler, only with an uglier, scragglier mustache, sitting in the chair of Judge Hester. The personality of Hitler was also present, but absent his favorite victims, the Jewish race. Rather, Plainif being an Anglo, Mancias saw an opportunity to act the part of the man who ordered the murder of tens of millions of Jews, and set his sights on taking this man's good name, honor, integrity and impeccable reputation from him, to satisfy his own inferiority complex. With three exculpatory documents in his hands, in the clerk's files,

CRAPDF - www.texta.com

Mancias maliciously threatened the man before him with ninety nine (99) years in prison and a fifty thousand ($50, 000) dollar fine, if he plead not guilty to the charges, and was found guilty by himself during the trial. Remembering his experience in the Harlingen jail and in Cameron County, aware the Mexican murderers, rapists and drug dealers would also be in state prison, Plaintiff had no alternative than to plead Horace Lamar Watkins guilty, as charged. For maricioulsy coercing the Plaintiff with threats that caused chest pains and endangered his life in order for Mancias to deny his 5th Amendment Rights to Due Process, acting clearly outside his jurisdiction, Plaintiff demands the following restitution of this vile and mean-spirited individual:

a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

23. Also as to Defendant Mancias, who did maliciously conceal the exculpatory documents after taking the oath of office to uphold, protect and defend the Constitution of the United States, then viciously violated his 5th Amendment Rights to Due Process, Plaintff demands the following restitution of this depraved Hitler look-alike, act-alike, who acted clearly outside his jurisdiction to deny an innocent man his 14th Amendment Rights to good name, honor, integrity and impeccable reputation:

a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fes equal to 40% of the awards demanded above.

24. Defendant State Bar of Texas acted clearly outside their jurisdiction when they failed to properly qualify Mancias before granting him a license to practice in this state in 1990, and further acted in the absence of good, common horse sense, when they failed to properly scrutinize Mancias, afterward. Close scrutinization, or minute scrutinization, would have uncovered the true personality of this unscrupulous individual. In that the Bar licensed Defendant Mancias to practice law in Texas in 1990, they are liable for his illegal actions against the Plaintiff, for which he demands the following restitution:

a. Compensatory damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.

25. The inept and incompetent, impotent State Commission on Judicial Conduct, should also have eliminated the scurilous individual named Fernando Mancias from the judicial program, and could easily have found grounds on their own initiative, had the Commissioner Robert Flowers utilized initiative and performed his sworn duty to prevent this type of dishonest and coprrupt invidual from destroying the lives of this Texas citizen. Dishonesty and corruption in this man's inner self was there long before he became a judge, but the Commissioner, in his own little world of booze and/or illegal drugs, conceivably both, ignored his duties to scrutinize Mancias, et al. After Plaintiff scrutinized him in a courtroom where he disgraced another judge's bench, Plaintiff filed a complaint against Mancias, and rather than investigate the charges, Flowers drunkenly disturbed the Plaintiff and his wife and family in a telephone call to their home during a birthday party, castigating the Plaintif for revealing the flawed character and corrupt mind of Mancias. Needless to say, such an interruption was upsetting, causing the entire family anguish and distress, and several difficult nights of very little sleep. For this malicious act to disturb the family and cause

suffering to other innocent adults and children, Plaintiff Prays this Court will grant the Plaintiff's demands for restitution, as follows:
a. Compensatory damages of two hundred fifty thousand dollars. Plus;
b. Attorney's fees equal to 40% of the award demanded above.

26  As to Defendant State Commission on Judicial Conduct, who hired and pays Flowers' salary, the Commission is guilty of allowing the Commissioner to drunkenly disturb a family gathering, and should have closely checked his background and personal life, prior to allowing him to invade the privacy of Plaintiff's home. Plaintiff demands the following restitution from the Commission:
a. Compensatory damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.

27. Texas Attorney General Dan Morales, as the Chief Law Enforcement Officer in the State during the above described illegal and evil event, was lax to grossly negligent in his duties to scrutinize the the Commission and the Commissioner, whose substance abuse problem would have surfaced early-on, prior to his ability to do harm to the Plaintiff and his family, especially the teenage and pre-teen grand children, who now fear anyone who works for the State of Texas. They are very aware, as Mexicans themselves, that Morales was a treat to their continued happiness throughout their lives. For his negligence in this matter, Plaintiff acts on behalf of his children and grand children to castigate the former Attorney General, who was hired by and paid by the citizens of the state. Plaintiff demands the following restitution from Defendant State of Texas:
a. Compensatory damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.

28. Further as to Defendant Padilla, and this Court should now be aware of his ineptness and incompetence, perhaps not. Some few minutes before entering the 197th Judicial District Court to face Defendant Mancias during the sentencing phase on the trial on 3 December, 1990, Padilla was told that his client was going to withdraw the guilty plea of Horace Lamar Watkins. This brilliant member of the State Bar said, and this is a direct quote: "IF YOU WALK IN THERE AND PLEAD NOT GUILTY, I GUARANTEE THAT JUDGE MANCIAS WILL FIND YOU GUILTY AND SENTENCE YOU TO NOT LESS THAN THREE TO FIVE YEARS IN PRISON, AND WILL FINE YOU UP TO TEN THOUSAND DOLLARS.  LOOK AT YOUR SITATUATION, MISTER WATKINS - YOU WERE AT THE SCENE OF A CRIME - YOU WERE IN YOUR OWN VEHICLE WITH A KNOWN DRUG DEALER, AND THE MONEY TO PAY FOR THE MARIJUANA WAS FOUND IN YOUR VEHICLE. YOU ARE ALSO AN ANGLO IN A PREDOMINATELY MEXICAN COMMUNITY. YOU HAVE A MEXICAN LAWYER, AND YOU'LL BE FACING A MEXICAN JUDGE AND A MEXICAN PROSECUTOR.  WHAT SORT OF A DEFENSE COULD I POSSIBLY PRESENT ON YOUR BEHALF...EVEN WITH A JURY. I'VE JUST IMPANNELED A JURY DOWN THIS HALL - IT IS AN ALL-MEXICAN JURY, WHICH IS THE NORM IN THE VALLEY - NOT THE EXCEPTION". He then walked away and allowed the Plaintiff to record that little pep talk. However, Padilla's brightest moment was yet to come - when he escorted his "client" into the room to face his "good ole beer drinkin' buddy from law school days". He guided the Plaintiff to the bench and announced in a loud and clear voice: "THERE SITS THE JUDGE, MISTER

WATKINS - TELL HIM YOUR STORY". For his malicious intent to withhold even one of the exculpatory documents, either of which would have been better than nothing, this evil-spirited and brain-dead lawyer violated every known rule of jurisprudence, and grossly violated Plaintiff's Constitutional Rights to competent counsel in a criminal cause of action. Plaintiff demands the following restitution from Defendant Padilla:

a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

29. Back inside the courtroom, Mancias had no court reporter to record what was said and who said it. For his malicious intent to deny the Plaintiff a record of the proceedings, therefore denying his 5th Amendment Rights to Due Process, Mancias clearly acted outside his judicial authority, for which Plaintif demands the following restitution:

a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

30. Further, Mancias asked if Padilla had read the pre-sentencing investigation report, which he had not. Mancias stated that he'd not had the time to read it, either, and sent Padilla and his client into the hall while he sentenced the drug dealer. He then called Padilla and his client back into the room and sentenced Horace Lamar Watkins to ten years, probated, and a five thouand dollar fine, four thousand probated. However, he also ordered Horace Lamar Watkins to pay Padilla's legal fees. He then signed a sworn and notarized statement that he'd read and studied the PSI report on Horace Lamar Watkins, "then proceeded into the sentencing phase of the trial". One more slightly illegal and inept act by this defendant, was the fact that he'd not affixed his signature on the line provided for the presiding judge, on Horace Lamar's guilty plea. Nonetheless, he proceeded without a guilty plea. Fact is, this brain-dead member of the State Bar cannot honestly state nor prove that he presided over the sentencing phase of the trial. In that the citizens of Hidalgo County, Texas, voted for this man as their dishonest and corrupt State District Judge, Plaintiff invokes Owen v City of Independence (1980), et al., in which the Supreme Court determined that municipal entities are not protected by good faith immunity. The Court also held that a municipality's employees who acted in good faith would not shield a municipality from either prospective relief or compensatory damages. In Leatherman v Tarrant County, the Supreme Court recognized that a municipality may not assert qualified immunity as a defense. 113 S. Ct. 1160, 1162, (1993). Therefore, Plaintiff demands the following damages from Defendant Hidalgo County, Texas"

a. Compensatory damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.

For the benefit of Hidalgo County residents/voters in regard to Mancias, Supreme Court Justice Oliver Wendell Holmes, Jr., while addressing the graduating seniors at Harvard School of Law during commencements, brought his address to termination with these words of intellectual wisdom: "NOTHING IS GREATOR NOR MORE POWERFUL IN AMERICAN POLITICS, THAN THE VOTER'S RIGHTS TO ACCEPT OR REJECT THE OPINIONS AND ACTIONS OF THOSE WHO WOULD ABUSE THEIR PUBLIC OFFICE, AND WITH THEM RESTS THE ABILITY TO *IMPEACH AND CAST HIM BACK FROM WHENCE HE CAME".*

ANOTHER NOTE TO THE JUDGE OF THIS COURT:

Shortly after Horace Lamar Watkins was sentenced, Plaintiff began a search in the Cameron County Law Library and in the Clerk's files, attempting to locate anything that could prove Constitutional Rights were violated by police, lawyers, prosecutors and judges, from day one. Neither of the three police reports were in the clerk's files, nor was the County Library of any help. The federal law library then became the point of discovery for the Laws that would force the issue, if only the police reports were available. Almost five years later, on 5 September, 1995, Mrs. Watkins' birthday, a collect call was received from Brownsville during a dinner party, and the female voice apologized that she was calling from a pay phone, had no change, but had information that would aid in getting to the bottom of everything "the dirty scoundrels did, who railroaded you" A federal investigation was underway in Luis Saenz office, she said, "and some very important papers that have been missing in your files, have now been secretly re-inserted, as a result of this investigation", or facsimile. She then stated that the documents would be available the following morning, and they were. Sergeant Trevino's report was a welcome sight, as was Parker's and Morales' report. In the interim, this Plaintiff played by the rules on behalf of Reverend Doctor Horace Lamar Watkins, by reporting to young and cocky probation clerks who seemingly despised all Anglo members of the human race , having to explain why it was impossible to pay the fine imposed on the Reverend, and also pay Mrs. Watkins' medical bills and for prescription drugs, plus food, utility bills, etc.

31. On 11 November, 1995, Civil Action B-95-183 was filed in the U.S. District Court, in Brownsville...which was a bad mistake. Jurisdiction of the case was entrusted into the hands of dishonest and corrupt, Defendant Magistrate Judge FIDENCIO G. GARZA, JR., who sat on the case fourteen months without benefit of a mandated speedy, inexpensive trial, per Federal Rules of Civil Procedure (FRCP), Rule 1, nor a mandated pre-trial conference for scheduling and management, pursuant to Rule 16, nor an additional mandated provision for depositions and discovery, pursuant to Rule 26[f]. For his intentional act of depriving this Plaintiff of 5th Amendment Rights to Due Process, by doing nothing, the following demands for retribution from this crooked person, who was acting totally outside his jurisdiction during the entire time, are as follows:
a. Compensatory damages of two hundred fifty thousand ($250,000.00) dollars, and;
b. Attorney's fees equal to 40% of the award demanded above.

32. In that Defendant U.S. Department of Justice and Attorney General Janet Reno were made aware of this dishonest and corrupt act by Garza, and did nothing to remove the scoundrel from the bench, both Reno and Justice acted negligently in their duty as the Chief Law Enforcement Officer in the United States, and as the Department of Justice, respectively. In that Garza was allowed to remain on the bench, he later continued to violate Plaintiff's Rights to Due Process, maliciously and in a contemptable manner. The Justice Department and Reno, who are charged with bringing crooked judges, et al, to trial, and if convicted, sentenced to prison, have been grossly negligent in their refusal to order an FBI investigation into dishonesty and corruption in the U.S. District Court, Brownsville Division, where Plaintiff's 5th Amendment Rights to Due Process are being violated as this Civil Action is being authored. Plaintiff Prays that this Honorable Texas District Court Judge will exorcize the power of the bench to get the Attorney

20

General's attention for her role in denying the Plaintiff his 5th Amendment Rights to Due Process of the Laws, by awarding the following damages, pursuant to Forsyth v. Mitchel::

a. Compensatory damages of two hundred fifty thousand ($250,000.00) dollars, and;

b. Attorney's fees equal to 40% of the above demanded award.

33. On or about 11 January, 1997, Garza, under duress, granted Plaintiff's Motion for Leave to Amend, with these instructions as a smokescreen, "MISTER WATKINS, I AM AWARE FROM SEEING YOUR PICTURE IN THE NEWSPAPER, THAT YOU WERE A CAREER MILITARY PILOT AND A VETERAN OF WORLD WAR TWO, SO YOU WILL KNOW WHAT I MEAN WHEN I TELL YOU TO FINE TUNE YOUR INSTRUMENT. YOU HAVE A GOOD CASE HERE, AND A MAN ABOUT YOUR AGE FILED A SUIT PLAINTIFF, PRO SE, THAT THIS COURT HEARD ONLY A COUPLE OF WEEKS AGO, AND HE PREVAILED" or facsimile. Plaintiff filed amended Civil Action B-95-183 on 14 February, 1997, following Garza's instructions to the letter. However, several Brothers in the Lower Rio Grande Valley Mexican Compadre Protective Association, who'd been mentioned in the Original Petition, were fine-tuned into the Amended Petition, and Garza has since, along with others mentioned below, violated Plaintiff's 5th Amendment Rights to Due Process and obstructed justice to protect his and Vela's Mexican compadres. In so doing, Garza acted with total disregard for his obligations to the bench of justice, placing himself and his acts of malicious intent to deny even a pretrial conference, totally outside his jurisdiction. He is, therefore, a prime candidate as a defendant in this Civil Action in State Court. Plaintiff demands the following damages from Garza:

a. Compensatory damages of two hundred fifty thousand ($250,000.00) dollars, and;

b. Attorney's fees equal to 40% of the award demanded above.

