4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | United States District Court |
| Respondent-Plaintiff § | | Southern District of Texas |
| § | | FILED |
| vs. § | CR B-00-112 | MAR - 5 2001 |
| § | | |
| JOSE SIBRIAN-CORTEZ, § | | Michael N. Milby, Clerk of Court |
| Petitioner-Defendant § | | |
| (CA B-01-008) § | | |

<u>GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE
RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT</u>

1.

The court ordered the Government to respond to Sibrian's 28 U.S.C. §2255 motion filed on January 16, 2001, by March 5, 2001. The Government moves to dismiss and, in the alternative, moves for summary judgment.

2.

Sibrian was charged by indictment in the Southern District of Texas, Brownsville Division, with attempted illegal entry committed on February 25, 2000, in violation Title 8 U.S.C. 1326(b). He pled guilty to the indictment on April 20, 2000, without a plea agreement, before the Honorable Judge Filmon B. Vela (PSR. 3).

The probation department scored the instant offense at base offense level 8, with a 16 level Specific Offense increase by virtue of several prior aggravated felony convictions and recommended that he receive a three-level downward adjustment for timely acceptance of responsibility under USSG §3E1.1(a,b) for a total offense level score of 21 (PSR. 21). His criminal history includes several

felonies and took 5 ½ pages to describe in the PSR. The offenses range from assaultive, theft and sexual battery. His prior convictions and active parole resulted in a criminal history score of 14, placing him in Criminal History Category VI. (PSR, 67). Sibrian objected to the PSR. and moved for a downward departure, arguing that his criminal history score over represents his true criminal history.

On June 29, 2000, at sentencing, the district court ruled against Sibrian's objection/motion to the PSR and adopted the PSR as written. The court sentenced Sibrian to 77 months imprisonment, to the to be followed by a three year term of Supervised Release for the instant offense. He was also ordered to pay $100 in mandatory costs. The judgment was entered July 17, 2000.

Sibrian did not appeal his sentence. On January 16, 2001, Sibrian filed the instant petition.

2.

The pleading is timely.

3.

The Government denies each and every allegation of fact made by Sibrian except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

4.

Allegations

Sibrian alleges his constitutional rights were violated in essentially four regards:

2

    a.    The government's failure to comply with the Vienna Convention violated his 5th and 6th amendment right;

    b.    His trial counsel was ineffective in failing to obtain the dismissal of the indictment on the grounds the government had failed to comply with the Vienna Convention; (Petitioner's Titled Issue # 2)

    c.    His trial counsel was ineffective in failing to move for dismissal of the indictment for failing to allege any mens rea; (Petitioner's actual argument under his #2)

    d.    8 U.S.C. 1326(b) represents a separate crime and not a "sentencing factor"; (Petitioner's Issues 3 & 4).

### 5.

### Sibrian's Burden

*United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255 and requiring "cause and prejudice" standard). Sibrian must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers no cause and only conclusory and generalized claims of prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-32 & n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant

demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 (5th Cir. 1992) which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to [the appellant] at the prior occasion, and ineffective assistance of counsel in the constitutional sense." *Id.* The only "cause" proffered by Sibrian was his claimed ignorance of his "rights" under the 'Treaty'. Sibrian fails completely to allege any prejudice to him, beyond a conclusory generalized claim, arising from the claimed violation. Sibrian doesn't even speculate how the "violation" could have harmed him, especially in the context of the commission of the crime of conviction, illegal re entry.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must

demonstrate, as a factual matter, that he did not commit the crime of conviction. *Schlup v. Delo*, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Sibrian does not allege he is innocent. His pleading is more rather a request to set aside his conviction due to a collateral treaty violation.

