

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
    BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

AUG 1 0 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| H. L. WATKINS, JR., ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NUMBER |
| ) | B-00-112 |
| JAMES Y. SITGREAVES et.al., ) | |
|     Defendants. ) | |

<u>SAENZ', LOPEZ' AND MANCIAS'
RULE 12(b)(6) MOTION TO DISMISS</u>

Defendants Saenz, Lopez and Mancias move this Court to dismiss Plaintiff's Original Petition for the following reasons:

1.  At all times alleged in the Original Petition Fernando Mancias was the Judge for the 93rd Judicial District, Hildago County, but was presiding as a visiting judge in the 197th Judicial District, Cameron County, Texas, performing his judicial duties. Mancias is absolutely immune from suit based on performance of his judicial duties.

2.  At all times alleged in the Original Petition Migdalia Lopez was the Judge for the 197th Judicial District, Cameron County, Texas, performing her judicial duties. Lopez is absolutely immune from suit based on performance of her judicial duties.

3.  At all times alleged in the Original Petition Luis Saenz was a prosecuting attorney for the State of Texas, performing his prosecutorial duties. Saenz is absolutely immune from suit based on the performance of his prosecutorial duties.

4.  It appears on the face of the Amended Petition and from the allegations therein that the claims set up did not accrue, if they accrued at all, to Plaintiff within two years before the bringing

1

of this action, and, therefore, the action is barred by V.T.C.A., Civil Practice & Remedies Code, Section 16.003.

5. Plaintiff's false arrest, lack of probable cause, excessive force, ineffective assistance of counsel, withholding of exculpatory evidence, and malicious prosecution claims would render his state court conviction invalid. In order to bring these claims Plaintiff must allege and prove that his state conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.

6. Prior to filing the instant suit Plaintiff has brought suit against Saenz, Lopez and Mancias on these same facts under Section 1983. *H.L. Watkins, Jr., v. Cameron County, Texas, et. al.*, Civil Action No. B-95-183, U.S. District Court, S.D. of Texas, Brownsville Division. It was dismissed with prejudice by Final Order signed and filed September 23, 1998. He is barred by res judicata from bringing this action again.

WHEREFORE, Defendants pray this case be dismissed with prejudice to the refiling of the same.

## SUPPORTING MEMORANDUM

Defendants Saenz, Lopez and Mancias file this brief in support of their Rule 12(b)(6) Motion to Dismiss:

**ABSOLUTE IMMUNITY:** Plaintiffs allegations against Mancias are in Paragraphs 19 through 30 of the Petition. Plaintiff factually alleges that Judge Mancias accepted his plea of guilty and sentenced him to ten years probation. Plaintiffs position is that the Judge in accepting his plea of guilty and sentencing Plaintiff to probation is somehow "dishonest", among other

2

things. And that based on such plea and sentence, Plaintiff's constitutional rights have been violated and he is entitled to damages under Section 1983. Accepting Plaintiff's plea of guilty and sentencing Plaintiff, however, were judicial functions of Judge Mancias. Texas Constitution, Article 5, Sections 1, 7 and 8; and V.T.C.A., Code of Criminal Procedure, Articles 2.09 and 4.05.

Plaintiffs allegations against Lopez are in Paragraph 39 of the Petition. Plaintiff factually alleges that Lopez denied his motion to set aside his conviction. Plaintiff claims this is a violation of "...his 5th Amendment Rights to Due Process and the 14th Amendment rights to regain his and his deceased father's good name, honor, integrity and impeccable reputations." Page 24 of the Original Petition. Denying Plaintiff's motion to set aside Plaintiff's conviction was a judicial function of Judge Lopez. Texas Constitution, Article 5, Sections 1, 7 and 8; and V.T.C.A., Code of Criminal Procedure, Articles 2.09 and 4.05.

Plaintiffs allegations against Saenz are in Paragraphs 13 through 16 of the Petition. Plaintiff factually alleges that Saenz obtained an indictment against Plaintiff, forfeited cash found in Plaintiff's vehicle at the time of arrest on drug charges, and that one of Saenz's Assistant D.A's held Plaintiff's vehicle for 66 days with heart medicine in the vehicle.

Immunity is a threshold question, to be resolved as early in the proceedings as possible. *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

Judge Fernando Mancias is absolutely immune from claims for damages asserted under Section 1983 for actions taken in accepting Plaintiff's plea of guilty and in sentencing Plaintiff. Judge Migdalia Lopez is absolutely immune from claims for damages asserted under Section 1983 for actions taken in denying Plaintiff's motion to set aside his conviction. "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the

3

exercise of their judicial functions." *Id.* 285.

Luis Saenz is absolutely immune from damages asserted under Section 1983 for actions taken in presenting the state's case against Plaintiff to the grand jury and in his staff's prosecution of forfeiture proceedings. *Id.* 285. (In addition, *respondeat superior* does not apply in Section 1983 actions.)

In *Brandley v. Keeshan,* 64 F.3d 196 (5th Cir. 1995), a Section 1983 Plaintiff urged the Court to create a "malice" exception to the affirmative defense of absolute immunity. *Id.* 200. The Court declined, citing authority for absolute immunity from liability even against claims that a judge ordered an arrest be carried out with excessive force, that a judge framed a plaintiff for robbery, and that a judge conspired with others to suppress exculpatory evidence. *Id. 201.* In *Boyd v. Biggers, supra,* at 285, the Court cited authority that absolute immunity bars suit even against allegations of a conspiracy between a judge and prosecutor to predetermine the outcome of a judicial proceeding.

Judge Fernando Mancias, Judge Migdalia Lopez and Prosecutor Luis Saenz are entitled to be dismissed with prejudice from this suit because they are absolutely immune.

