IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| H.L. WATKINS, JR., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-00-112 |
| | § | |
| JAMES Y. SITGREAVES. ET AL.. | § | |
| Defendants. | § | |

## DEFENDANT THE STATE COMMISSION ON JUDICIAL CONDUCT'S ORIGINAL ANSWER AND MOTION TO DISMISS

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

Defendant the State Commission on Judicial Conduct (the "Commission"), by and through the Office of the Attorney General for the State of Texas, waives service,[1] files this Original Answer, and requests dismissal of Plaintiff H.L. Watkins' claims.

## I. ORIGINAL ANSWER

1. Pursuant to Federal Rule of Civil Procedure 8(b), the Commission denies each and every allegation contained in Watkins' Complaint except those expressly admitted herein.

2. The Commission admits that the State Commission on Judicial Conduct is an Agency of the State of Texas.

---

[1] The State Commission on Judicial Conduct, though a named defendant, has not been served in this lawsuit. The Commission became aware of this lawsuit when service on Mr. Robert Flowers, in his individual capacity, was improperly attempted via certified mail to the Commission's offices. Pursuant to the spirit of Federal Rule of Civil Procedure 4(d), the Commission waives its right to proper service as provided by Rule 4(j).

1

3.  Watkins has not stated a claim against the Commission upon which relief can be granted under 42 U.S.C. §§ 1983, 1986, 1988, or under any other statute, constitutional theory, or legal authority.

4.  The Commission admits that causes of action may be stated under certain circumstances pursuant to 42 U.S.C. § 1983, 1986, or 1988, but denies that such circumstances are present in this case.

5.  The Commission asserts that Watkins' claim is barred by the affirmative defense of *res judicata*. *Res judicata*, or claim preclusion, is appropriate if four conditions are satisfied: First, the parties in a later action must be identical to (or in privity with) the parties in a prior action; second, the judgment in the prior action must have been rendered by a court of competent jurisdiction; third, the prior action must have concluded with a final judgment on the merits; and fourth, the same claim or cause of action must be involved in both suits. *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994); *Eubanks v. Federal Deposit Ins. Corp.*, 977 F.2d 166, 169 (5th Cir. 1992). Claim preclusion prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action. *Shanbaum*, 10 F.3d at 310; *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990). If a party does not raise a claim or a defense in the prior action, that party thereby waives its right to raise that claim or defense in the subsequent action. *Shanbaum*, 10 F.3d at 310; *Kaspar Wire Works, Inc. v. Leco Engineering & Mach. Inc.*, 575 F.2d 530, 535 (5th Cir. 1978); *see also Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414 (1980) (holding that claim preclusion applies

to claims that "were or could have been raised" in a prior action that involved "the parties or their privies" when the prior action had been resolved by "a final judgment on the merits."). A dismissal with prejudice constitutes a final judgment on the merits. *Bradford v. Bronner*, 665 F.2d 680, 682 (5th Cir. 1982); *Astron Indus. Association v. Chrysler Motor Corp.*, 405 F.2d 958 (5th Cir. 1968).

6. Watkins sued the Commission in 1995 in the United States District Court for the Southern District of Texas, Beaumont Division, a court of competent jurisdiction. That court dismissed Watkins' lawsuit with prejudice by order dated September 23, 1998. The issue raised in that lawsuit are the same issues raised in the present action. Further, Watkins is precluded from raising any issues in the present lawsuit that he could have raised in the prior lawsuit, but did not.

7. The Commission asserts that any claim premised upon the law of negligence will not support a claim under 42 U.S.C. §1983.

8. The Commission asserts that any claim premised upon the doctrine of *respondeat superior* will not support a claim under 42 U.S.C. §1983.

9. The Commission denies that it acted separately or in concert with others to engage in illegal conduct to injure Watkins.

10. The Commission denies that Watkins was deprived of any right, privilege or immunity granted or secured by the Constitution and/or laws of the United States.

3

11. The Commission denies that Watkins is entitled to injunctive, declaratory, or any other relief demanded in his complaint, and further denies that Watkins is entitled to damages, attorney's fees, or costs in any amount whatsoever.

12. The Commission states that Eleventh Amendment immunity and sovereign immunity bar all claims against it.

13. The Commission asserts that attorney's fees are unavailable for any and all claims brought pursuant to the laws of the State of Texas.

14. Watkins has sued a state agency, which in actuality is a suit solely against the State. Absent express legislative or statutory authorization, neither the State of Texas nor any of its agencies is subject to suit under state law.

15. The Commission alleges that this suit is frivolous and without merit and that, as such, it is entitled to recover from Watkins the amount of any attorney's fees and costs incurred in defending this suit. The Commission seeks recovery from Watkins such attorney's fees and costs expended by it in being required to defend this suit.