34. The above acts on the part of Defendant Fidencio G. Garza, was also brought to the attention of the U.S. Attorney General and the Department of Justice, who ignored the information and failed again to instigate an FBI investigation into dishonesty and corruption in the Brownsville Division, as requested by the Plaintiff. Their malicious and callous acts of doing nothing allowed Garza to further harm the Plaintiff, by denying his 5th Amendment Rights to Due Process. Plaintiff demands the following restitution from the U.S. Attorney General, Janet Reno.

a. Compensatory damages of two hundred fifty thousand ($250,000.00) dollars, and;

b. Attorney's fees equal to 40% of the award demanded above.

35. On 17 March, 1998, Plaintiff left the dishonest and corrupt Brownsville Division, and filed Civil Action V-98-0024 in the Victoria Division, charging Vela, Garza, et al, with falsifying court documents and obstruction of justice, which also never saw the inside of a courtroom. At some point in time, 1998, newly-appointed and newly-arrived U.S. District Judge HILDA G. TAGLE arrived on the Brownsville scene, and B-95-183 was assigned into her jurisdiction. Senior judge Filemon B.Vela, also ordered Tagle to consolidate V-98-0024 with B-95-183, bring them into the jurisdiction of the Brownsville Division, then dismiss both with a single stroke of her pen. The fallacy of such an order, centers on the fact that V-98-0024 was outside Vela's jurisdiction, and neither the Plaintiff nor a single defendant had filed a motion to consolidate. And third, such a consolidation violated both the Federal Rules of Civil Procedure, Rule 42[a], and Plaintiff's 5th Amendment Rights to Due Process of the Laws. For his illegal and malicious acts in this matter,

just plain old dishonesty and corruption that is wide spread in the District, from the so-called Chief Judge to the lying lawyers who serve as assistants to the U.S. Attorney, and;
b. Compensatory damages of two hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the award demanded above.

37. On 17 March, 1998, Plaintiff left the dishonest and corrupt Brownsville Division and filed Civil Action V-98-0024 in the Victoria Division, naming Garza, Vela, et al, with perjuring court documents and obstruction of justice. Reno and the Justice Department were also defendants. Presiding, was Houston U.S. District Judge John D. Rainey, and Assistant U.S. Attorney Keith Edward Wyatt, also from Houston, was the assigned defense counsel for the government. Wyatt had sixty days in which to respond - three times greater than non-fed employees, and spent virtually the entire time in an attempt to locate documents with which to defend, without any luck, at all. Thus, nearing the expiration date, he filed for an extention of time, which Defendant Rainey _**granted several days after the sixty day period expired**_. Plaintiff filed for default judgement against the defendants, also without any luck at all. However, before Wyatt could file his Original Response, along came Defendant Hilda G. Tagle into the Brownsville Division, ready, willing and able to fit right into the pattern of perjured court documents, abuse of office, and acting the part of defense counsel for the defendants Vela, Garza, et al. Vela assigned jurisdiction of CA B-95-183 into Ms. Tagle's court, with orders to consolidate the action with V-98-0024, in which he is a defendant, bring both lawsuits together into the Brownsville Division, then dismiss both cases with a single stroke of her pen. Thus, on 10 July, 1998, Defendant Tagle filed an ORDER with the Clerk, Michael Milby, to consolidate. However, this defendant lied through her teeth twice in the first sentence, when she states: "THE COURT, HAVING EXAMINED THE _**CONTENTIONS**_ OF THE PARTIES IN BOTH THE ABOVE ENTITLED AND NUMBERED CAUSES OF ACTION, FINDS THAT THESE CASES INVOLVE _**COMMON QUESTIONS OF LAW AND FACT**_: Her first lie concerns the fact that Wyatt had filed no such contentions on 10 July, and the second lie rests with the true fact that B-95-183 is a Title 42, USC, Section 1983 Civil Rights Action, and V-98-0024 charges perjury and obstruction of justice. That leaves one common denominator - the same Plaintiff, Pro Se. DefendantTagle acted recklessly, maliciously and stupidly, outside her jurisdiction to uphold, protect and defend the Constitution, and not only obstructed justice, she denied the Plaintiff his 5th and 14th Amendment Rights to Due Process of the Laws. Furthermore, Tagle obviously flunked penmanship in kindergarten, and squiggled an indestinguishable mark over the signature line, which in all respects leaves the civil action in a muted, but prosecutorial stance. Nonetheless, Plaintiff demands the following restitution from this vile and evil woman:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

38. Plaintiff naturally filed an objection to the illegal and immoral consolidation order, directing it to the attention of Vela. Rather than act honest, Vela ordered Defendant John W. Black to file a paper known in Brownsville as a magistrate judge's report and recommendation, which was done on 26 August, 1998. A short review, just made, shows that Black perjured the paper in roughly twenty places. Plaintiff will be pleased to present the document to the Court with this crooked

while acting clearly outside his judicial authority, Plaintiff demands the following restitution from Defendant Vela:

a. Injunctive relief in the form of signed and sealed Writs of Execution for all Defendants in default in Civil Action B-95-183, and signed and sealed Writs of Execution for all Defendants in default in Civil Action V-98-0024, and;

c. Compensatory damages of two hundred fifty thousand dollars, plus;

d. Attorney's fees equal to 40% of the money award demanded above.

35a Further as to Defendant Vela, who did on 19 November, 1999, act to deny Plaintiff's 5th Amendment Rights to Due Process, by maliciously reaching way outside his judicial duties to dismiss Civil Action V-99-14 to protect his compadre San BenitoMayor Richardo Merado from being denied an appointment to fill Vela's hopefully vacated bench in the very near future. The mayor and the city councilmen hired and pay their police chief, who has instructed his officers on the force that they need no warrants to break and enter a private residence, search and seize, nor warrants to arrest. In that Merado falls far short of qualifying for a federal judgeship, Vela could readily identify with his shortcomings, and felt comfortable that Merado fit right in with the power base in the Brownsville Division, status quo. To aid a compadre, Vela also feels comfortable in denying Plaintiff his Constitutional Rights to Due Process, and Plaintiff demands the following restitution from this depraved individual who abuses his office to aid friends.

a. Injunctive relief in the form of signed and sealed Writs of Execution for all defendants in default in Civil Action V-99-14, later illegally and corruptly re-designated as B-99-118, and;

b. Compensatory damages of two hundred fifty thousand dollars, plus;

c. Attorney's fees equal to 40% of the award demanded above.

36. Defendant Janet Reno has been kept abreast of Vela's abuse of office, yet has done nothing in the way of ordering an investigation into a matter of grave importance, if indeed the Depatment of Justice is more than simply a vehicle to kill innocent people at Ruby Ridge, burn innocent women and children to death in Waco, and charge into a private residence to kidnap an illegal alien from Cuba. By her refusal to act in this matter, however, Plaintiff Prays that this Honorable Court will utilize the vehicle of justice in Title 42 USC, Section 1986, and divert Reno's inatentiveness in the direction of the dishonest and currupt "senior judge" in the Brownsville Division, and the entire Southern District of Texas, by causing her to make restitution for her role as a co-conspirator in the obstruction of justice scheme to deny the Plaintiff his 5th and 14th Amendment Rights to Due Process of the Laws, as follows:

a. In that Reno took the oath of office to uphold, protect and defend the Constitution, which she has refused to do, she has continuously acted outside her official duties as a federal employee; she has made it clear to the entire world that she is inept, incompetent, ineffective, unsuited for the high office the president appointed her to, and equally as corrupt as the indivĩduals she is protecting in the Southern District of Texas. Therefore, as a prime mover in this scheme to obstruct justice, she has placed herself into a position where she can be held accountable in this Honorable Texas District Court as a defendant. Plaintiff Prays that this Court will order the Defendant, as a private citizen, to act responsible in this matter by instigating an FBI investigation of the Southern District of Texas, starting with the Courts, then in the U.S. Attorney's office in Houston, Brownsville, then Laredo. And, they may begin their investigation with the Plaintiff and his vast array of perjured court documents. They show abuse of office; obstruction of justice, **and**

Man on the witness stand. The Court will be shown, in detail, every perjured statement this dishonest defendant made in his conspiracy with Defendants Vela and Tagle, et al, to deny the Plaintiff's 5th and 14th Amendment Rights to Due Process of the Laws, maliciously and with the knowlege that he was clearly acting outside his jurisdiction to abuse the office he dishonestly occupies, hopefully temporarily. Plaintiff demands the following restitution from this deeply corrupted and depraved individual:

a. Compensatory damages of one hundred thousand dollars, and;

b. Punitive damages of one hundred fifty thousand dollars, plus;

c. Attorney's fees equal to 40% of the awards demanded above.

39. On 11 August, 1999, Plaintiff made a pleading to the newly-elected State District Judge in the 197th Judicial District, Migladia Lopez, Praying she would set aside the illegally acquired and criminally inflicted conviction of The Reverend Doctor Horace Lamar Watkins. Accompanying the pleaded, she was supplied with the laws that mandate such an act, along with Plaintiff's birth certificate that shows his real name, and the death certificate of Horace Lamar Watkins. To prove no crime had been committed, she was also afforded a copy of the Trevino report and an explanation with proof that Luis V. Saenz acted the part of an idiot and a crook that he was on 25 July, 1990, when he conned the Grand Jury into granting him an illegally acquired indictment against Reverend Watkins for making an illegal investment. Nonetheless, Defendant Lopez maliciously ignored the pleading, denying the Plaintiff his 5th Amendment Rights to Due Process, and the 14th Amendment Rights to regain his and his deceased father's good name, honor, integrity and impeccable reputations. She further acted clearly outside her oath of office to uphold, protect and defend the Constitution of the United States, and obstructed justice - an act that will show up if an FBI investigation into her activites is instigated as a result of this Civil Action. If convicted in federal court, it carries a sentence of three years and a heavy fine. Plaintiff demands the following restitution of this defendant:

a. Injuntive relief per the Supreme Court's ruling in Pulliam v Allen, Article c, Page 2, as follows: Judge Lopez will set aside the conviction of Reverend Horace Lamar Watkins, and in so doing, she will state that he was illegally convicted by a team of unscrupulous and criminally demented cops, lawyers and judges in Cameron County, Texas. Further, the Order will be on 197th Judicial District Stationary, and bear Judge Lopez' signature IN HER OWN NAME, legibly and legally executed. Further, for ignoring the Plaintiff and maliciously prolonging the agony of loss of good name, honor, integrity and impeccable reputation, Plaintiff demands the following financial restitution:

a. Compensatory damages of one hundred thousand dollars, and;

b. Punitive damages of one hundred fifty thousand dollars, plus;

c. Attorney's fees equal to 40% of the awards demanded above.

40. Plaintiff appealed Defendant Tagle's illegal and perjured order to consolidate, then dismiss, B-95-183 and V-98-0024, to the 5th Circuit Court of Appeals in New Orleans. Defendant Harold DeMoss was one in a three group panel of dishonest and corrupt individuals who acted in concert in a conspiracy to act clearly outside their oath of office to uphoild, protect and defend the Constitution, by perpetrating a fraud upon the Plaintiff to deny his petition for a Writ of Mandamus, pursuant to Federal Rules of Appellate Procedure, Rule 21. Specifically, Plaintiff asked the Court to command Filemon Vela, as the Senior District Judge, to afford Plaintff his

day in court. Rather than act on the Petition as an honest group of appellate judges, the three did not meet as a group, but did their malicious deeds via fax machines when acting clearly outside their jurisdiction to protect crooked judge Vela by denying the Writ of Mandamus *on page three* of a three page document, *bearing only initials on page two*, rendering the document null and void. Plaintiff filed a Motion for Rehearing. then another, and on 26 January, 1999, Defendant Dennis L. James issued a denial of the rehearing motion, PER CURIAM, then scribbled on the signature line, ashamed to affix a signature to admit his actions in denying the petitioner his 5th Amendment Rights to Due Process. In voting per curiam, DeMoss acted as a co-conspirator to obstruct justice, by denying Plaintiff's 5th Amendment Rights to Due Process or the Laws. Plaintiff demands the following restitution from this dishonest and corrupt individual.

a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

41. As a malicious co-conspirator with Defendant DeMoss, Defendant W. Eugene Davis also perpetrated a fraud upon the Plaintiff and obsructed justice, when he affixed his initials on an invalid and illegal paper that in not even minutely related to a legal court document. By Davis' malicious intent to deny the Plaintiff's petition for a Writ to command justice from Defendant Vela, Defendant Davis dishonored himself, the 5th Circuit Court of Appeals, and denied Plaintiff's 5th Amendment Rights to Due Process. Further, the conspiracy violated the 5th and 14th Amendment Rights to Due Porcess, via a Writ of Ceriorari from the Supreme Court, on the grounds that 5th Circuit had made no decision, one way or the other, on which to rule. Plaintiff demands the following restitution from Defendant W. Eugene Davis.

a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

42. The third vicious and malicious co-conspirator with Defendants DeMoss and Davis, is defendant James L. Dennis. Plaintiff alleges that James and the clerk of 5th Circuit are the instigators in the conspiracy to deny the Writ of Mandamus, in order to protect their crooked brother, Filemon Vela. Defendant Dennis acted outside his jurisdiction to deny the Plaintiff his 5th Amendment Rights to Due Process of the laws, yet obviously was unaware that Plaintiff would file suit against such a crooked individual as he. Dennis also violated Plaintiff's 14th Amendment Rights to regain his good name, honor and integrity, and impeccable reputation. Plaintiff demands the following restitution from this evil individual:

a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

43. Determined to find an honest U.S. District Judge, Plaintiff mistakenly filed Civil Action L-99-99 in the equally dishonest and corrupt Laredo Division on or about 15 November, 1999, naming Vela, Garza Tagle, et al, as defendants. They were charged with falsifying court documents and obstruction of justice. Although the clerk has never supplied the Plaintiff with

a stamp -filed copy of the Original Petition, a "Memorandum" was enclosed from defendant Marcel C. Notzon, announcing a mandate-scheduled Conference and Disclosure of Interested Parties, for 19 January, 2000...and this date in most significant. Also, the Clerk of the District Court sent out a "NOTICE OF THE RIGHT TO TRY A CIVIL CASE BEFORE A MAGISTRATE JUDGE". See appendix #5, which reads as follows. WITH THE CONSENT OF ALL PARTIES, A UNITED STATES MAGISTRATE JUDGE MAY PRESIDE IN A CIVIL CASE, INCLUDING JURY TRIAL AND FINAL JUDGEMENT. THE CHOICE OF TRIAL BY A MAGISTRATE JUDGE IS ENTIRELY YOURS. TELL ONLY THE CLERK. NEITHER THE JUDGE OR MAGISTRATE JUDGE WILL BE TOLD UNTIL ALL PARTIES AGREE. THE DISTRICT JUDGE TO WHOM YOUR CASE IS ASSIGNED MUST APPROVE THE REFERRAL TO A MAGISTRATE JUDGE. YOU MAY GET CONSENT FORMS FROM THE CLERK. In that not all parties agreed, specifically the Plaintiff, any and all action on the part of this Defendant were taken in clear absence of all jurisdiction.