As such, Sibrian confronts his next hurdle: establishing the Vienna Convention confers "personal rights" upon inmates; the violation of which rise to the level of constitutional violations cognizable under §2255. Sibrian fails in this next hurdle as well. Sibrian cites *United States v. Lombera-Camorlinga*, 170 F.3d 1241 (9th Cir. 1999) for that proposition. However, such holding in Lombera was reviewed en banc and withdrawn at 206 F.3d 882 (9th Cir. 2000). No case law has interpreted the Vienna Convention to confer such "personal rights". In *Breard v. Greene,* 118 S.Ct. 1352 (1998), the Supreme Court declined to characterize the Vienna Convention as confirming "personal" rights upon individuals, "The Vienna Convention-which arguably confers on an individual the right to consular assistance following arrest...." See- *United States v. Ediale*, 201 F.3d 438 (4th Cir. 1999). Even if "personal rights" were so created, the 'Treaty' does not create constitutional or fundamental rights. *United States v. Ademaj*, 170 F.3d 58, 67 (1st Cir. 1999), *Murphy v. Netherland*, 116 F.3d 97, 100 (4th Cir. 1997). Regardless

5

actual prejudice is necessary. "It is extremely doubtful that the violation (of the Vienna Convention) should result in the overturning of a final judgement of conviction without some showing that the violation had some effect on trial". *Breard*, 118 S.Ct. at 1355, *Faulder v. Johnson*, 81 F.3d 515, 520 (5th Cir. 1996).

Here, Sibrian was charged and convicted of illegal reentry, a crime for which the evidence consists of Sibrian's presence hiding in the brush near Sarita, Texas, as well as government records. Assuming Sibrian's factual claims are true, Sibrian does not allege what advice he would have received from the consulate, nor how he was harmed by the absence of advice from the consulate. Following his arrest, Sibrian was apprized of his Miranda rights. His six prior convictions and additional six arrests would have likely schooled Sibrian as to his rights more than a consular official from El Salvador.

Regarding the allegations of ineffectiveness based upon his attorney not obtaining a dismissal for the alleged violation of the Vienna Convention and convincing him to plead guilty, as this issue provides no basis for dismissal, Sibrian can demonstrate no deficiency in representation on the part of his attorney. Because Sibrian can make no showing that his counsel's performance was deficient, this Court need not inquire into the prejudice prong of the *Strickland* test. See *Strickland v. Washington*, 466 U.S. 668, 697, 104 S.Ct. 2052 (1984). ("[T]here is no reason for a court deciding an ineffective assistance claim ... to address both components of the inquiry if the defendant makes an insufficient showing on one.").

Sibrian does not meet his burden of allegation. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). To demonstrate prejudice under that standard, he would have to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Id.* at 694, 104 S.Ct. at 2068; *United States v. Torres*, 163 F.3d 909, 912 &ns.11 through 15 (5th Cir. 1999); *United States v. Flores*, 135 F.3d 1000, 1007 n.23 (5th Cir. 1998) ("[M]ost of Flores' claims are procedurally barred and there has been no showing of cause for the procedural default or that manifest injustice would result from the bar."). Moreover, assuming, *arguendo*, that he does demonstrate a deficient performance, Sibrian fails to demonstrate prejudice.

C., & D.    <u>Guzman-Ocampo & Apprendi complaints.</u>

<u>Jurisdiction.</u>

The first case to broach the retroactivity of *Apprendi*'s holding that a jury finding is required on a fact that increases a statutory maximum penalty is *United States v. Murphy*, 109 F. Supp.2nd 1059 (D. Minn. 2000). In a collateral attack on a judgment of conviction for violations of 21 U.S.C. §§ 846, 841(a)(1) and 861, Murphy asserted that his rights under the Fifth and Sixth Amendments were violated when the district court used the type or quantity of drugs involved in the offense to impose the penalties authorized by 21 U.S.C. § 841(a)(1). 109 F. Supp.2nd at 1061. Citing *United States v. Aguayo-Delgado*, 220 F.3d 926 (8th Cir. 2000), the court noted that "in *Apprendi*, the Supreme Court made it clear that the principle discussed in *Jones [v. United States,* 526 U.S. 227, 119 S.Ct. 1215 (1999)]

7

is a rule of constitutional law." *Id.* Thus concluding that *Apprendi* announced a new rule of constitutional law, the *Murphy* court assessed the applicability of that rule to cases on collateral review.