**STATUTE OF LIMITATIONS:** In a Section 1983 Civil Rights Action brought in Texas the applicable limitation period is two years. *Gartrell v. Gaylor,* 981 F.2d 254, 257 (5th Cir. 1993); *Henson-El v. Rogers,* 923 F.2d 51, 52 (5th Cir. 1991) cert. den. 111 S.Ct. 2863, 115 L Ed 2d 1030, _____ U.S. _____; *Ali v. Higgs,* 892 F.2d 438, 439 (5th Cir. 1990).

All factual allegations plead by Plaintiff concerning these Defendants, except the motion hearing to set aside his conviction, occurred in the year 1990. He was arrested on June 4, 1990. (See, Page 6, Paragraphs 1, 2, and 3 of the Petition.) He was charged and bond was set before

4

Justice of the Peace Eloy Cano, following his arrest. (See, Page 8, Paragraph 5, of the Petition.) He was indicted by a grand jury on July 25, 1990. (See, Page 13, Paragraph 13, of the Petition.) He was arraigned before Judge Darrell Hester on August 16, 1990. (See, Page 15, Paragraph 17 of the Petition.) He entered a plea of guilty before Judge Fernando Mancias on October 8, 1990. (See, Page 16, Paragraph 19, of the Petition.) And, he was sentenced by Judge Mancias on December 3, 1990. (See, Page 18, Paragraph 28, of the Petition.) All his factual allegations are alleged to have occurred within this time period.

Plaintiff's Petition filed on June 26, 2000 -- over nine years after his cause or causes of action accrued. Thus, all claims against these Defendants contained in Plaintiff's Complaint are barred by the statute of limitations. See also, *Wilson v. Garcia*, 471 U.S. 261, 85 L Ed 2d 254, 105 S Ct 1938 (1985); *Street v. Voss*, 936 F.2d 38 (1st Cir. 1991); and *Fairley v. Allain*, 817 F.2d 306 (5th Cir. 1987).

**NO CAUSE OF ACTION -- EXISTING VALID CONVICTION:** Plaintiffs state court conviction in Cause No. 90-CR-814-C is at this time a valid final conviction. In his Amended Petition he alleges numerous constitutional violations, from his arrest through his plea of guilty and sentencing, most of which would have the effect of invalidating his conviction.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or other harm caused by action, which unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. Section 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983." *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383, 394 (1994).

Neither false arrest/lack of probable cause nor excessive force claims are cognizable under

5

Section 1983 to collaterally attack a conviction that is still outstanding. *Hudson v. Hughes*, 98 F.3rd 868, 872 (5th Cir. 1996), and *Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995)*. Likewise, neither ineffective assistance of counsel nor withholding exculpatory evidence claims are cognizable to collaterally attack a conviction that is still outstanding. *Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). And, a malicious prosecution claim is not cognizable under Section 1983 to collaterally attack a conviction that is still outstanding. *Wells v. Bonner, supra,* at 94.

If Plaintiff were successful in this suit on his false arrest, lack of probable cause, excessive force, ineffective assistance of counsel, withholding of exculpatory evidence, or malicious prosecution claims it would render his state court conviction invalid. These causes of action cannot be brought until plaintiff proves his state court "...conviction or sentence is reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* at 394. His other causes of action are time barred by the statute of limitations.

**RES JUDICATA:** "Under Texas law, an existing final judgment rendered upon the merits by a court of competent jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit." *Hogue v. Royse City, Texas*, 939 F.2d. 1249, 1252 (1991).

In B-95-183, *supra,* this same Plaintiff, sued these same Defendants, among others, on the same facts and incidents surrounding Plaintiff's prosecution, plea, sentencing and denial of his motion to set aside the conviction. The same defenses were raised, except for res judicata, and a Final Order dismissing these claims was entered. Plaintiff's claims against these defendants is barred by Res Judicata.

6

These Defendants would ask the Court to enter an order directing the Clerk of the Court for the United States District Court for the Southern District of Texas not to accept for filing any civil suit filed by H.L. Watkins, Jr. a/k/a Homer Lamar Watkins, Jr. without the prior consent of a District Judge and that this order be disseminated to all divisions of the Court. See, *Murphy v. J.A. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

WHEREFORE, Defendants Luis Saenz, Migdalia Lopez, and Fernando Mancias pray the Court enter an order dismissing this action with prejudice to the refiling of the same, enter an order directing the Clerk of the Court for the United States District Court for the Southern District of Texas not to accept for filing any civil suit filed by H.L. Watkins, Jr. a/k/a Homer Lamar Watkins, Jr. without the prior consent of a District Judge and that this order be disseminated to all divisions of the Court, and for such other and further relief to which he may be entitled.

Respectfully submitted,

CIVIL LEGAL DEPARTMENT
COMMISSIONERS COURT
964 East Harrison Street
Brownsville, Texas 78520
Telephone: 956/550-1345
Facsimile: 956/550-1348

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786516

7

S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst, do hereby certify that a true and correct copy of the foregoing Motion has been mailed to the following on this 11th day of August, 2000 at:

H. L. Watkins, Jr., Pro Se
El Camino Real, Box 59
San Benito, Texas 78586

Alfredo Padilla
1000 E. Van Buren
Brownsville, Texas 78520

Jose Vela, Jr.
Assistant United States Attorney
1701 W. Business 83, Suite 600
McAllen, Texas 78501

James Y. Sitgreaves
2009-C Padre Blvd.
South Padre Island, Texas 78597

John L. Carrington
113 E. Harrison
Haarlingen, Texas 78550

_____
Richard O. Burst

8