## II. DEFENDANT'S JURY DEMAND

Should trial be necessary in the foregoing cause of action, the Commission respectfully demands a trial by jury.

## III. MOTION TO DISMISS

Watkins brought this lawsuit alleging that his civil rights were violated in 1990 in connection with his criminal prosecution and conviction for making an illegal investment and possession of marijuana. Watkins originally filed this lawsuit on November 15, 1995, against the State of Texas,

4

but added twenty-one new defendants by an Amended Complaint on February 14, 1997, including the Commission.[2] In that lawsuit, Watkins alleged the Commission acted with gross negligence by failing to act on his complaint against Judge Fernando Mancias. Watkins also alleged that the Commission's director, Mr. Robert Flowers, "violated Plaintiff's Federal Civil Rights to privacy when he . . . telephoned [Plaintiff] at his home during an otherwise pleasant birthday dinner with his family; to chastise and admonish him for filing a very legitimate complaint against a dishonest, corrupt, unruly and unqualified judge by the name of Fernando Mancias." Judge Hilda Tagle dismissed Watkins' claims with prejudice by written order dated September 23, 1998.

Watkins filed this lawsuit in state court alleging the same civil rights violations asserted in his previous lawsuit. The State Commission on Judicial Conduct moves to dismiss Watkins' claims.

1. The statute of limitations bars Watkins's claims. Watkins' pleadings indicated his purported cause of action against the Commission arose no later than 1990. For civil rights cases, the forum state's general personal injury limitations period controls. *Owens v. Okure*, 488 U.S. 235 (1989); *Piotrowski v. City of Houston*, 51 F.3d 512, 514, fn.5 (5th Cir. 1995). In Texas, the pertinent limitations period is two years. TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 1995); *Piotrowski*, 51 F.3d at 512. The statute of limitations for Watkins' claims under state law have likewise expired. TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 1995). The Commission, therefore, asserts that the instant action is time-barred under state law and subject to dismissal under Rule of Federal Procedure 12(b)(6).

---

[2] *H.L. Watkins, Jr. v. Joe Morales, et al.*, Civil Action No. B-95-183 (S.D. Tex. Sept. 23, 1998).

5

*Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (a complaint barred by statute of limitations may be dismissed for failure to state a cause of action).

2. The State Commission on Judicial Conduct is not a proper party to this civil rights suit. The Eleventh Amendment to the United States Constitution is an explicit jurisdictional bar against suits brought in federal court against the State. U.S. CONST. Amend. XI. The immunity afforded by the Eleventh Amendment extends to the State's agencies and departments and, in the absence of waiver, applies regardless of the nature of relief sought. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). There is no waiver of immunity in this case; therefore, the Court lacks subject matter jurisdiction over the State Commission on Judicial Conduct.

3. The State Commission on Judicial Conduct is not a person that may be held liable for purposes of Watkins' civil rights claims. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Because the civil rights statutes do not create a remedy against a state, the "claim" asserted by Watkins against the State Commission on Judicial Conduct is nonexistent. *See e.g. Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997).

## IV.

**WHEREFORE, PREMISES CONSIDERED**, the State Commission on Judicial Conduct urges this Court to deny Watkins any and all relief demanded in his complaint and to grant such other and further relief as the Court deems just and proper. Further, the State Commission on Judicial

Conduct requests that Watkins' claims against it be dismissed for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12b(1) and for failure to state a claim under Rule 12b(6).

Respectfully submitted,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

MICHAEL T. MCCAUL
Deputy Attorney General
For Criminal Justice

LOUIS V. CARRILLO
Assistant Attorney General
Chief, Law Enforcement Defense Division

_____
CURT H. SCHWAKE
Assistant Attorney General
State Bar No. 00798491

P. O. Box 12548, Capitol Station
Austin, Texas 78711
512.463.2080
512.495.9139 (Fax)

***ATTORNEYS FOR DEFENDANT THE STATE COMMISSION ON JUDICIAL CONDUCT***

7

## CERTIFICATE OF SERVICE

I, Curt H. Schwake, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the forgoing **DEFENDANT THE STATE COMMISSION ON JUDICIAL CONDUCT'S ORIGINAL ANSWER** has been served by placing same in the United States Mail, postage prepaid, Certified Mail, Return Receipt Requested, on this the 9th day of August, 2000, addressed to:

*H.L. Watkins, Jr.*
El Camino Real Box No. 59
San Benito, Texas 78586

*Appearing Pro Se*

_____
CURT H. SCHWAKE
Assistant Attorney General

8