43[a]. In her memorandum of 27 October, 1999, Magistrate Notzon threatens sanctions for failure to follow the requirements of Federal Rules of Civil Procedure, Rule 26, by stating; 'FAILURE BY COUNSEL TO FOLLOW ANY OF THE PROVISIONS OF RULE 26 *WILL RESULT IN SANCTIONS* BEING ASSESSED AGAINST COUNSEL PERSONALLY. This is brought to the attention of the Court for two reasons: to establish that Defendant Notzon was ILLEGALLY ACTING AS THE PRESIDING JUDGE, AND/OR UNDER FALSE PRETENSES, and the fact that she is inclined to perjure a document, when truthfulness would better serve her purpose. Not a single lawyer was sanctioned for their inept and incompetence, when none responded. Defendant federal employees have sixty days in which to respond in a Civil Action in federal court. However, when it appeared that sixty days was fast approaching and only a few, meaning less than half of the federal defendants had responded, and most of the non-feds were already in default, Notzon was either ordered to defend the defendants who'd not responded, or acted upon her own initiative. On 20 January, 2000, Plaintiff received two large envelopes in the mail, each postmarked 19 January, 2000. One was from Assistant U.S. Attorney Hector C. Rameriz, from the Laredo office, the other from Defendant Notzon. In Notzon's envelope was an ORDER, (marked appendix #6), that is either back-dated to 13 January, 2000, or she forget to mail it before the 19th of January, 2000, which is the controlling date in the Federal Rules of Civil Procedure, Rule 5[a]. It reads: SERVICE BY MAIL IN COMPLETE UPON MAILING. It is also perjured when she claims : MOST OF THE DEFENDANTS ARE NOT REQUIRED TO FILE AN ANSWER UNTIL 20 JANUARY, 2000. She then acts the part of Tagle, Vela, Black, and/or all three, when she dishonestly and corruptly orders the 19, January 2000, meeting VACATED, and utilizes the rationale: THE COURT CONCLUDES THAT THE FRAMEWORK OF RULE 26, IF APPLIED TO THIS CASE, WOULD NOT SERVE THE ENDS OF JUSTICE, as if vacating the meeting would be totally just for the Plaintiff. For maliciously lying to justify denying the Plaintiff's 5th Amendment Rights to Due Process, Plaintiff demands the following restitution of defendant Notzon:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;

c. Attorney's fees equal to 40% of the awards demanded above.

43[b] By maliciously acting outside her jurisdiction to obstruct justice and defend Defendant Migdalia Lopez, who was already in default for failure to appear and defend as prescribed in FRCP, Rule 4[a] and the summons, it'self, Notzon denied the Plaintiff his 14th Amendment Rights to regain his good name, honor, integrity and reputation. Plaintiff demands the following restitution of this defendant:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

43[c] By maliciously acting outside her jurisdiction to obstruct justice and defend Defendant Vela, who was already in default for failure to appear and defend, Defendant Notzon denied Plaintiff's 5th Amendment Rights to Due Process, for which he demands restitution, as follows:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dolars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

43[d] By maliciously acting outside her jurisdiction to obstruct justice and defend Defendant Garza, who was already in default for failure to appear and defend, Defendant Notzon denied Plaintiff's 5th Amendment Rights to Due Process, for which he demands restitution, as follows:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

43[e] By maliciously acting outside her jurisdiction to obstruct justice and defend Defendant John Black, who was already in default for failure to appear and defend, Defendant Notzon denied Plaintiff's 5th Amendment Rights to Due Process, for which he demands the following restitution;
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

43[f] By maliciously acting outside her jurisdiction to obstruct justice and defend Defendant Barbosa, who was already in default for failure to appear and defend, defendant Notzon denied Plaintiff's 5th Amendment Rights to Due Process, for which he demands the following restitution:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

43[g] By maliciously acting outside her jurisdiction to obstruct justice and defend Department of Justice, who was already in default for failure to respond and defend, Defendant

CutePDF - www.fenito.com

Notzon denied Plaintiff's 5th Amendment Rights to due process, for which he demands the following restitution:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;.
C. Attorney's fees equal to 40% of the awards demanded above.

43[h] By maliciously acting outside her jurisdiction to obstruct justice and defend Hilda Tagle, who was already in default for failure to respond and defend, Defendant Notzon denied the Plaintiff's 5th Amendment Rights to Due Course of the Laws, for which he demands the following restitution:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

43[i] By maliciously acting outside her jurisdiction to obstruct justice and defend U.S. Attorney General Janet Reno, who was already in default for failure to appear and defend, defendant Notzon denied Plaintiff's 5th Amendment Rights to Due Process of the Laws, for which he demands the following restitution:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

43[j] By maliciously acting outside her jurisdiction to obstruct justice and defend defendant Mosbacker, who was already in default for failure to appear and defend, defendant Notzon denied Plaintiff of his 5th Amendment Rights to Due Proccess, the Laws, for which he demands the following restitution:
a. Compensatroy damages of one hundred thouasnd dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.

44. Plaintiff naturally filed a Motion on 27 January, 2000, to Remove Notzon from the Civil Action, where she was serving illegally as presiding judge, anyway. U.S. District Judge, Defendant Keith P. Ellison, maliciously ignored the Motion. In so doing, he acted as a co-conspirator to defend the defendants, an act clearly outside his judicial authority to deny the Plaintiff his 5th Amendment Rights to Due Process of the Laws. Plaintiff demands the following damages:
a. Injunctive relief in the form of signed and sealed Writs of Execution for all defendants in default in Civil Action L-99-99, and;
b. Compensatory damages of one hundred thousand dollars, and;
c. Punitive damages of one hundred fifty thousand dollars, plus;
d. Attorney's fees equal to 40% of the awards demanded above.

45. Defendant George Kazen was advised of the illegalities, dishonesty and corruption in the Brownsville Division as early as 2 October, 1997. As the Chief U.S. District Judge for the Southern District of Texas, Kazen has the power to initiate disciplinary action against

dishonest and corrupt judges, and the power to initiate the removal of dishonest and corrupt magistrate judges from their bench. Yet, he has done nothing. Again on 19 January, 1998, Kazen was advised that Vela and Garza had denied or ignored Motions for Default Judgement against those defendants whose lawyers had placed them into default for failure to respond and defend pursuant to FRCP, Rule 4[a] and the summons, it'self. Kazen intentionally and maliciously ignored the information for the purpose of protecting the Brownsville Division judiciary, allowing them to continue their dishonest and corrupt actions to deny the Plaintiff his 5th Amendment Rights to Due Process. Persistently, on 14 March, 2000, Kazen was again asked to investigate his own court and to act judicial in dealing with Defendants Ellison and Notzon, to bring this rotten mess within his jurisdiction to an honorable termination. Acting clearly outside his judicial authority, he joined in the conspiracy to deny the Plaintiff his 5th Amendment Rights to Due Process of the Laws, by joining the co-conspirators in their quest to harm this Plaintiff, who invokes Title 42, USC Section 1985: CITIZEN'S RIGHTS TO BE FREE FROM CONSPIRACY. See also Shimman v Frank: UNDER PROPER CIRCUMSTANCES, INACTION CAN BE THE BASIS FOR LIABILITY UNDER TITLE 42, USC, SECTION 1986. Plaintiff demands the following restitution of this defendant:

a. Injunctive relief in the form of a written request for an FBI investigation into dishonesty and corruption in the Southern District of Texas judiciary, and the U.S. Attorney. The request should be clearly executed by Judge Kazen's own name on the signature line, addressed to: Federal Bureau of Investigation, U.S. Post Office and Courthouse Bldg., 615 East Houston St.. San Antonio, Texas 78205-9998. To assure that this information will be furnished to the FBI, Plaintiff will supply a stamp-filed copy of this Civil Action to their attention, shortly. Further, Plaintiff demands the following monetary restitution from Defendant Kazen:

b. Compensatory damages of one hundred thousand dollars, and;

c. Punitive damages of one hundred fifty thousand dollars, plus;

d. Attorney's fees equal to 40% of the awards demanded above.


46. On 15 March, 2000, Plaintiff filed Civil Action L-00-30 in the Laredo Division, charging the above defendants with falsifying court documents and obstruction of justice. A pre-trial conference was scheduled for 7 June, 2000, *by presiding judge/defendant Marcel C. Notzon*, which is a bit strange, even for the dishonest and corrupt Southern District of Texas. Notzon further corrupted herself, the Laredo Division and the Southern District of Texas, when on 1 June, 2000, she vacated all court settings in an ORDER to recuse herself from CA L-00-30. The recusal was long overdue. However, vacating the mandated conference violates Plaintiff's 5th Amendment Rights to Due Process of the Laws. In that she was acting illegally as the presiding judge, is ample proof that Notzon acted outside her jurisdiction, but her malicious intent in vacating the 7 June, 2000, conference, clearly violates Plaintiff's 14th Amendment Rights, as well. Plaintiff demands restitution, as follows:

46[a]. For denying Plaintiff his 5th Amendment Rights to Due Process against Defendant Kathy Johnson:

a. Compensatory damages of two hundred fifty thousand dollars, plus;

b. Attorney's fees equal to 40% of the award demanded above.

46[b]. For denying Plainitff his 5th Amendment Rights to Due Process against Defendant Marcel C. Notzon:

a. Compensatory damages of two hundred fifty thousand dollars, plus;

b. Attorney's fees equal to 40% of the award demanded above.

46[c]. For denying Plaintiff his 5th Amendment Rights to Due Process against Defendant Hector Ramirez:

a. Compensatory damages of two hundred fifty thousand dollars, plus;

b. Attorney's fees equal to 40% of the award demanded above

46[c]. For denying Plaintiff's 5th Amendment Rights to Due Process against Defendant Keith Ellison:

a. Compensatory damages of two hundred fifty thousand dollars, plus;

b. Attorney's fees equal to 40% of the award demanded above.

46[d]. For denying Pllaintiff's 5th Amendment Rights to Due Process against Defendant State Bar of Texas:

a. Compensatory damages of two hundred fifty thousand dollars, plus;

b. Attorney's fees equal to 40 % of the award demanded above.

46[e] For denying Plaintiff's 5th Amendment Rights to Due Process against Defendant State of Texas:

a. Compensatory damages of two hundred fifty thousand dollars, plus;

b. Attorney's fees equal to 40% of the award demanded above.

47. U.S. Distict Judge, Keith P. Ellison is responsible for the actions of his subordinate magistrate judge, Defendant Notzon. Ellison was acting intentionally and maliciously to harm the Plaintiff, clearly outside his jurisdiction, when Notzon was illegally assigned jurisdiction of L-00-30, in which she is a defendant. Ellison is also directly responsible that Plaintiff's 5th Amendment Rights to Due Process of the Laws have not been afforded in Civil Action L-00-30, for which the Plaintiff demands the following damages of Defendent Keith P. Ellison:

a. Injunctive relief in the form of signed and sealed Writs of Execution for each and every defendant in default in Civial Action L-00-30, for failure to respond and defend pursuant to FRCP, Rule 4[a], and the Summons, it'self, and;

b. Compensatory damages of one hundred thousand dollars, and;

c. Punitive damages of one hundred fifty theousand dollars, plus;

d. Attorney's fees equal to 40% of the awards demanded above.

48. Defendant State Bar of Texas intentionally licensed the dishonest and corrupt defendants named above - Ellison, Notzon and Kazen - without first properly qualifying them as attorneys, then failed to scrutinize them, afterward, resulting in their malicious appointment to the federal bench by whatever depraved individual appointed them. For allowing these three individuals to practice in the State of Texas, the Bar also made it possible that they disallowed an honest and law-abiding citizen of Texas his 5th Amendment Rights to Due Process of the Laws, for which Plainfiff demands the following restitution;

a. Compensatory damages of two hundred fifty thousand dollars, plus;

b. Attorney's fees equal to 40% of the award demanded above.