The *Murphy* court proceeded from the proposition that new constitutional rules of criminal procedure apply retroactively only to cases which are on direct state or federal appeal at the time the rule is announced. 109 F. Supp.2nd at 1063 (citing *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708 (1987)). "A new rule is not to be applied retroactively on collateral review unless the rule falls within one of two narrow exceptions: (1) the new rule places certain kinds of primary conduct beyond the power of the criminal lawmaking authority to proscribe, or (2) the rule requires the observance of those procedures that are implicit in the concept of ordered liberty." *Id.* (citing *Teague v. Lane*, 489 U.S. 288, 305-310, 109 S.Ct. 1060 (1989)). The court reasoned that the first exception to the general rule prohibiting retroactivity "applies only to rules that decriminalize a class of conduct or prohibit a certain category of punishment for a class of defendants because of their status or offense." *Murphy*, at 1063. The judge determined that this exception was inapplicable to *Apprendi*.

*Apprendi*, the district judge continued, arguably falls into the second exception to the general rule prohibiting retroactivity: *Apprendi*, the court declared, arguably implicates the second exception "which applies to those 'watershed rules of criminal procedure' which 'alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding' and

8

'without which the likelihood of an accurate conviction is seriously diminished.'" 109 F. Supp.2nd at 1063 (quoting *Sawyer v. Smith*, 497 U.S. 227, 242-244, 110 S.Ct. 2822 (1990). *Murphy* concluded that *Apprendi*'s requirement that any fact that increases the statutory maximum punishment must be submitted to a jury and determined beyond a reasonable doubt is so grounded in fundamental fairness that it may be considered of watershed importance. The court concluded that *Apprendi* was applicable to Murphy's motion for § 2255 relief. 109 F. Supp.2nd at 1064.

The United States Court of Appeals for the Ninth Circuit reached a contrary conclusion in *Jones v. Smith*, _ F.3d _, 2000 WL 1664426 (9th Cir. Nov. 7, 2000). The Ninth Circuit initiated its retroactivity analysis with the observation that "a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government [or] if the result was not dictated by precedent existing at the time the defendant's conviction became final." _ F.3d at _, 2000 WL 1664426 (quoting *Teague*, 489 U.S. at 301, 109 S.Ct. at 1060). The court concluded that *Apprendi* certainly established a new rule.

To apply *Teague,* the court continued, requires a three-step inquiry:

> First, the court must ascertain the date on which the defendant's judgment of conviction and sentence became final for *Teague* purposes. Second, the Court must survey the legal landscape as it then existed and determine whether a state court considering the defendant's claim at the time it became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution. Finally, even if the court determines that the defendant seeks the benefit of a new rule, the court must decide whether that rule falls within one of the two narrow exceptions to the retroactivity principle.

9

_ F.3d at _ 2000 WL 1664426 (quoting *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948 (1994)). Like the district judge in *Murphy*, the *Smith* court quickly eliminated application of the first *Teague* exception. However, the Ninth Circuit parted company with *Murphy*, observing, "the *Apprendi* rule ... is neither implicit in the concept of ordered liberty nor an absolute prerequisite to a fair trial." *Smith* at _, 2000 WL 1664426.

In *United States v. Pittman*, _ Fed. Supp.2nd _, 2000 WL 1708962 (D. Or. Nov. 15, 2000), the district court agreed with *Murphy* that *Apprendi* established a new rule of law. The court observed that *Jones v. Smith*, *supra*, did not address the precise issues raised in the case-at-bar:"that of the viability of a conviction in which application of a statutory sentencing enhancement was decided by a judge under a preponderance of the evidence standard rather than by a jury under a reasonable doubt standard." *Id.* The district judge ultimately concluded that the new rules announced in *Apprendi* did not require retroactive application:

> I find that the two new rules announced in *Apprendi* that (1) a jury, rather than a judge, must determine facts supporting a statutory sentencing enhancement and (2) that this determination must be made beyond a reasonable doubt - - are not the type of "watershed" rules implicating fundamental fairness and thus, requiring retroactive application on collateral review. First, I find that the new *Apprendi* rules do not directly relate to the accuracy of the conviction or sentence. Like the application of *Gaudin* to convictions for making false statements in federal loan applications, the factual inquiry and determinations were made; they were simply made by a different factfinder. Further, the fact that the application of a different standard of review might lead to different results is insufficient. In *Mackey v. United States*, 401 U.S. 667, 91 S.Ct. 1160 (1971), the Supreme Court expressly rejected a claim that the mere "probability" that a different result would be reached by application of a new rule

was insufficient to trigger retroactive application. 401 U.S. at 672, 91 S.Ct. at 1163.

_ Fed. Supp.2nd at _, 2000 WL 1708962 *7. In accord, *United States v. Brown*, _ Fed. Supp. 2nd _, 2000 WL 1880280 (N.D. Tex. 2000); *United States v. Johnson*, _ Fed. Supp.2nd _, 2000 WL 1801401 (D. Neb. Dec. 7,. 2000). *See also, West v. United States*, _ Fed. Supp.2nd _, 2000 WL 1785086 (D. Md. Dec. 4, 2000)(there is no "watershed principle" in *Apprendi* requiring retroactive application under *Teague*); *United States v. Joseph, III*, ___ F.Supp.2d ___, 2000 WL 1789989 (E.D.La. Dec.5, 2000); *West v. United States*, ___ F.Supp.2d ___ , 2000 WL 1790425 (D.Md. Dec. 4, 2000); Ware v. United States, 124 Fed. Supp. 2nd 590 M.D. Tenn 2000)(*Apprendi* is not a watershed rule of criminal procedure within the meaning of the *Teague* doctrine. It does not apply retroactively), and *United States v. Shunk*, 113 F.3d 31, 35-37 (5th Cir. 1997).

The weight of authority supports the conclusion that the rule of *Apprendi* is not to be applied retroactively to cases on collateral review. There is no question in the case *sub judice* that the evidence amassed against Sibrian is overwhelming. He plead guilty and failed to contest the fact and nature of his prior aggravated conviction. Moreover, the indictment inferentially apprized him that he was subject to the 20 year maximum. Consequently, the absence of an allegation in the indictment of the prior conviction and the fact that it found by the court does not impact on the fairness of the proceeding. This court should thus dismiss the instant action as time barred.

11

c. <u>Failure to Allege General Intent for Attempted Illegal Entry</u>

A post-conviction motion to correct or vacate a sentence under § 2255 "is reserved for the transgression of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice." *United States v. Palomo*, 80 F.3d 138, 140 n.3 (5th Cir. 1996) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1993) (quoting *United States v. Shaid*, 937 F.2d 228, 232 n.7 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982)). Sibrian does not explain why he failed to preserve the above challenge during the pendency of his criminal case or on direct appeal. For the reasons discussed above relating to his burden to demonstrate "cause" for failing to bring the complaint on direct appeal, and resultant "prejudice", Sibrian fails to successfully meet his burden. *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977).

Even if Sibrian succeeded in his burden, he would fail on the merits. Sibrian contends that the criminal indictment is fundamentally defective because it fails to allege any *mens rea*.

Sibrian did not challenge the sufficiency of the indictment to charge an offense in the district court. As a result, this Court will construe it liberally. *United States v. Guzman-Ocampo*, 2000 WL 1868226 (5th Cir. [Tex.]); *United States v.*

12

*Threadgill*, 172 F.3d 357, 373 (5th Cir. 1999). "When the sufficiency of an indictment is first challenged at the appellate level, the language is liberally construed and reversible error will not be found unless the wording cannot, by reasonable construction, charge a crime." *United States v. Barksdale-Contreras*, 972 F.2d 111, 113 (5th Cir. 1992).