49. Defendants State Bar of Texas, State of Texas, and Migdalia Lopez, failed to respond within the twenty day mandated period, pursuant to FRCP, Rules 4[a], and the summons, it'self, thus placing themselves into default. Plaintiff timely filed a motion, then a second

CMxPDF - www.fenrir.com

motion, for default judgement, which was ignored by Defendants Notzon and Ellison, as well
as the Clerk, whose mandated duty it is to enter default, but not deny, pursuant to FRCP, Rule
55[a][b][1], (enclosed as appendix #7). This law clearly defines its mandated Rules for the
Clerk: WHO *SHALL* ENTER THE PARTY'S DEFAULT.  In that the deputy clerk for the
Laredo Division is under the direction of the U.S. District Judge, Laredo Division, Defendant
Keith P. Ellison is guilty of maliciously conspiring with the presiding judge, Notzon, and the
Deputy Clerk, Kathy Johnson, to prevent the Plaintiff from being afforded his 5th Amendment
Rights to Due Process of the Laws, and 14th Amendment Rights to regain his good name,
honor, integrity and impeccable reputation. In that Ellison took the oath of office to Uphold,
Protect and Defend the Constitution, yet prevented his clerk from acting upon Rule
55[a][b][1], Ellison acted clearly outside his jurisdiction, and Plaintiff demands the following
restitution from this inept, incompetent federal employee/Defendant;
a. For violating Plaintiff's 5th Amendment Rights, compensatory damages of two hundred
fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.
c. For violating Plaintiff's 14th Amendment Rights, compensatory damages of two
 hundred fifty thousand dollars, plus;
d. Attorney's fees equal to the award demanded in sub-paragraph c.

50.  Further as to Defendant Ellison, who did intentionally, knowingly and maliciously,
prevent Deputy Clerk Kathy Johnson from affixing her signature and the seal of the court to
Plaintiff's Writs of Execution against defendants in default, pursuant to FRCP, Rule 69, and
who, in so doing, denied Plaintiff's 5th Amendment Rights to Due Process of the Laws. And,
the Federal Rules of Civil Procedure, are laws. By violating the laws, Defendant Ellison
clearly acted outside his jurisdiction, for which the Plaintiff demands the following restitution:
1. Injunctive relief in the form of signed and sealed Writs of Execution against each and every
defendant who is in default in Civil Action L-00-30, for failure to respond and defend within
their alloted 60 day period, and;
2.  Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
3. Attorney's fees equal to 40% of the awards demanded above.

51. Assistant U.S. Attorney Nancy Cross Graham, acting as defense counsel for the federal
defendants in L-00-0030, has never filed her Original Response to defend pursuant to FRCP,
Rule 4[a] and the summons, it'self. Rather, on 12 May, 2000, 61 days after L-00-0030 was
filed, Ms Graham filed a Motion for an enlargement of time beyond her sixty day period,
claiming the defendants had given her nothing, and/or insufficient information,to serve a
response to the Plaintiff's Petition. She petitioned the court for an additional 60 days, until 14
July, 2000, in which to respond. Plaintiff filed his Vehement Objections to an Extenion of
time on 22 May, 2000, which was never answered, nor was her motion ever ruled on.
Therefore, each and every defendant in Civil Action L-00-30, are in default. The reason, of
course, is due to Defendant Notzon's Order of 1 June, 2000, mentioned above. No paperwork
has been supplied to the Plaintiff in regard to who would replace her. However, on 5 June,
2000, Plaintiff received another such order from Defendant Ellison, who has recused himself,

as well. Not surprisingly, Plaintiff has been furnished with no paperwork that Ellison was assigned jurisdiction of L-00-30. Nonetheless, the case has been maliciously placed into a dormant state by at least three conspirators; Kazen, Notzon and Ellison. In that Defendant Ellison is the U.S. District Judge of the Laredo Division, his latest dishonest and malicious act to deny the Plaintiff his Constitutional Rights to a fair trail, or any trial at all, under the Due Process Clause, violates his oath of office and places his illegal activities outside his jurisdiction. Plaintiff demands the following restitution from Defendant Ellison:
a. Compensatory damages of two hundred fifty thousand dollars, plus;
d. Attorney's fees equal to 40% of the award demanded above.

52. On 22 May, 2000, Plaintiff filed a Motion of objection to lawyer Nancy Graham's Motion for an extention of time, in which she perjured her document. In the objection, Plaintiff plead with the Court to deny Graham's Motion for an extention of time, and allow the pre-trial and scheduling conference to proceed, as schedlued. The Court ignored the Motion, thus violating FRCP, Rule 1[a]; which mandates a just, speedy and inexpensive determination of *EVERY ACTION. By violating the Federal Rules of Civil Procedure, Defendants Kazen, Ellison and Notzon have antagonisticaally and maliciously placed themselves above the laws, clearly outside their jurisdiction.* For acting in a malicious manner to deny the Plaintiff his Rights to Rule 1, unconditionally, also violates his 5th and 14th Amendment Rights to Due Process of the Laws. Plaintiff demands the following restitution from these three defendants
1. From Defendant Notzon, who illegally acted as the Presiding Judge in Civil Action L-00-30, and intentionally, illegally, maliciously and dishonestly caused delays that violate Rule 1:
a. Compensatory damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.
2. From Defendant Ellison, who allowed Notzon to act illegally as the Presiding Judge:
a. Compensatory damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to the award demanded above.
3. From Defendant Kazen, who was aware of the illegalities performed by his subordinate Judges, yet did nothing to prevent it nor make voluntary restitution after the fact:
a. Compensatory damages of two hundred fifty thousand dollars, plus;
b. Attorney's fees equal to 40% of the award demanded above.

53. On 5 May, 2000, Plaintiff persistenty searched for an honest judge in the Southern District of Texas, and filed to appear in forma pauperus, directing Civil Action H-00-133 to the senior district judge of the Houston Division. The defendants are: Vela, Tagle, Rainey, Notzon and Kazen. Plaintiff specified to the Court his demands for an honest hearing before an honest judge, and Prayed that if none were available in the Houston Division, that the case should be reassigned into a venue where one would hear the case pursuant to the Federal Rules of Civil Procedure. Rather, one Ms. Lynn N. Hughes took it upon herself to deny the Plaintiff's 5th and 14th Amendment Rights to Due Process, by authoring an OPINION ON DISMISSAL, on 12 May, 2000. (See #9). Ms. Hughes lied through her teeth when she stated, evidently to herself: WATKINS DID NOT APPEAL THE RULINGS AGAINST HIM IN THE THREE CLOSED CASES, meaning B-95-183, V-98-0024, and V-99-14. Ms. Hughes then rants and

32

raves against the Plaintiff for seeking justice through the federal court system, and states, bluntly: HE MAY NOT. She then lied through her teeth again on page two of a two page document, when she states: "IN SEPTEMBER OF 1998, WHEN JUDGE TAGLE DISMISSED CIVIL ACTION B-95-183, WITH PREJUDICE , SHE THREATENED SANCTIONS IF *HE* FILED MORE SUITS ON THE TRANSACTION. The true fact is: DEFENDANT TAGLE THREATENED SANCTIONS AGAINST HOMER LAMAR WATKINS (no relation), and Defendant Hughes is a liar. Defendant Hughes then sent her perjured document to herself on the same day, 12 May, 2000, to justify her ORDER TO DISMISS WITH PREJUDICE.(See #10) She also denied the petition to proceed as a pauper. Plaintiff filed a Motion to Remand her falsified order on an unknown date, due to no return from the clerk, (See # 11) but received confirmation that it was indeed filed, when Ms. Hughes again acted outside her jurisdiction by admitting that she falsified her document of 12 May, 2000, when on 1 June, 2000, she issued another order that reads; THE PLAINTIFF'S MOTION TO REMAND FALSIFIED ORDER IS DENIED, AND HIS THIRD MOTION TO APPEAR AS A PAUPER IS DENIED (See # 12). It was her third denial of the motion to appear in forma pauperus, albeit that 5th Circuit granted him to so appear, as had the Supreme Court of the United States.

Pursuant to the RULES OF DISCIPLINE FOR UNITED STATES DISTRICT JUDGES, the following pertains to each and every dishonest and corrupt U.S. judge named in this petition: In Canon 2: A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL ACTIVITIES. A JUDGE SHOULD RESPECT AND COMPLY WITH THE LAW AND SHOULD ACT AT ALL TIMES IN A MANNER THAT PROMOTES PUBLIC CONFIDENCE IN THE INTEGRITY AND IMPARTIALITY OF THE JUDICIARY. A JUDGE SHOULD NOT LEND THE PRESTIGE OF JUDICIAL OFFICE TO ADVANCE THE PRIVATE INTERESTS OF OTHERS, such as lying like a stray dog to protect another crooked brother/sister judge. Plaintiff demands the following restitution from Defendant Lynn N. Hughes:

1. For acting maliciously toward this defendant to deny his 5th Amendment Rights to Due Process, by lying to justify her actions, thus placing herself clearly outside her jurisdiction:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.
2. For malicioulsy dismissing H-00-133 in violation of FRCP, Rule 12, without prior notice:
a. Compensatory damages of one hundred thousand dollars, and;
b. Punitive damages of one hundred fifty thousand dollars, plus;
c. Attorney's fees equal to 40% of the awards demanded above.
3. For perjuring her court document in regards to Defendants Tagle's threats of sanctions against "he" for filing another complaint:
a. Compensatory damages of two hundred fifty thousand dollars, plu;
b. Attorney's fees equal to 40% of the award demanded above.'

In closing, Your Honor, Plaintiff asks nothing more nor less of this Honorable Texas District Court, than is mandated in the Constitution, its Amendments, the Federal Rules of Civil Procedure, plus any and all Rules of Texas Law as pertains to the infractions named herein by the depraved and degenerate and unscrupulous defendants who have acted as

individuals, and/or in concert in a conspiracy to maliciously deny the Plaintiff's Constitutional Rights to Due Process of the laws. This Court has a monumental opportunity to divest and dismantle a vast chain of judicial corruption and organized judicial crime of discrimination against a minority race in the Southern District Of Texas. To shirk those duties would place the District Court of Texas in the same mold of discrimination against another minority race in the United States - a race of people in which Plaintiff has been enjoined by marriage, and enjoys the love, affection, loyalty and devotion to the sanctity of the institution of fatherhood and the advantages of love and devotion from deserving grand children, who've been raised to respect God and His son Jesus, and are thus far unaware of race barriers due to their rearing. However, as residents of the Rio Grande Valley, and specifically, in San Benito, these children and grand children deserve and are entitled to, equal protection of the United States Constitution and the laws of the state of Texas, starting now - in this Honorable Court - with this Honorable Judge. To have their grandfather, known as Papa-John, denied justice in the Consitutional matters being placed before this Court, also denies their chances of living in a safe society where the Constitution has been trampled into the mud by dishonest and corrupt individuals who can and will continue to do so as they grow into adulthood. The time and opportunity to halt this scurge upon society in the area, rests with this Texas Court. Plaintiff Prays that God and your conscience, Your Honor, will act as both co-pilot and navigator, while the administrative, managerial and supervisory aspects of the laws involved in this Civil Action are being upheld honorably during the proceedings leading to, and during, the trail.

Further, Plaintiff Prays that this Honorable Court will take into consideration the fact that Plaintiff is a seventy five year old disabled veteran who has been forced to live in poverty for a period of ten years, due to the dishonorable acts of the dishonorable defendants named in this Civil Action. Plaintiff has been on the operating room table with Cardiologist Charles Mild, of Harlingen, on five or six occasions since 1997, owns eight (8) Purple Hearts for wounds received in aerial combat, and time is of the essence in obtaining an honorable termination of ten years of dishonor, disgust for the penal system, the legal profession, and the inherrently dishonest Rio Grande Valley Federal Judicial system. To that end, this Plaintiff and the records of events named in this Civil Action are available to this Court twenty four hours a day, seven days a week. It is imperative that this matter is brought to an honorable termination in this lifetime.

Most respectfully presented by;

H.L. WATKINS, JR.,
Plaintiff, pro se.
El Camino Real - Box #59
San Benito, Tx. 78586
Tel/fax (956) 399-2312

Enclosures attached.

*APPENDIX #1*

## ARTICLE 59.03 STATEMENT ON SEIZED PROPERTY

FILED 11:45 TE 90-043CX A
AURORA DE LA GARZA DIST. CLERK

JUN 2 3 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
~~Dorotha Ohuman~~

THE STATE OF TEXAS     §

COUNTY OF CAMERON     §

    BEFORE ME, the undersigned, on this day personally appeared _____

__Sgt Crispin C. Trevino_____, known to me to be the person whose name is

subscribed below, who after being duly sworn, deposes and says:

    "My name is __Crispin C. Trevino_____, I am a peace officer

employed with the __Harlingen Police Department assigned to__. I hereby acknowledge
__Cameron County Drug Enforcement Task Force__
that I have seized the property described in the schedule below and I am in

custody of said property. This property was seized by my department on

__June 4, 1990_____.

### SEIZED PROPERTY SUBJECT TO FORFEITURE

PROPERTY/ITEM                               IDENTIFICATION #

    American Currency in the amount of $25,600.00   (Twenty-five thousand and Six
                                                   hundred dollars)

The property described above was seized because (describe why property was
seized): When Horace Lamar Watkins A/M 65 years old and Whitfield M. Palmer III
       were arrested in possession of a quantity of marihuana in Harlingen, Texas
       They had negotiated with others to purchase as much as 200 lbs of marihuana
       The money was found in their vehicle.   $2,200 were found in a pouch in the
       vehicle. $1000.00 were found on the person of Whitfield Palmer and the
       rest of the money $22,400 were found as they attempted to pay with it to
       another individual.   Approximately 55 pounds of marihuana were seized.