This Court has repeatedly stated the elements of a §1326 violation are those set forth in the language of the statute. *See United States v. Asibor*, 109 F.3d 1023, 1037 (5th Cir. 1997); *United States v. Cabrera-Teran*, 168 F.3d 141, 143 (5th Cir. 1999); *United States v. Vasquez-Olvera*, 999 F.2d 943, 945 (5th Cir. 1993); *United States v. Terrazas-Carrasco*, 861 F.2d 93, 96 (5th Cir. 1988).

The version of §1326(a) of Title 8 in effect at the time Sibrian committed the offense stated:

> Subject to subsection (b) of this section, any alien who –
>
> (1) has been denied admission, excluded, deported or removed or has departed the United States while an order of exclusion, deportation or removal is outstanding and thereafter
>
> (2) enters, attempts to enter, or is at any time found in the United States, unless (A) prior to his re-embarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously excluded and deported, unless such alien shall establish that he was not required to obtain such advance consent

13

> under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.

8 U.S.C. §1326.

The indictment tracked the statutory language by charging as follows:

> On or about February 25, 2000, in the Southern District of Texas and within the jurisdiction of the Court, Defendant, JOSE SIBRIAN-CORTEZ, an alien who had previously been denied admission, excluded, deported, and removed, knowingly and unlawfully was present in the United States having been found in Kenedy County, Texas, the said defendant having not obtained the consent from the Attorney General of the United States for re-application by the Defendant for admission into the United States. [Violation: Title 8, United States Code, Sections 1326(a) & (b)(2).]

(1 R. 1). Since the indictment tracked the statute, it alleged all of the elements of the offense. The use of the extra-statutory terms of "knowingly" and "unlawfully" essentially charges an intent higher than general intent, essentially as a 'specific intent' crime. "Knowingly" as defined by the FIFTH CIRCUIT PATTERN JURY INSTRUCTIONS, "means that the act was done voluntarily and intentionally, not because of mistake or accident". The term "unlawfully" notices Sibrian that his re-entry was against the law. *United States v. Campos-Asencio*, 822 F.2d 506, 508 (5th Cir. 1987). Section 1326(a) makes entry "unlawful" when it is following deportation and without the Attorney General's permission. Those two terms alone would satisfy the holding of *Gracidas-Ulibarry*. *United States v. Gracidas-Ulibarry*,

14

231 F.3d 1188, 1196 (9th Cir. 2000). Sibrian was charged essentially with entering unlawfully, that is, without the Attorney General's permission. The "otherwise innocent conduct" potential is precluded by the indictment and negated by the facts of the case. "The presumption in favor of scienter generally requires a court to read into a statute only that *mens rea* which is necessary to separate wrongful conduct from 'otherwise innocent conduct'" *Carter v. United States*, 120 S.Ct. 2159, 2162 (2000). The reentry by Sibrian without the Attorney General's permission distinguishes Sibrian from a deported alien who enters the United States against his will or unknowingly. The indictment therefore provided more notice than is required even under the later ruling in *Guzman-Ocampo*, establishing §1326 as a general intent crime.

### Timing of Prior Conviction.

Sibrian also argues that the timing of the prior aggravated felony conviction, coming prior to his deportation, represents a "fact" which must be alleged and proven. Sibrian attempts to parse §1326(b) into separate components; the "fact" of the prior conviction, and the "timing" of the prior conviction. Sibrian reasons that, although the "fact" of a prior conviction has been deemed a "sentencing factor" under *Almendarez-Torres*, the 'timing' of the prior conviction is a separate circumstance which represents an unalleged and unproven "fact" (other than prior conviction)

15

which increases the sentence beyond that established as the maximum, in violation of the holding in *Apprendi*.