                          _Sgt Joseph Trevino_
                          Sgt. Crispin C. Trevino
                          AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME by the said __Sgt. Crispin Trevino__
_____, on this __4th__ day of __June_____, 1990, to
certify which witness my hand and seal of office.

                          _Robert W. Repp_
                          Notary Public in and for State of Texas
                          Printed Name: __Robert W. Repp__
                          My Commission Expires: __09/10/93__

# #2

## KANSAS STATE BOARD OF DEATH
### Division of Vital Statistics
### CERTIFICATE OF DEATH

Registrar's No. 631-1    OCT 6 1964

H 014068

| | | |
|---|---|---|
| **1. PLACE OF DEATH** | **3.** Usual Residence (Where deceased lived. If institution, residence before admission) | |
| a. County **Kingman** c482 | a. State **New Mexico** | c. County **Lea** 9329 |
| b. City, Town, or Location **Kingman** c. Length of Stay in 1b **13 days** | b. City, Town, or Location **Lovington** | |
| d. Name of Hospital (If not in hospital, give street address) or Institution **Donley Hosp & Clinic** 2 | d. Street Address | |
| e. Is Place of Death Inside City Limits? Yes ☒ No ☐ | e. Is Residence Inside City Limits? Yes ☒ No ☐ | f. Is Residence on a Farm? Yes ☐ No ☒ |

| | |
|---|---|
| **2. NAME OF DECEASED** (Type or Print) First **HORACE** Middle **LAMAR** Last **WATKINS** | **4. DATE OF DEATH** Month Day Year **Sept 20, 1964** |
| 5. **male** 6. Color or Race **white** 7. Married ☒ Never Married ☐ Widowed ☐ Divorced ☐ | 8. Date of Birth **19Mar1890** 9. Age (in years last birthday) **74** If Under 1 Year If Under 24 Hrs. Months Days Hours Min. |
| 10a. Usual Occupation (Give kind of work done during most of working life, even if retired) **Minister** 10b. Kind of Business or Industry **Clergy** | 11. Birthplace (State or foreign country) **SanAngelo, Tex.** 12. Citizen of What Country **USA** |
| 13. FATHER'S NAME **Wm. David Watkins** | 14. MOTHER'S MAIDEN NAME **Jane Brown** |
| 15. Was Deceased Ever in U. S. Armed Forces? **no** 16. Social Security No. **52-28-2787** Informant **Alvin Watkins** Address **Murdock, Kansas** | |

### MEDICAL CERTIFICATION

| | |
|---|---|
| **18. CAUSE OF DEATH** (Enter only one cause per line for (a), (b), and (c).) | |
| Part I. Death was caused by: Immediate cause (a) **Medullary paralysis** | Interval between Onset and Death |
| Conditions, if any, which gave rise to above cause (b), stating the underlying cause last. Due to (b) **Metastatic Carcinoma** | |
| Due to (c) **Prostatic Carcinoma.** | |
| Part II. Other significant conditions contributing to death but not related to the terminal disease condition given in part (a). **177X** | 19. Was Autopsy Performed? Yes ☐ No ☒ |

| | | |
|---|---|---|
| 20a. ACCIDENT ☐ SUICIDE ☐ HOMICIDE ☐ | 20b. Describe How Injury Occurred. (Enter nature of injury in Part I or Part II of Item 18) | |
| 20c. Time (Month) (Day) (Year) (Hour) of Injury | 20d. Injury Occurred While at Work ☐ Not While at Work ☐ | 20e. Place of Injury (e. g. in or about home, farm, factory, street, office bldg., etc.) | 20f. City, Town, or Location County State |

| |
|---|
| 21. I hereby certify that I attended the deceased from **9-20-64** to **9-7-64**, that I last saw the deceased alive on **9-20-64**, and that death occurred at **P** on the date stated above. |
| 22a. [signature] **Bolen W Donley D.S.** 22b. Address **837N Cedar Kingman** 22c. Date Signed **9-24-64** |
| 23a. Burial **9/26/64** 23b. St. Louis Cemetery **Waterloo, Kansas** | 24. **939** 8 |
| 25a. [signature] **Cox & Muzzy** Funeral Home **Livingston's Kingman Kansas** | |

STATE OF NEW MEXICO, BUREAU OF PUBLIC HEALTH

County of _____
School District No. ___
Village or Town of _____
City of _____

**CERTIFICATE OF BIRTH**

#3

Registered No. 22

FULL NAME OF CHILD _____ H L Watkins Jr

(IF CHILD IS NOT NAMED AT BIRTH, SEE INSTRUCTION ON REVERSE)

Sex of child: Male   Number in order of birth: Date of Birth May 21

FATHER — FULL NAME: Horace L Watkins — RESIDENCE: Lovington New
MOTHER — FULL MAIDEN NAME: Mabel Moore — RESIDENCE: Lovington New

P. O. ADDRESS — P. O. ADDRESS

COLOR: White   AGE AT LAST BIRTHDAY: 35
COLOR: White   AGE AT LAST BIRTHDAY: 32

BIRTHPLACE: Green Co. Texas
BIRTHPLACE: Decatur Ill

OCCUPATION: Stock raising

Number of children born to this mother, including present birth: 5
Number of children of this mother now living: 5

**CERTIFICATE OF ATTENDING PHYSICIAN OR MIDWIFE**

I hereby certify that I attended the birth of this child, who was born alive ___ on the date above mentioned.

(Signature) Horace L Watkins
Parent

Address Lovington Texas



State of New Mexico) ss
County of Santa Fe )

I hereby certify the within and foregoing to be a true and correct copy of an original certificate filed with the State Department of Public Health of the State of New Mexico. Witness my hand and the seal of said Department this 5th day of November, 1948.

By: _____
Acting State Registrar & Statistician

_____
State Registrar, Santa Fe, New Mexico



---



**TEXAS**
DEPARTMENT OF PUBLIC SAFETY
DRIVER LICENSE

CLASS: C   DL: 12939456
DOB: 05-21-25   HT: 5-09
EXPIRES: 05-21-01   EYES: HZL
DONOR: NO   SEX: M
REST: A   END:

WATKINS, H L JR
EL CAMINO REAL BOX 59
SAN BENITO TX 78586

97035148624

**SOCIAL SECURITY**

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

THIS NUMBER HAS BEEN ESTABLISHED FOR

H L WATKINS JR

SIGNATURE

HIB! 4

sumed to be the required one,[24] but because it was so widely ac cepted only recently has the Court had the opportunity to pro nounce it guaranteed by due process.[25] The presumption of inno cence is valuable in assuring defendants a fair trial,[1] and it oper ates to ensure that the jury considers the case solely on the evi dence.[2]

The Court has long held it would set aside under the due proc ess clause convictions that are supported by no evidence at all,[3] bu *Winship* necessitated a reconsideration whether it should in re viewing state cases weigh the sufficiency of the evidence. Thus, i *Jackson* v. *Virginia*,[4] it held that federal courts, on direct appeal o federal convictions or collateral review of state convictions, mu satisfy themselves whether the record evidence could reasonab support a finding of guilt beyond a reasonable doubt. The questic the reviewing court is to ask itself is not whether *it* believes th evidence at the trial established guilt beyond a reasonable doub but whether, after viewing the evidence in the light most favorab to the prosecution, *any* rational trier of fact could have found th essential elements of the crime beyond a reasonable doubt.[5]

---

[23] Id., 363 (quoting *Coffin* v. *United States*, 156 U.S. 432, 453 (1895)). Just Harlan's *Winship* concurrence, id., 368, proceeded on the basis that inasmuch there is likelihood of error in any system of reconstructing past events, the error convicting the innocent should be reduced to the greatest extent possible throu the use of the reasonable doubt standard.

[24] *Miles* v. *United States*, 103 U.S. 304, 312 (1881); *Davis* v. *United States*, U.S. 469, 488 (1895); *Holt* v *United States*, 218 U.S. 245, 253 (1910); *Speiser* v. *R dall*, 357 U.S. 513, 525-526 (1958)

[25] *In re Winship*, 397 U.S. 358 (1970), arose in the context of a juvenile de quency adjudication. Justice Black dissented, doubting that the Constitution posed any standard of proof. Id., 377. *Accord: Estelle* v *Williams*, 425 U.S. 501 (19 *Henderson* v. *Kibbe*, 431 U.S. 145, 153 (1977); *Ulster County Court* v. *Allen*, 442 l 140, 156 (1979); *Sandstorm* v. *Montana*, 442 U.S. 510, 520-524 (1979). On the inter lated concepts of the burden of the prosecution to prove guilt beyond a reasona doubt and defendant's entitlement to a presumption of innocence, *see Taylor* v. *F tucky*, 436 U.S. 478, 483-486 (1978), *and compare Kentucky* v. *Whorton*, 441 U.S. (1979).

[1] E.g., *Deutch* v. *United States*, 367 U.S. 456, 471 (1961).

[2] *Holt* v. *United States*, 218 U.S. 245 (1910); *Agnew* v. *United States*, 165 U.S (1897). These cases overturned *Coffin* v. *United States*, 156 U.S. 432, 460 (1895 which the Court held that the presumption of innocence was evidence from w

Case 1:00-cv-00112   Document 1   Filed in TXSD on 07/24/2000   Page 50 of 100

# UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

## Notice of the Right to Try
## a Civil Case before a Magistrate Judge

With the consent of all the parties, a United States Magistrate Judge may preside in a civil case, including jury trial and final judgment.

The choice of trial before a magistrate judge is entirely yours. Tell only the clerk. Neither the judge or magistrate judge will be told until all the parties agree.

The district judge to whom your case is assigned must approve the referral to a magistrate judge.

You may get consent forms from the clerk.


Michael N. Milby, *Clerk*

CUIPDF - www.fasba.com

#C

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# LAREDO DIVISION

United States District Cr···
Southern District of Te
ENTῘ°r°٦

**JAN 1 3 2000**

Michael N. Miley
Clerk of Court

| | | |
|---|---|---|
| H.L. WATKINS, JR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. L-99-99 |
| | § | |
| STATE DISTRICT JUDGE MIGDALIA | § | |
| LOPEZ, 197TH JUDICIAL DISTRICT, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## <u>O R D E R</u>

The Clerk, pursuant to Federal Rule of Civil Procedure 26, set an initial pre-trial conference in this case pursuant to Federal Rule of Civil Procedure 16 on October 27, 1999. That conference was set for January 19, 2000.

After a careful review of the file, and considering that most of the Defendants are not required to file an answer until January 20, 2000, the Court concludes that the framework of Rule 26, if applied to this case, would not serve the ends of justice. Accordingly, the order setting the initial pre-trial conference for January 19, 2000, is hereby VACATED. The Court will set a new date for the conference, at its own discretion, after all parties have answered.

Until further directed from the Court, the parties are not required to comply further with the requirements of Federal Rule of Civil Procedure 26. All discovery in this case is suspended until

*THERE WAS NO 2ND PA(*

# #6-A

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**LAREDO DIVISION**

United States District Court
Southern District of Texas

JUN - 2 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| H. L. WATKINS, JR. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. L-00-30 |
| | § | |
| DEPUTY CLERK KATHY JOHNSON, et al | § | |
| | § | |
| | § | |
| Defendants | § | |

## O R D E R

I hereby stand RECUSED in this case.  Court settings are vacated.

DONE at Laredo, Texas, this _____ 1ST _____ day of June, 2000.

_____
MARCEL C. NOTZON
UNITED STATES MAGISTRATE JUDGE

**#6-B**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### LAREDO DIVISION

United States District Court
Southern District of Texas

**JUN - 5 2000**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| H. L. WATKINS, JR., | § | CIVIL ACTION NO. L-00-30 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| DEPUTY CLERK KATHY JOHNSON, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Having been named as a defendant in this action, the undersigned hereby recuses.

IT IS SO ORDERED.

SIGNED this 5th day of June, 2000.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS NOTICE SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

12

EXHIBIT #7

## Rule 55. Default

**(a) Entry.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk <u>shall</u> enter the party's default.

**(b) Judgment.** Judgment by default may be entered as follows:

(1) **By the Clerk.** When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due <u>shall</u> enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) **By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein.

# #8

## Rule 68    RULES OF CIVIL PROCEDURE

ADVISORY COMMITTEE NOTES

### ADVISORY COMMITTEE NOTES
#### 1937 Adoption

See 2 Minn.Stat. (Mason. 1927) § 9323; 4 Mont.Rev.Codes Ann. (1935) § 9770; N.Y.C.P.A. (1937) § 177.

For the recovery of costs against the United States, see Rule 54(d).

#### 1946 Amendment

Note. The third sentence of Rule 68 has been altered to make clear that evidence of an unaccepted offer is admissible in a proceeding to determine the costs of the action but is not otherwise admissible.

The two sentences substituted for the deleted last sentence of the rule assure a party the right to make a second offer where the situation permits—as, for example, where a prior offer was not accepted but the plaintiff's judgment is nullified and a new trial ordered, whereupon the defendant desires to make a second offer. It is implicit, however, that as long as the case continues—whether there be a first, second or third trial—and the defendant makes no further offer, his first and only offer will operate to save him the costs from the time of that offer if the plaintiff ultimately obtains a judgment less than the sum offered. In the case of successive offers not accepted, the offeror is saved the costs incurred after the making of the offer which was equal to or greater than the judgment ultimately obtained. These provisions should serve to encourage settlements and avoid protracted litigation.

The phrase "before the trial begins", in the first sentence of the rule, has been construed in Cover v. Chicago Eye Shield Co., C.C.A.7th, 1943, 136 F.2d 374, certiorari denied 64 S.Ct. 53, 320 U.S. 749, 88 L.Ed. 445.

#### 1966 Amendment

This logical extension of the concept of offer of judgment is suggested by the common admiralty practice of determining liability before the amount of liability is determined.