In reviewing the legislative history and statutory construction of §1326(b), the court in *Almendarez-Torres*, found §1326(b) to be a punishment provision of §1326(a). Noting the "statutory subject matter" of §1326(b) to be "recidivism", and unrelated to the commission of the offense, the court noted the long standing position recidivism enjoys as a sentencing factor, in finding it non violative of due process. *Id*. 118 S.Ct. at 1224, 1230. The "timing" of Sibrian's prior conviction falls within the 'subject matter' of recidivism in §1326(b), as announced by *Almendarez-Torres*, and represents a distinction without a difference. There is no logical or legal reason to justify carving out circumstances related to the "timing" of prior convictions to remove them as sentencing factors and elevate them to elements of the offense.

*Apprendi* provides Sibrian little solace. In *Apprendi*, the court reiterated its finding that *Almendarez-Torres* relied upon recidivism to justify increased punishment under §1326(b). Furthermore, as the court recognized in *Apprendi*, due process concerns are mitigated, when, as occurred both in *Almendarez-Torres* and in the instant case, the defendant does not contest the "fact" of his prior conviction . *Apprendi,* 120 S.Ct. at 2362.

As Sibrian makes this claim for the first time at collateral relief, this Court applies the "cause" and "prejudice" test, discussed previously. As Sibrian neglects

16

to establish any cause for failing to bring this issue on appeal or to establish any prejudice to him, he fails in his burden.

Even if Sibrian could establish "cause" and "prejudice", he still fails on the merits. Even review of his claim is under the plain error standard offers him no refuge. *United States v. Meshack*, 225 F.3d 556, 575 (5th Cir. 2000) (applying plain error standard where government conceded *Apprendi* applied to prosecution under 21 U.S.C. §841); *see also United States v. Rios-Quintero*, 204 F.3d 214, 215 (5th Cir. 2000) (applying plain error standard to claim that under *Jones v. United States*, 526 U.S. 227, 199 S.Ct. 1215 [1999], drug quantity was an element under §841 that had to be plead in the indictment and proved beyond a reasonable doubt to a jury).

To establish plain error, the petitioner must demonstrate: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected his or her substantial rights. *Johnson v. United States*, 520 U.S. 461, 465-467, 117 S.Ct. 1547 (1997) (citations omitted). If an Petitioner establishes plain error, this Court should correct the forfeited error if it seriously affects the fairness, integrity or public reputation of judicial proceedings. *Id*.

The holding in *Apprendi* was "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at ___, 120 S.Ct. at 2362-63. Assuming *arguendo*, that *Apprendi* should be extended

17

to the timing of a prior conviction under §1326(b), because *Apprendi* did not address the issue of whether the fact that triggers the increased statutory maximum must be alleged in the indictment, Sibrian's claimed error is not plain or obvious. *See Apprendi*, 530 U.S. at ___, 120 S.Ct. at 2355 n.3. In addition, Sibrian had notice at the time of his guilty plea that the United States intended to prove that the provisions of § 1326 (b)(2) were applicable. The indictment described the violation Sibrian was charged with as: "Violation: Title 8, United States Code, Section 1326(a) and (b)(2)" (1 R. 1). In addition, the district court admonished Sibrian he was facing a sentence of up to twenty (20) years (PSR.). Prior to sentencing, Sibrian received notice of his prior felony conviction for aggravated assault and of the applicability of U.S.S.G. §2L1.2(b)(1)(A), which requires an increased sentence if the deportation was after conviction of an aggravated felony (PSR ¶'s 13).

With regard to the requirement that his prior conviction be proved beyond a reasonable doubt to a jury, Sibrian waived his right to a jury in this case. In addition, he did not contest at sentencing any fact relating to his prior convictions, including the timing of the conviction (PSR). Under these circumstances, no plain error is demonstrated. *United States v. Walker*, 228 F.3d 1276, 1278 (11th Cir. 2000).

## CONCLUSION

18

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Sibrian's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, March 5, 2001, addressed to:

Jose Sibrian-Cortez
No. 92543-079
FCI Beaumont
P.O.Box 26040.
Beaumont, Texas 77720

 

                                                                                MARK M. DOWD
                                                                                Assistant U.S. Attorney

ClibPDF - www.fastio.com