#### 1987 Amendment

The amendments are technical. No substantive change is intended.

## Rule 69.  Execution

(a) In General.  Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

(b) Against Certain Public Officers.  When judgment has been entered against a collector or other officer of revenue under the circumstances stated in Title 28, U.S.C., § 2006, or against an officer of Congress in an action mentioned in the Act of March 3, 1875, ch. 130, § 8 (18 Stat. 401), U.S.C., Title 2, § 118, and when the court has given the certificate of probable cause for the officer's act as provided in those statutes, execution shall not issue against the officer or the officer's property but the final judgment shall be satisfied as provided in such statutes.
(As amended Dec. 29, 1948, eff. Oct. 20, 1949; Mar. 30, 1970, eff. July 1, 1970; Mar. 2, 1987, eff. Aug. 1, 1987.)

### ADVISORY COMMITTEE NOTES
#### 1937 Adoption

Note to Subdivision (a).  This follows in substance U.S.C., Title 28, [former] §§ 727 (Executions as provided by State laws) and [former 729] [now Title 42. § 1988] (Proceedings in vindication of civil rights), except that, as in the similar case of attachments (see note to Rule 64), the rule specifies the applicable state law to be that of the time when the remedy is sought, and thus renders unnecessary, as well as supersedeas, local district court rules.

Statutes of the United States on execution, when applicable, govern under this rule. Among these are:

U.S.C., Title 12:

§ 91 (Transfers by bank and other acts in contemplation of insolvency)

§ 632 (Jurisdiction of United States district courts in cases arising out of foreign banking jurisdiction when Federal reserve bank a party)

U.S.C., Title 19

§ 199 (Judgments for customs duties, how payable)

U.S.C., Title 26 [I.R.C.1939]:

§ 1610(a) [former] (Surrender of property subject to distraint)

U.S.C., Title 28 former:

§ 122 [now 1656] (Creation of new district or transfer of territory; lien)

§ 350 [now 2101] (Time for making application for appeal or certiorari; stay pending application for certiorari)

§ 489 [now 547] (District Attorneys; reports to Department of Justice)

§ 574 [now 1921] (Marshals, fees enumerated)

§ 786 [former] (Judgments for duties; collected in coin)

§ 811 [now 1961] (Interest on judgments)

§ 838 [former] (Executions; run in all districts of State)

§ 839 [now 2413] (Executions; run in every State and Territory)

§ 840 [former] (Executions; stay on conditions), as modified by Rule 62(b)

§ 841 [former] (Executions; stay of one term), as modified by Rule 62(f)

§ 842 [now 2006] (Executions; against officers of revenue in cases of probable cause), as incorporated in Subdivision (b) of this rule

§ 843 [now 2007] (Imprisonment for debt)

__D STATES DISTRIC, __: '__'
JTHERN DISTRICT OF TL__S
ENTERED
MAY 1 2 2000

UNITED STATES DISTRICT COURT                    SOUTHERN DISTRICT OF TEXAS

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| H. L. WATKINS, JR., | § | |
| | § | MISCELLANEOUS H-00-133 |
| versus | § | |
| | § | |
| FILEMAN B. VELA, et al. | § | |

## Opinion on Dismissal

H.L. Watkins, Jr., has filed a civil action against three United States District Judges and one magistrate judge. It will be dismissed with prejudice.

This suit is the sixth one Watkins has filed arising out of his problem with the Texas's criminal justice system after he was arrested in 1990. First, he sued the State of Texas and its various actors and agencies. The court dismissed that suit with prejudice. Next, he sued two federal judges and three federal agents based on the dismissal. Since then, he has filed three more suits, adding to his extensive list of defendants the federal judges who have been obliged to handle his cases. The cases preceding this one are:

| Style | Number | Judge | Filed |
|---|---|---|---|
| Watkins v. State of Texas | B-95-183 | Tagle | 11/14/95 |
| Watkins v. Barbosa | V-98-24 | Tagle | 03/17/98 |
| Watkins v. City of San Benito | V-99-14 | Rainey | 03/17/99 |
| Watkins v. Milby | L-99-99 | Ellison | 10/27/99 |
| Watkins v. Johnson | L-00-30 | Ellison | 03/15/00 |

Watkins did not appeal the rulings against him in the three closed suits; the two suits before Judge Ellison still pend.

This suit is wholly duplicative of the earlier suits, alleging the same vast state and federal conspiracy against him. Watkins seeks to attack collaterally the judgments in the earlier cases. He may not.

In September of 1998, when Judge Tagle dismissed civil action B-95-185 with prejudice, she threatened sanctions if he filed more suits on the transaction. Five suits have followed. The clerk will file a copy of this opinion and its consequent order in that case.

Signed May 11, 2000, at Houston, Texas.

Lynn N. Hughes
United States District Judge

2

 **# 10**

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

MAY 1 2 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| H. L. WATKINS, JR. | § | |
| | § | MISCELLANEOUS H-00-133 |
| *versus* | § | |
| | § | |
| FILEMAN B. VELA, *et al.* | § | |

## Order to Dismiss

The complaint filed by H. L. Watkins, Jr., is dismissed with prejudice. His application to proceed as a pauper is denied.

Signed May 11, 2000, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| H.L. WATKINS, JR. | [] | CIVIL ACTION NO  MC-00-113 |
| Plaintiff, Pro Se | ][ | Jury |
| v | [] | |
| GEORGE P. KAZEN. Et al., | ][ | |
| Defendants. | [] | |

## PLAINTIFF'S MOTION TO REMAND FALSIFIED ORDER:

TO THE HONORABLE SENIOR DISTRICT JUDGE OF THIS COURT:

Comes now the Plaintiff, Pro Se., H.L. Watkins, Jr., again Praying that His Honor act honorable, as was Prayed for to have an honest judge assigned jursicition of the case - and Remand District Judge Lynn N. Hughes' falsified Court order to Dismiss with Prejudice, and to deny this Plaintiff, Pro Se., to appear in forma pauperis.

In Ms. Hughes' Order, she states: "WATKINS DID NOT APPEAL THE RULINGS AGAINST HIM IN THE THREE CLOSED SUITS; THE TWO SUITS BEFORE JUDGE ELLISON STILL PEND", which is not true.

First, Judge Ellison has never been the presiding judge, on paper, in either Civil Action filed in the Laredo Division. Second had Ms. Hughes done her homework, which she may have done, and lied anyway to justify the Order to protect her crooked brother/sister judges - but had she been truthful, which is more appropriate - she would see by the record that Plaintiff appealed B-95-183, V-98- 24, and V-99-14., which, Your Honor, are three lies in one.  That's hard for a Lower Rio Grande Valley lawyer to do.

In addintion to this dishonest and corrupt act of lying, Her Honor also did not affix a signature in compliance with every known law to certify that what PRECEEDS, accords with his/her wishes and intentions - Webster's definition enclosed.

Furthermore, Ms. Hughes violated Plaintiff's 5th Ammendment Rights to Due Process, and violated Appellate rulings that are clearly prohibitive of dismissing without prior notice in accordance with Rule 12 of the Federal Rules of Civil Proceedure.  Additionally, Ms. Hughes took an oath when she was appointed by Nixon or Ford, whoever, to abide by Canons - 1, 2 and 3, and to quote # 2: A JUDGE SHOULD AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPREITY IN ALL ACTIVITIES.

Therefore, Your Honor, in that you always act within the bounds of the Constitution, the Federal Rules of Civil Procedure, the U.S. Judge's guidelines for avoiding impropriety, and the law of good, common horse sense, when acting within your jurisdiction as such, Plaintiff Prays that you will continue to so act, and Remand this piece of garbage back to Judge Hughes - order her to be honest in a revised Order to Dismiss and Deny the Plaintiff his Federally Protected Rights to appear in forma pauperis - AFFIX A LEGIBLE SIGNATURE, IN HER OWN NAME, to make it appealable, and Plaintiff will accept such a paper with a smile

A proposed Court Order is attached hereto

Most respectfully presented by

H.L. WATKINS, JR
Plaintiff, Pro Se.
El Camino Rewal - Box #59
San Benito, Tx. 78586
Tel/fax: (956) 399-2312

Attachments

# 12

## UNITED STATES DISTRICT COURT  SOUTHERN DISTRICT OF TEXAS

H. L. WATKINS, JR.,                    §
                                        §          MISCELLANEOUS H-00-133
versus                                  §
                                        §     UNITED STATES DISTRICT COURT
FILEMON B. VELA, et al.                 §        SOUTHERN DISTRICT OF TEXAS
                                                       ENTERED

### Order
                                                    JUN  2 2000

                                              Michael N. Milby, Clerk

1.     The plaintiff's motion to remand falsified order is denied (7).

2.     His third motion to appear as a pauper is denied (8).


Signed June ___/___, 2000, at Houston, Texas.


                                    _____
                                            Lynn N. Hughes
                                      United States District Judge

12-A

# UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

MAY 2 2 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| H. L. WATKINS, JR., | § | |
| | § | MISCELLANEOUS H-00-133 |
| *versus* | § | |
| | § | |
| FILEMON B. VELA, *et al.* | § | |

## Order

The plaintiff's second motion to appear as a pauper is denied (5).

Signed May ___19___, 2000, at Houston, Texas.

Lynn N. Hughes
United States District Judge

# #13

EXTRACTED FROM THE LAW LIBRARY,
F       L COURTHOUSE, BROWNSVILLE
   XAS. SOURCE: WEBSTER'S
UNABRIDGED DICTIONARY.

...m of the 1.to.ry \ *signatorius* of sealing, fr. *sign* ...elating to a seal : used in sealing :ignature : bound ... the terms of a signed agreement ...

²**signatory** \"\ *n* -ES : a signer with another; *specif* : a government bound with others to the terms of a signed convention

**sig·na·tur·al** \-nə,chùrəl\ *adj* : of or relating to a signature

¹**sig·na·ture** \'signə,chù(ə)r, -ùə, -nəchə(r), -nēchə(r) *also* -nə,tù(ə)r *or* -nə-,tyù- *or* -ùə\ *n* -s [MF or ML; MF, fr. ML *signatura*, fr. L *signatus* (past part. of *signare* to mark, seal) + -*ura* -ure — more at SIGN] **1** *Scots law* : a writing prepared to be signed or sealed as a warrant for a proposed royal grant or charter **2 a** : the name of a person written with his own hand to signify that the writing which precedes accords with his wishes or intentions **b** : the act of signing one's name ⟨letters waiting for his ~⟩ ⟨witnesses to the ~⟩ **3** : a feature in the appearance or qualities of a natural object (as a plant) formerly held to indicate its utility in medicine either because of a fancied resemblance to a body part (as a heart-shaped leaf indicating utility in heart disease) or because of a presumed relation to some phase of a disease (as the prickly nature of thistle indicating utility in case of a stitch in the side) **4 a** *obs* : STAMP, IMPRESSION **b** : a distinguishing or identifying mark, feature, or quality ⟨a clear little eye in her center, the ~ of a hurricane —*Time*⟩ ⟨the ~ of the Church is legible enough on the houses and streets of Oxford —P.E.More⟩ **5 a** : a letter or figure placed usu. at the bottom of the first page on each sheet of printed pages (as of a book) as a direction to the binder in arranging and gathering the sheets **b** : the sheet itself which when folded becomes one unit of the book — compare GATHERING, QUIRE **6 a** *obs* : natural markings forming an image or figure **b** *obs* : BIRTHMARK **7 a** : KEY SIGNATURE **b** : TIME SIGNATURE **8** : the part of a medical prescription which contains the directions to the patient — abbr. *s, Sig.* **9** : a tune, sound effect, or pictorial device used to identify a program, entertainer, or orchestra

²**signature** \"\ *vt* -ED/-ING/-S **1** *obs* : DESIGNATE **2** : to subscribe to or authenticate with one's signature

**signature by mark** : an indication usu. in the presence of witnesses by a distinctive sign or mark (as an X) of acquiescence in or assent to the content of a document by one unable to write

**sig·na·ture·less** \-ləs\ *adj* : lacking a signature : UNSIGNED

**signature loan** *n* : a loan granted without security

**signature tune** *n* : a melody, passage, or song chosen by an

CamPDF — www.fastio.com

ORIGINAL

.itation for Personal Service  - GENERAL          Lit. Seq. # 5.006.01

No. 2000-06-002635-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
ou or your attorney do not file a written answer with the clerk who issued this
itation by 10:00 a.m. on the Monday next following the expiration of twenty
ays after you were served this citation and petition, a default judgment may be
aken against you.

O: ELOY CANO
   P.O. BOX 1631
   C/O/ HARLINGEN POLICE DEPT.
   HARLINGEN, TEXAS 78750

he       DEFENDANT       , GREETING:

    You are commanded to appear by filing a written answer to the

'LAINTIFF'S ORIGINAL PETIITON

.t or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
lays after the date of service of this citation before the Honorable District
:ourt 357th Judicial District of Cameron County, Texas at the Courthouse of said
:ounty in Brownsville, Texas.  Said        PETIITON        was filed on
   JUNE 23, 2000  .  A copy of same accompanies this citation.

:he file number of said suit being No. 2000-06-002635-E.

:he style of the case is:

                    H.L. WATKINS, JR.
                         VS.
                    JAMES Y. SITGREAVES

3aid petition was filed in said court by           H.L. JR. WATKINS
(Attorney for           PLAINTIFF           ), whose address is
3L CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586                              .

    The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.

    Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 23rd day of    JUNE    , A.D. 2000.

R E ‾ U R N   O F   O F F I C E ‾

'Came to hand the _22_ day of _June_ , _2000_ , at _9:30_ o'clock _A_.M., and

executed (not executed) on the _30_ day of _June_ , _2000_ by delivering to

_Eloy Cana_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_ .

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy          _Omar Lucio_

Total....... $ _45_          Sheriff/constable _Cameron_ County, TEXAS

                             By _Celia Koerer_ _340_ Deputy

Fees paid by:_____

FILED _8:45_ O'CLOCK _A_ _M
AURORA DE LA GARZA DIST. CLERK

JUL 1 7 2000

DISTRICT _Dahlia Churrade_
                    DEPUTY

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.008.01

No. 2000-06-002635-E



T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: HIDALGO COUNTY
    100 N CLOSNER
    EDINBURG, TEXAS 78539

the     DEFENDANT    , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on    JUNE 23, 2000   .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

H.L. WATKINS, JR.
VS.
JAMES Y. SITGREAVES

Said petition was filed in said court by        H.L. JR. WATKINS
(Attorney for        PLAINTIFF        ), whose address is
EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586           .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of   JUNE  , A.D. 2000.

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|

ATTACH RETURN RECEIPTS WITH
    ADDRESSEE'S SIGNATURE

Rule 106 (a)(2):  The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER    TITLE

ADDRESS

CITY    STATE

---

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 23rd of

_____JUNE_____ _2000_,  I mailed to

_____HIDALGO COUNTY_____

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. ___Z207153545___
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

DISTRICT CLERK AURORA DE LA GARZA____, District Clerk
Cameron County, Texas

By: ____Darelle Ahumada____, Deputy

Case 1:00-cv-00112    Document 1    Filed in TXSD on 07/24/2000    Page 68 of 100

ORIGINAL

itation for Personal Service  - GENERAL _____    Lit. Seq. # 5.003.01

No. 2000-06-002635-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

1st Amd. 6/8/00 at 4:30pm in court.
returns on WED July 5

TO:  JOHN CARRINGTON          WE)
     1113 E HARRISON
     HARLINGEN, TEXAS 78520

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

t or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on JUNE 23, 2000 .  A copy of same accompanies this citation.

he file number of said suit being No. 2000-06-002635-E.

he style of the case is:

H.L. WATKINS, JR.
VS.
JAMES Y. SITGREAVES

aid petition was filed in said court by _____ H.L. JR. WATKINS
Attorney for _____ PLAINTIFF _____ ), whose address is
L CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586 .

The nature of the demand is fully shown by a true and correct copy of the etition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to equirements of law, and the mandates thereof, and make due return as the law irects.

Issued and given under my hand and seal of said Court at Brownsville, exas, this the 23rd day of _____ JUNE _____ , A.D. 2000 .

RE  UR N  O F  O F F I C  R

Came to hand the _27_ day of _June_, _2000_, at _9:30_ o'clock _A_.M., and

executed (not ~~executed~~) on the _30_ day of _June_, _2000_, by delivering to

_John Carrington_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Original Petition_ .

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $_45._

Fees paid by:_____

_Omar Lucio_

Sheriff/constable _Cameron_, County, TEXAS

By _John Kone_ Deputy

FILED
_2:45_ O'CLOCK _9_ M
AURORA DE LA GARZA DIST CLERK

DISTRICT COURT OF CAMERON COUNTY, TEXAS    DEPUTY

ORIGINAL

Citation for Personal Service  - GENERAL                 Lit. Seq. # 5.012.01

No. 2000-06-002635-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: HILDA G. TAGLE
    600 E. HARRISON ST
    BROWNSVILLE, TEXAS 78520

the        DEFENDANT        , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said        PETITION        was filed on JUNE 23, 2000  .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

H.L. WATKINS, JR.
VS.
JAMES Y. SITGREAVES

Said petition was filed in said court by        H.L. JR. WATKINS
(Attorney for        PLAINTIFF        ), whose address is EL CAMINO REAL BOX #59 SAN BENITO, TEXAS   78586                    .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of    JUNE   , A.D. 2000 .

R  T U R N   O F   O F F I C  R

Came to hand the _22_ day of _June, 2000_, at _9:30_ o'clock _A_.M., and

executed (~~not executed~~) on the _27th_ day of _June_, _2000_, by delivering to

_Judge Hilda Tagle_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy                    _Omar Lucio_

Total....... $_45_        Sheriff/~~constable~~ _Cameron_ County, TEXAS

Fees paid by:_____        By _Sgt Sophie Garza #112_ Deputy

FILED _9:40_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK

JUN 3 0 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

Case 1:00-cv-00112   Document 1   Filed in TXSD on 07/24/2000   Page 72 of 100



# ORIGINAL

Citation for Personal Service  - GENERAL                    Lit. Seq. # 5.011.01

## No. 2000-06-002635-E

# THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FIDENCIO GARZA, JR.
    613 LAWNDALE LN.
    BROWNSVILLE, TEXAS   78521


the       DEFENDANT       , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said       PETITION       was filed on  JUNE 23, 2000  .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

                    H.L. WATKINS, JR.
                         VS.
                    JAMES Y. SITGREAVES

Said petition was filed in said court by       H.L. JR. WATKINS
(Attorney for            PLAINTIFF            ), whose address is
EL CAMINO REAL BOX #59 SAN BENITO, TEXAS   78586                      .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of    JUNE   , A.D. 2000.

CloPDF - www.tevio.com

## R T U R N  O F  O F F I C  R

Came to hand the _21._ day of _June_, _2000_, at _9'30_ o'clock _A_.M., and

executed (~~not executed~~) on the _28_ day of _June_, _2000_, by delivering to

_Fidencio Garza Jr._ _____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_ _____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $ _45_ ____

Fees paid by: _____

Sheriff/constable CONRADO M. CANTU County, TEXAS
CONSTABLE PCT. 2
CAMERON COUNTY TEXAS

By _____ Deputy

_E. Alvarado_

FILED _9:40_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK

JUN 3 0 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

# ORIGINAL *pct)*

Citation for Personal Service  - GENERAL_____   Lit. Seq. # <u>5.010.01</u>

No. <u>2000-06-002635-E</u>

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>FILEMON B. VELA</u>_____
<u>600 E. HARRISON ST.</u>_____
<u>BROWNSVILLE, TEXAS 78520</u>_____

the    <u>DEFENDANT</u>  , GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFF' S ORIGINAL PETIITON</u>_____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>357th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____<u>PETIITON</u>_____ was filed on <u>JUNE 23, 2000</u>  .  A copy of same accompanies this citation.

The file number of said suit being No. <u>2000-06-002635-E</u>.

The style of the case is:

<u>H.L. WATKINS, JR.</u>_____
VS.
<u>JAMES Y. SITGREAVES</u>_____

Said petition was filed in said court by _____<u>H.L. JR. WATKINS</u>
(Attorney for _____<u>PLAINTIFF</u>_____ ), whose address is
<u>EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586</u>_____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>23rd</u> day of  <u>JUNE</u>  , A.D. <u>2000</u>.

RE  URN  OF  OFFICI

`Came to hand the _27_ day of _June_, _2000_, at _9:30_ o'clock _A_.M., and

executed (~~not executed~~) on the _27th_ day of _June_, _2000_, by delivering to

_Judge Filemon B. Vela_____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy              _Omar Lucio_____

Total....... $_15____             Sheriff/~~Constable~~ _Cameron_____ County, TEXAS

Fees paid by:_____   By _Sgt Sophie Cano #112_____ Deputy

FILED _9:45_ O'CLOCK ___ M
AURORA DE LA GARZA DIST CLERK

JUN 3 0 2000

DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

Citation for Personal Service  - GENERAL      Lit. Seq. # <u>5.013.01</u>

# ORIGINAL

No. <u>2000-06-002635-E</u>

T H E   S T A T E   O F   T E X A S

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>JOHN W. BLACK</u>
    <u>600 E. HARRISON ST.</u>
    <u>BROWNSVILLE,TEXAS 78520</u>

the      <u>DEFENDANT</u>     , GREETING:

    You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>357th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said <u>     PETITION     </u> was filed on <u> JUNE 23, 2000  </u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2000-06-002635-E</u>.

The style of the case is:

<u>H.L. WATKINS, JR.</u>
<u>VS.</u>
<u>JAMES Y. SITGREAVES</u>

Said petition was filed in said court by <u>     H.L. JR. WATKINS     </u>
(Attorney for <u>     PLAINTIFF     </u>), whose address is
<u>EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586</u>.

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>23rd</u> day of <u> JUNE  </u>, A.D. <u>2000</u>.

RE.URN  OF  OFFICE.

Came to hand the _22_ day of _June_ , _2000_, at _9:30_ o'clock _A_.M., and

executed (not executed) on the _27th_ day of _June_ , _2000_, by delivering to

_Judge John Black_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_ .

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $ _45._

Fees paid by:_____

Sheriff/constable _Cameron_ County, TEXAS

By _Sgt Sophie Garza #712_ Deputy

FILED _9:45_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK

JUN 30 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

*(103)*

ORIGINAL

Citation for Personal Service   - GENERAL          Lit. Seq. # 5.004.01

No. 2000-06-002635-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ALFREDO PADILLA
    1000 E VAN BUREN ST.
    BROWNSVILLE, TEXAS 78520

the         DEFENDANT         , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said         PETITION         was filed on   JUNE 23, 2000  .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

                    H.L. WATKINS, JR.
                          VS.
                   JAMES Y. SITGREAVES

Said petition was filed in said court by         H.L. JR. WATKINS
(Attorney for         PLAINTIFF         ), whose address is
EL CAMINO REAL BOX #59 SAN BENITO, TEXAS   78586                .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of   JUNE  , A.D. 2000.

R E T U R N   O F   O F F I C E R

·Came to hand the _27_ day of _June_, _2000_, at _9:30_ o'clock _A_.M., and

executed (~~not executed~~) on the _28_ day of _June_, _2000_, by delivering to

___Alfredo Padilla___ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $ _45._          Sheriff/constable CONRADO M. CANTU County, TEXAS
                             CONSTABLE PCT. 2
Fees paid by:_____        By _CAMERON COUNTY TEXAS_____ Deputy

FILED _9:90_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK

JUN 3 0 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
                                    DEPUTY

*ORIGINAL*

Citation for Personal Ser.ice  - GENERAL _____     Lit. Seq. # 5.005.01

No. 2000-06-002635-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: LUIS V. SAENZ
117 E PRICE RD.
BROWNSVILLE, TEXAS 78521

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said ____ PETITION ____ was filed on __ JUNE 23, 2000 __.  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

H.L. WATKINS, JR.
VS.
JAMES Y. SITGREAVES

Said petition was filed in said court by _____ H.L. JR. WATKINS ____ (Attorney for _____ PLAINTIFF _____), whose address is EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586 _____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of __ JUNE __, A.D. 2000.

R E T U R N   O F   O F F I C E R

Came to hand the _27_ day of __June__, _2000_, at _9:30_ o'clock _A_.M., and

executed (~~not executed~~) on the _28_ day of __JUNE__, _2000_, by delivering to

_Luis V. Saenz_ _____ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_ _____.

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy

Total....... $ _45_

Fees paid by:_____

CONRADO M. CANTU

Sheriff/constable CONSTABLE PCT. 2   County, TEXAS

CAMERON COUNTY TEXAS

By _____ Deputy

FILED _9:40_ O'CLOCK _A_ M

AURORA DE LA GARZA DIST. CLERK

JUN 3 0 2000

DISTRICT COURT OF CAMERON COUNTY TEXAS

DEPUTY

ORIGINAL *Part 3*

Citation for Personal Service   - GENERAL         Lit. Seq. # 5.002.01

No. 2000-06-002635-E

T H E   S T A T E   O F   T E X A S

        NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
you or your attorney do not file a written answer with the clerk who issued this
citation by 10:00 a.m. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be
taken against you.


TO: JAMES Y. SITGREAVES
    2009 C PADRE BLVD.
    SOUTH PADRE BLVD, TEXAS 78597


the        DEFENDANT        , GREETING:

        You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION


at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20
days after the date of service of this citation before the Honorable District
Court 357th Judicial District of Cameron County, Texas at the Courthouse of said
county in Brownsville, Texas.  Said         PETITION         was filed on
  JUNE 23, 2000  .  A copy of same accompanies this citation.

The file number of said suit being No.  2000-06-002635-E.

The style of the case is:


                    H.L. WATKINS, JR.
                          VS.
                    JAMES Y. SITGREAVES


Said petition was filed in said court by           H.L. JR. WATKINS
(Attorney for              PLAINTIFF               ), whose address is
EL CAMINO REAL BOX #59 SAN BENITO, TEXAS   78586                          .


        The nature of the demand is fully shown by a true and correct copy of the
Petition accompanying this citation and made a part hereof.


        The officer executing this writ shall promptly serve the same according to
requirements of law, and the mandates thereof, and make due return as the law
directs.


        Issued and given under my hand and seal of said Court at Brownsville,
Texas, this the 23rd day of   JUNE   , A.D. 2000.

R E T U R N   O F   O F F I C E R

Came to hand the _27._ day of _June_ , _2000_, at _9:30_ o'clock _A_.M., and

executed ~~(not executed)~~ on the _27_ day of _JUNE_ , _00_ 10:35 by delivering to

_Elizabth Solazar / James Y. CITGROALES_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiffs Original Petition_                                        .

Cause of failure to execute this citation is: _____

_____.

FEES serving 1 copy              _____

Total....... $_45_               Sheriff/constable _Cameron_ County, **TEXAS**

Fees paid by:_____        By _J.M. Aquin 4985_ Deputy

FILED _9:40_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST CLERK

JUN 3 0 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

Citation for Personal Service  - GENERAL          Lit. Seq. # <u>5.009.01</u>

# ORIGINAL

No. <u>2000-06-002635-E</u>

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>MIGDALIA LOPEZ</u>
<u>914 E. HARRSION ST.</u>
<u>BROWNSVILLE, TEXAS 78520</u>

the _____ <u>DEFENDANT</u> _____ , GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>357th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETIITON _____ was filed on <u>JUNE 23, 2000</u> .  A copy of same accompanies this citation.

The file number of said suit being No. <u>2000-06-002635-E</u>.

The style of the case is:

<u>H.L. WATKINS, JR.</u>
VS.
<u>JAMES Y. SITGREAVES</u>

Said petition was filed in said court by _____ <u>H.L. JR. WATKINS</u>
(Attorney for _____ PLAINTIFF _____ ), whose address is
<u>EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586</u>                    .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>23rd</u> day of <u>JUNE</u> , A.D. <u>2000</u>.

R E T U R N   O F   O F F I C E R

Came to hand the _27_ day of _June_, _2000_, at _9:50_ o'clock _A_.M., and

executed ~~(not executed)~~ on the _27ᵗʰ_ day of _June_, _c.o._, by delivering to

_Migdalia Lyte_ in person a true copy of this Citation,

upon which I endorsed the date of delivery, together with the accompanying copy

of the _Plaintiff's Original Petition_ .

Cause of failure to execute this citation is: _____

_____ .

FEES serving 1 copy                 _Omar Leo_

Total....... $ _45_       Sheriff/~~constable~~ _Cameron_ County, TEXAS

Fees paid by:_____       By _____ Deputy



FILED _9:40_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST. CLERK
JUN 3 0 2000
DISTRICT COURT OF CAMERON COUNTY TEXAS

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # <u>5.008.01</u>

No. <u>2000-06-002635-E</u>

# ORIGINAL

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>HIDALGO COUNTY</u>
<u>100 N CLOSNER</u>
<u>EDINBURG, TEXAS 78539</u>

the _____<u>DEFENDANT</u>_____, GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>357th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____<u>PETITION</u>_____ was filed on <u>JUNE 23, 2000</u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2000-06-002635-E</u>.

The style of the case is:

<u>H.L. WATKINS, JR.</u>
VS.
<u>JAMES Y. SITGREAVES</u>

Said petition was filed in said court by _____<u>H.L. JR. WATKINS</u> (Attorney for _____<u>PLAINTIFF</u>_____), whose address is <u>EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586</u>.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

Z 207 335 343        this writ shall promptly serve the same according to the mandates thereof, and make due return as the law

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to
HIDALGO COUNTY

r my hand and seal of said Court at Brownsville,
E  <u>JUNE</u>, A.D. <u>2000</u>.

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|

ATTACH RETURN RECEIPTS WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

_____
NAME OF PREPARER          TITLE

_____
ADDRESS

_____
CITY          STATE          ZIP

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the **23rd** of

___JUNE___   __2000__,  I mailed to

_____HIDALGO COUNTY_____

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. ___Z207153545___
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

___AURORA DE LA GARZA___, District Clerk
Cameron County, Texas

By: _____, Deputy

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.007.01

No. 2000-06-002635-E

**ORIGINAL**

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: FERNANDO MANCIAS
    100 N. CLOSNER
    EDINBURG, TEXAS 78539

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETITION_____ was filed on __JUNE 23, 2000__.  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

H.L. WATKINS, JR.
VS.
JAMES Y. SITGREAVES

Said petition was filed in said court by _____H.L. JR. WATKINS_____
(Attorney for _____PLAINTIFF_____), whose address is EL CAMINO REAL BOX #59 SAN BENITO, TEXAS 78586.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to ~~requirements of law~~ and the mandates thereof, and make due return as the law

Z 207 153 545

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)
Sent to

c my hand and seal of said Court at Brownsville,
E __JUNE__, A.D. 2000.

| ATTACH RETURN RECEIPT WITH ADDRESSEE'S SIGNATURE | CERTIFICA OF DELIVERY OF MAIL |
|---|---|

ATTACH RETURN RECEIPT WITH
ADDRESSEE'S SIGNATURE

Rule 106 (a)(2): The citation
shall be served by mailing to
the defendant by Certified Mail,
Return Receipt Requested, a true
copy of the citation.

Sec. 17.027, Rules of Civil
Practice and Remedies Code, if
not prepared by Clerk of Court.

NAME OF PREPARER          TITLE

ADDRESS

CITY          STATE          ZIP

CERTIFICA OF DELIVERY OF MAIL

I hereby certify that on the 27th of

__JUNE__  __2000__,  I mailed to

__FERNANDO MANCIAS__

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.  __Z207335356__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

BY: _____, Deputy

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.025.01

# ORIGINAL

No. 2000-06-002635-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: STATE OF TEXAS
    C/O  ATTORNEY GENERAL
    JOHN CORNYN 300 W. 15TH ST.
    AUSTIN, TEXAS 78711

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on ___ JUNE 23, 2000 ___.  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

H.L. WATKINS, JR.
VS.
JAMES Y. SITGREAVES

Said petition was filed in said court by _____ H.L. JR. WATKINS _____
(Attorney for _____ PLAINTIFF _____), whose address is
EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586 _____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

P 214 898 002          this writ shall promptly serve the same according to
                       le mandates thereof, and make due return as the

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

Sent to
JOHN  CORNYN A.G.

Street & Number

ER: COMPLETE THIS SECTION

mplete items 1, 2, and 3. Also complete
n 4 if Restricted Delivery is desired.
nt your name and address on the reverse
that we can return the card to you.

COMPLETE THIS SECTION ON DELIVERY

A Received RECEIVED IN MAIL CENTER of Delivery

C Signature        JUL 0 3 2000    □ Agent
                                   □ Addressee

| ATTACH RETURN RECEIPTS WITH<br>ADDRESSEE'S SIGNATURE<br><br>Rule 106 (a)(2):  The citation<br>shall be served by mailing to<br>the defendant by Certified Mail,<br>Return Receipt Requested, a true<br>copy of the citation.<br><br>Sec. 17.027, Rules of Civil<br>Practice and Remedies Code, if<br>not prepared by Clerk of Court.<br><br><br>NAME OF PREPARER          TITLE<br><br><br>ADDRESS<br><br><br>CITY          STATE          ZIP |
|---|

CERTIFICAT. OF DELIVERY OF MAIL

I hereby certify that on the **23rd** of

___**JUNE**___ **2000**.  I mailed to

_____**STATE OF TEXAS**_____

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO.   ___P214898002___
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

___AURORA DE LA GARZA___, District Clerk
Cameron County, Texas

By:_____, Deputy

# ORIGINAL

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # <u>5.027.01</u>

## No. <u>2000-06-002635-E</u>

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: <u>U.S. ATTORNEY</u>
<u>MERVYN MOSBACKER</u>
<u>P.O. BOX 61129</u>
<u>HOUSTON,TEXAS 77208-1129</u>

the _____<u>DEFENDANT</u>_____, GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>357th</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____<u>PETITION</u>_____ was filed on <u>JUNE 23, 2000</u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2000-06-002635-E</u>.

The style of the case is:

<u>H.L. WATKINS, JR.</u>
VS.
<u>JAMES Y. SITGREAVES</u>

Said petition was filed in said court by _____<u>H.L. JR. WATKINS</u> (Attorney for _____<u>PLAINTIFF</u>_____), whose address is <u>EL CAMINO REAL BOX #59 SAN BENITO, TEXAS   78586</u>.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

~~The officer executing~~ this writ shall promptly serve the same according to ~~the~~ mandates thereof, and make due return as the law

Z 207 335 340

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)
Sent to
U·S ATTORNEY MOSBACKER

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print)   B. Date of Delivery

☐ Agent

| ATTACH RETURN RECEIPT WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|

<table>
<tr>
<td>
<strong>ATTACH RETURN RECEIPT WITH<br>ADDRESSEE'S SIGNATURE</strong><br><br>
Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.<br><br>
Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.<br><br><br>
NAME OF PREPARER     TITLE<br><br><br>
ADDRESS<br><br><br>
CITY     STATE     ZIP
</td>
<td>
<strong>CERTIFICATE OF DELIVERY OF MAIL</strong><br><br>
I hereby certify that on the <u>23rd</u> of<br><br>
<u>JUNE</u>  <u>2000</u>, I mailed to<br><br>
<u>U.S. ATTORNEY</u><br><br>
by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.<br><br>
CERTIFIED MAIL NO. <u>Z207335340</u><br>
RETURN RECEIPT REQUESTED<br>
DELIVER TO ADDRESSEE ONLY<br><br>
<u>AURORA DE LA GARZA</u>, District Clerk<br>
Cameron County, Texas<br><br>
By: _____, Deputy
</td>
</tr>
</table>

Citation for Personal Service  - BY CERTIFIED MAIL

# ~ ORIGINAL

Lit. Seq. # 5.014.01

No. 2000-06-002635-E

## THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JOHN D. RAINEY

U.S. COURTHOUSE

515 RUSK AVENUE

HOUSTON, TEXAS 77002

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on ___ JUNE 23, 2000 ___ .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

H.L. WATKINS, JR.
VS.
JAMES Y. SITGREAVES

Said petition was filed in said court by _____ H.L. JR. WATKINS (Attorney for _____ PLAINTIFF _____ ), whose address is EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586                          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to ... ... ... ie mandates thereof, and make due return as the law

Z 207 335 339

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See r...

Sent to
JOHN D. RAINEY U.S.

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece | A Received by (Please Print Clearly)  B Date of Delivery  JUN 3 0 2000<br>C Signature |

| ATTACH RETURN RECEIPTↃ WITH ADDRESSEE'S SIGNATURE | CERTIFICA⌐ OF DELIVERY OF MAIL |
|---|---|
| Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.<br><br>Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.<br><br>NAME OF PREPARER          TITLE<br><br>ADDRESS<br><br>CITY          STATE          ZIP | I hereby certify that on the **23rd** of <u>JUNE</u> <u>2000</u>, ᴉ mailed to <u>JOHN D. RAINEY</u><br>by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.<br><br>CERTIFIED MAIL NO. <u>Z207335339</u><br>RETURN RECEIPT REQUESTED<br>DELIVER TO ADDRESSEE ONLY<br><br><u>AURORA DE LA GARZA</u>, District Clerk<br>Cameron County, Texas<br><br>By:_____, Deputy |

C30PDF - www.fastio.com

ORIGINAL

Citation for Personal Service  - BY CERTIFIED MAIL      Lit. Seq. # 6.017.01

No. 2000-06-002635-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: JAMES L. DENNIS
JAMES L. DENNIS
600 CAMP ST., ROOM 219
NEW ORLEANS, LA 70130

the _____RESPONDENT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____PETIITON_____ was filed on ___JUNE 23, 2000___.  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

H.L. WATKINS, JR.
VS.
JAMES Y. SITGREAVES

Said petition was filed in said court by _____H.L. JR. WATKINS_____ (Attorney for _____PLAINTIFF_____), whose address is EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586                          .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law the mandates thereof, and make due return as the law

Z 207 335 337

US Postal Service
Receipt for Certified Mail
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.

COMPLETE THIS SECTION ON DELIVERY

A  Received by (Please Print Clearly)  B. Date of Delivery

| ATTACH RETURN RECEIPT WITH ADDRESSEE'S SIGNATURE | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|

**ATTACH RETURN RECEIPT WITH ADDRESSEE'S SIGNATURE**

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

_____
NAME OF PREPARER        TITLE

_____
ADDRESS

_____
CITY        STATE        ZIP

**CERTIFICATE OF DELIVERY OF MAIL**

I hereby certify that on the 23rd of
__JUNE__  __2000__,  I mailed to
_____JAMES L. DENNIS_____
by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. __Z207335337__
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA__, District Clerk
Cameron County, Texas

By:_____, Deputy

ORIGINAL

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.015.01

No. 2000-06-002635-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: W. EUGENE DAVIS
    556 JEFFERSON ST.
    SUITE 300
    LAFAYETTE, L.A. 70502

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on __ JUNE 23, 2000 __.  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

H.L. WATKINS, JR.
VS.
JAMES Y. SITGREAVES

Said petition was filed in said court by _____ H.L. JR. WATKINS _____
(Attorney for _____ PLAINTIFF _____), whose address is
EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586 _____.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to ... and the mandates thereof, and make due return as the law

Z 207 335 336

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

R: COMPLETE THIS SECTION

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)   B. Date of Delivery
Donald Vincent

plete items 1, 2, and 3. Also complete
...estricted Delivery is desired.

| | CERTIFICATE OF DELIVERY OF MAIL |
|---|---|
| **ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE** | I hereby certify that on the <u>23rd</u> of |
| Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation. | <u>JUNE</u>  <u>2000</u>, I mailed to |
| | <u>W. EUGENE DAVIS</u> |
| | by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto. |
| Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court. | |
| NAME OF PREPARER          TITLE | CERTIFIED MAIL NO. <u>Z207335336</u> RETURN RECEIPT REQUESTED DELIVER TO ADDRESSEE ONLY |
| ADDRESS | <u>AURORA DE LA GARZA</u>, District Clerk Cameron County, Texas |
| CITY          STATE          ZIP | By:_____, Deputy |

ORIGINAL

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.016.01

No. 2000-06-002635-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: HAROLD DEMOSS, JR.
    U.S. COURTHOUSE, SUITE 12015
    515 RUSK AVE.
    HOUSTON, TEXAS 77002
    HOUSTON, TEXAS 77002

the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on JUNE 23, 2000 .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002635-E.

The style of the case is:

H.L. WATKINS, JR.
VS.
JAMES Y. SITGREAVES

Said petition was filed in said court by _____ H.L. JR. WATKINS (Attorney for _____ PLAINTIFF _____ ), whose address is EL CAMINO REAL BOX #59 SAN BENITO, TEXAS  78586 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

P 214 959 993

US Postal Service
Receipt for Certified Mail
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)
Sent to
HAROLD DEMOSS JR.
Street & Number

; this writ shall promptly serve the same according to the mandates thereof, and make due return as the law

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery