UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 21 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| H.L. WATKINS, JR., <br>     Plaintiff, Pro se, <br><br> v. <br><br> JAMES Y. SITGREAVES, <br> JOHN CARRINGTON, <br> ALFREDO PADILLA, <br> LUIS V. SAENZ, <br> ELOY CANO, <br> FERNANDO MANCIAS, <br> HIDALGO COUNTY, <br> MIGDALIA LOPEZ, <br> FILEMON B. VELA, <br> FIDENCIO GARZA, JR., <br> HILDA G. TAGLE, <br> JOHN W. BLACK, <br> JOHN D. RAINEY, <br> W. EUGENE DAVIS, <br> HAROLD DeMOSS, JR., <br> JAMES L. DENNIS, <br> MARCEL C. NOTZON, <br> KEITH P. ELLISON, <br> GEORGE P. KAZEN, <br> LYNN N. HUGHES, <br> STATE BAR OF TEXAS, <br> ROBERT FLOWERS, <br> STATE COMMISSION ON <br> JUDICIAL CONDUCT, <br> STATE OF TEXAS, <br> MERVYN M. MOSBACKER, U.S. <br> ATTORNEY, and U.S. ATTORNEY <br> GENERAL JANET RENO, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO. B-00-112 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **DEFENDANTS' (FEDERAL JUDGES & PROSECUTORS) MOTION TO DISMISS**

# DEFENDANTS' MOTION TO DISMISS

The defendants FILEMON B. VELA, FIDENCIO GARZA, JR., HILDA G. TAGLE, JOHN W. BLACK, JOHN D. RAINEY, W. EUGENE DAVIS, HAROLD DeMOSS, JR., JAMES L. DENNIS, MARCEL C. NOTZON, KEITH P. ELLISON, GEORGE P. KAZEN, and LYNN N. HUGHES, ("Federal Judges"), and MERVYN M. MOSBACKER, U.S.ATTORNEY, and U.S. ATTORNEY GENERAL JANET RENO, ("Federal Prosecutors"), file this motion to dismiss according to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. This Court lacks jurisdiction over the subject matter and the Plaintiff ("Watkins") has failed to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(1) and (6). The Court is referred to the following discussion for grounds in support of this motion.

## I. Case Background

Mr. Watkins filed this complaint, his seventh law suit in a series, seeking to collaterally attack previous state and federal court rulings through a hodgepodge alleging constitutional violations and tortious activities. Watkins continues to seek out a judge, federal or state, who will grant him the relief he seeks. Namely, Watkins seeks the overturn of his 1990 state criminal narcotics arrest, guilty plea, and sentence, case number 90-CR-814-C. In addition, Watkins seeks monetary damages in excess of $16,000,000.00 for the alleged harm to himself. The following table represents the previous cases filed by Mr. Watkins:

| CASE | CASE TITLE | JUDGE(S) | LAST ACTION |
|---|---|---|---|
| B-95-183 Case #1 | H.L. Watkins v. State of Texas et. al. | Judge Tagle  Judge Garza  Judge Black | dismissed w/ prejudice  09/25/98  order restricting future suits |
| V-98-24 Case #2 | H.L. Watkins v. Juan Barbosa et. al. | Judge Rainey  Judge Tagle | consolidated w/ B-95-183  07/28/98 |

2

| Case No. | Case Name | Judges | Disposition | Date |
|---|---|---|---|---|
| 98-40936 Petition #1 | In Re Watkins — appeal to 5th Circuit from B-95-183 | Judge DeMoss, Judge Davis, Judge Dennis | writ of mandamus denied | 09/01/98 |
| V-99-14 Case #3 | H.L. Watkins v. City of San Benito et. al. | Judge Rainey | transferred to B-99-118 | 06/24/99 |
| B-99-118 Case #3 | H.L. Watkins v. City of San Benito et. al. | Judge Vela, Judge Black | def. summery judgment | 11/19/99 |
| 99-41364 Petition #2 | In Re Watkins — appeal to 5th Circuit from V-99-14 | Judge Garwood, Judge Wiener, Judge Benavides | writ of mandamus denied; warning issued to Watkins | 02/01/00 |
| L-99-99 Case #4 | H. L. Watkins v. Michael N. Milby et. al. | Judge Kazen, Judge Ellison, Judge Notzon | pending m/dismiss | |
| L-00-30 Case #5 | H.L. Watkins v. Kathy Johnson et al. | Judge Kazen, Judge Ellison, Judge Notzon | pending m/dismiss | |
| H-00-133 Case#6 | H.L. Watkins v. U.S. Dist. Ct. Judge Vela et. al. | Judge Hughes | dismissed w/prejudice | 05/11/00 |

In Watkins' first case, case number B-95-183, Judge Tagle dismissed his complaint with prejudice and restricted future complaints regarding his 1990 state narcotic arrest, guilty plea and sentence. Afterwards, the Fifth Circuit Court of Appeals denied Watkins' petition for a writ of mandamus against Judge Tagle, case number 98-40936. Disregarding Judge Tagle's order, Watkins' continued to file suits over the same matter. In the present case, Watkins is suing the several Federal Judges (Vela, Garza, Tagle, Black, Rainey, Davis, DeMoss, Dennis, Notzon, Ellison, Kazen, and Hughes) who presided over and made various judicial rulings in his previous cases. Watkins is also suing the Attorney General of the United States (Janet Reno) and the United States Attorney for the Southern District of Texas (Mervyn Mosbacker) as Federal Prosecutors who did not initiate criminal investigations against these same federal judges.

3

## II. Standard of Review

Rule 12(b)(1) permits dismissal of an action when the court lacks subject matter jurisdiction. A motion under Rule 12(b)(1) may be decided on any of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Barrera-Montenegro v. United States, 74 F.3d 657, 659 (5th Cir. 1996); Fleischer v. United States Dept. of Veterans Affairs, 955 F.Supp. 731, 733-34 (S.D. Tex. 1997).

A motion under Rule 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Home Builders Association v. City of Madison, 143 F.3d 1006, (5th Cir. 1998); Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1992). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. Home Builders Association v. City of Madison, 143 F.3d 1006, (5th Cir. 1998); Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting subject matter jurisdiction. St. Paul Reinsurance Company, LTD., v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); Rodriguez v. Texas Commission on the Arts, 992 F.Supp. 876, 879 (N.D. Tex. 1998). The question of subject matter jurisdiction is an issue for the court to decide. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981).

In ruling on a motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations in the pleadings as true and examine whether the allegations state a claim sufficient to avoid dismissal. Grisham v. United States, 103 F.3d 24, 25 (5th Cir. 1997). A court may grant a Rule 12(b)(6) motion only if it appears that no relief could be granted under any set of facts that could be

4

proved consistent with the allegations. Kansa Reinsurance Co. v. Congressional Mortg. Corp., 20 F.3d 1362, 1366 (5th Cir. 1994). While the court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff. Id. at 1366. Moreover, when a successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6) may be appropriate. Id. at 1366.

### III. Discussion

**A. Watkins' claims against the defendant federal judges should be dismissed because they are entitled to absolute judicial immunity.**

The defendant Federal Judges were the presiding judges in the previous lawsuit filed by Watkins. They are entitled to absolute judicial immunity. Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction. Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985). For purposes of immunity, the judge's jurisdiction is construed broadly and a judge is not deprived of immunity "because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Davis v. Bayless, 70 F.3d 367, 373 (5th Cir. 1995). The Fifth Circuit has set forth four factors to determine if an act is "judicial." First, whether the precise act complained of is a normal judicial function. Second, whether the acts occurred in the courtroom or appropriate adjunct spaces, such as the judge's chambers. Third, whether the controversy centered around a case pending before the court. And fourth, whether the acts arise directly out of a visit to the judge in his official capacity. Adams, 764 F.2d at 297. The four-part test should always be considered in determining whether an act is judicial, however, the test factors should be broadly construed in favor of immunity. Id. at 297. Moreover, it should be born in mind

5

that while these factors will often plainly indicate that immunity is available, there are situations in which immunity must be afforded even though one or more of these factors fails to establish immunity. Id. at 297. Nor are the factors to be given equal weight in all cases, rather, they should be construed in each case generously to the holder of the immunity and in the light of the policies underlying judicial immunity. Id. at 297. Of primary importance among these policies is the need for independent and disinterested judicial decision making; immunity should not be denied when the denial carries the potential of raising more than a frivolous concern in the mind of some future judge that taking proper action might expose him to personal liability. Id. at 297. Judicial immunity applies even when the judge is accused of acting maliciously and corruptly. Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288 (1991).

Here, Watkins complains about the numerous rulings that the defendant Federal Judges made in his prior lawsuits. He makes absurd allegations and conclusive statements that their decisions amounted to illegal acts and judicial abuse. He does not articulate a factual basis for these allegations. All of the acts complained about by Watkins involve judicial acts. The alleged acts (i.e., granting a motion to dismiss, denying a motion for default judgment, ruling on various motions, etc.) involve normal judicial functions; they occurred either in the courtroom or judge's chambers; the controversy centered around a case pending before the court; and, the alleged acts arose out of a visit to the judges in their official capacities. The four part test articulated by the Fifth Circuit is clearly satisfied. Adams, 764 F.2d at 297.

Therefore, the defendant federal judges are entitled to absolute judicial immunity and should be dismissed from this lawsuit. Although Watkins' attempts to label his complaint as an action against the Federal Judges in their private capacity, his complaint none the less relates exclusively

6

to the Federal Judges' official performance of their Judicial functions and does not defeat the defense of absolute immunity.

**B.    Watkins' claim against the Federal Prosecutors should be dismissed because they are entitled to qualified immunity.**

A victim who has suffered a constitutional violation by a federal actor can recover damages in federal court against that federal actor. McGuire v. Turnbo, 137 F.3d 321, 323 (5th Cir. 1998); Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971). However, federal officials who do not qualify for absolute immunity may nevertheless be entitled to assert the affirmative defense of qualified immunity, which shields them from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Barrett v. United States, 798 F.2d 565, 573 (2nd Cir. 1986); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982); Lowe v. Letsinger, 772 F.2d 308, 313 (7th Cir. 1985); Warnock v. Pecos County, 116 F.3d 776, 779 (5th Cir. 1997); Matherne v. Wilson, 851 F.2d 752, 756 (5th Cir. 1988); Saunders v. Bush, 15 F.3d 64, 67 (5th Cir. 1994). A plaintiff's complaint must consist of more than mere conclusions to defeat a qualified immunity defense. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995). A federal district court must insist that a plaintiff suing a public official for a civil rights violation file a short and plain statement in his complaint, and the statement must rest on more than mere conclusions alone. Id. at 1433.

In analyzing a case in which the court is considering a claim for qualified immunity, the first issue to be addressed is whether or not the plaintiff has stated a violation of a clearly established constitutional right by the defendants. Second, the court must determine whether the plaintiff has

stated that movants knew or should have known that they were violating a clearly established constitutional right. Siegert v. Gilley, 500 U.S. 226, 232 (1991); Duckett v. City of Cedar Park, 950 F.2d 272, 277-78 (5th Cir. 1992).

Watkins makes sweeping allegations that the defendants conspired with each other to violate his constitutional rights. The Fifth Circuit has repeatedly held that mere conclusory allegations of conspiracy cannot form the basis for a cause of action alleging a constitutional tort. Dayse v. Schuldt, 894 F.2d 170, 173 (5th Cir. 1990); Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982); McAfee v. Fifth Circuit Judges, 884 F.2d 221, 222 (5th Cir. 1989); Brinkmann v. Johnston, 793 F.2d 111, 113 (5th Cir. 1986); Schultea, 47 F.3d at 1430.

The defendant Federal Prosecutors are entitled to qualified immunity as long as their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Mitchell, 105 S.Ct. at 2814. In this case, Watkins does not allege any facts that establish a constitutional or statutory right. He does not allege any facts that the Federal Prosecutors personally violated his constitutional or statutory rights or that they had any personal involvement in his previous lawsuits. Nor does he allege any facts to establish that the Federal Prosecutors personally knew or should have known that they were violating a clearly established constitutional or statutory right. His rambling and nonsensical allegations are merely bald assertions that his constitutional rights have been violated. This is insufficient. The Federal Prosecutors are entitled to qualified immunity and should be dismissed from this lawsuit..

### C.  Watkins has not exhausted his administrative remedies under the Federal Tort Claims Act. Therefore, his claim is barred.

Watkins has not alleged that he is pursuing a tort claim against the United States. However, to the extent that the court may construe Watkins' complaint to allege a negligence cause of action against the United States, the undersigned attorney offers the following discussion.

The Federal Tort Claims Act ("FTCA") is a limited waiver of sovereign immunity. Ross v. Runyon, 858 F.Supp. 630, 634-35 (S.D. Tex. 1994). The FTCA is the exclusive means provided by statute for recovery of money damages against the United States in tort. Id. at 635; 28 U.S.C. § 2674. The FTCA imposes liability on the United States for personal injuries, death, or injuries to or loss of property caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment. Id. at 635.

Under the FTCA, a lawsuit cannot be initiated against the United States unless the plaintiff has first exhausted his administrative remedies. 28 U.S.C. § 2675(a); McNeil v. United States, 508 U.S. 106, 107, 113 S.Ct. 1980, 1981 (1993).[1] A plaintiff must file an administrative claim against the United States with the appropriate federal agency within two years after the claim accrues and file suit within six months of the claim being denied. 28 U.S.C. § 2401(b); Houston v. United States

---

[1] 28 U.S.C. § 2675(a) provides, in pertinent part: "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

9

Postal Service, 823 F.2d 896, 902 (5th Cir. 1987).[2] Once a plaintiff files a claim, he is prohibited from filing a lawsuit until the agency has denied the claim or six months have passed since the claim was filed. 28 U.S.C. § 2675(a). Compliance with the administrative claim process is a jurisdictional prerequisite to filing a lawsuit under the FTCA. Ross v. Runyon, 858 F.Supp. 630, 636 (S.D. Tex. 1994); MacMillan v. United States, 46 F.3d 377, 380 fn. 3 (5th Cir. 1995). The plaintiff bears the burden of proving that he has complied with this jurisdictional prerequisite. In re Agent Orange Prod. Liab.Litig., 818 F.2d 210, 214 (2nd Cir. 1987). The failure of a claimant to exhaust his administrative remedies before filing an action under the FTCA deprives the court of subject matter jurisdiction over the suit. Ross, 858 F.Supp. at 636; Reynolds v. United States, 748 F.2d 291, 292 (5th Cir. 1984); Taylor v. Administrator of Small Business Admin., 722 F.2d 105, 110 (5th Cir. 1983).

Watkins has not alleged or demonstrated that he has exhausted his administrative remedies. This is fatal to his cause of action. Bullion v. Livesay, 83 F.R.D. 291 (E.D. Tenn. 1979); Baritsky v. United States, 72 F.3d 132 (7th Cir. 1995); Chatman, Jr. v. Hernandez, 805 F.2d 453 (1st Cir. 1986).

**D.  Watkins claim for prospective injunctive relief from Judges Vela and Garza should be denied.**

In his demand for damages, Watkins requests prospective injunctive relief. He does not make any factual allegations in support of this request.

To obtain injunctive relief, a plaintiff must show that without the injunction he is in real

---

[2] 28 U.S.C. § 2401(b) provides: "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

10

danger of suffering irreparable harm. <u>Johnson v. Kegans</u>, 870 F.2d 992, 999 (5th Cir. 1989), cert. denied, 492 U.S. 921 (1989). The alleged threat must be more than an abstract possibility. <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 102 (1983). Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, if unaccompanied by any continuing, present adverse effect. <u>Henschen v. City of Houston</u>, 959 F.2d 584, 588 (5th Cir. 1992) (request for prospective injunctive relief was denied). Plaintiffs must show that they are imperiled by a present threat. <u>Id</u>. at 588.

Here, Watkins has not alleged, let alone shown, that he satisfies the requirements for obtaining injunctive relief. Thus, his request for prospective injunctive relief should be denied.

### IV. Conclusion

Watkins' complaint on its face should be dismissed with prejudice. In 1990, Watkins voluntarily entered into a plea agreement over a state criminal charge for possession of a controlled substance. In 1995, after waiving his right of appeal, Watkins files a federal law suit seeking to overturn the guilty plea and sentence five years later. United States District Court Judge Tagle rightfully dismissed the complaint with prejudice and restricted Watkins from filing any more law suits regarding his 1990 conviction and sentence. A violation of Judge Tagle's order would subject Watkins to Rule 11 sanctions. Undeterred, Watkins willfully disobeyed Judge Tagle's order and proceeded to file several succedent lawsuits, including the present one, wherein he named several federal and state judges, prosecutors and government bodies.

Watkins's present complaint is a clear abuse of the judicial process and demonstrates complete disrespect and contempt for the judiciary and the judicial process. Although a Court should construe a pro se plaintiff's complaint liberally, the court should not assume the role of advocate,

11

and should dismiss claims which are supported only by vague and conclusory allegations. <u>Lynch v. Cannatella</u>, 810 F.2d 1363, 1369-70 (5th Cir. 1987). He has repeatedly concocted a vast conspiracy theory involving numerous federal and state judges, prosecutors, law enforcement officers and governmental bodies, and private attorneys without an iota of evidence to support his malicious and absurd allegations. A complaint containing only vague, conclusory, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss. <u>Young v. Biggers</u>, 938 F.2d 565, 569 (5th Cir. 1991). He lays blame at the feet of the federal courts and prosecutors for his failure to file a timely appeal of his earlier conviction and original federal suit. In the process, Watkins occupies the court's resources and directs the court's attention away from meritorious cases. Watkins' complaint should be dismissed instanter.

Considering the above, the defendants, Federal Judges and Federal Prosecutors, request that their motion to dismiss be granted, that the plaintiff's cause of action be dismissed, with prejudice., that Watkins be barred from filing any further law suits, and that sanctions pursuant to Rule 11 and consistent with the Honorable Judge Tagle's previous Order of Dismissal be assessed against Watkins.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

JOSE VELA, JR.
Assistant United States Attorney
Illinois State Bar No: 6210323
Federal. Bar No: 25492
1701 W. Business 83, Suite 600
McAllen, TX 78501
(956) 618-8010
Fax (956) 618-8016

## Certificate of Service

This will certify that a copy of the Defendants' Motion to Dismiss was served by regular first class mail and certified mail, return receipt requested, on September 20, 2000, to the following:

State of Texas
c/o John Cornyn, Atty, Gen.
300 W. 15th Street
Austin, Texas 78711

Eloy Cano
c/o Harlingen Police Department
P.O. Box 1631
Harlingen, Texas 78550

Richard O. Burst
Civil Legal Department
Cameron County Commissioners Court
964 East Harrison Street
Brownsville, Texas 78520

Hidalgo County
100 N. Closner
Edinburg, Texas 78539

Attorney for Luis Saenz, Migdalia Lopez, & Fernando Mancias

Robert Flowers &
State Commission on Judicial Conduct
P. O. Box 12265, Capitol Station
Austin, TX 78711

John Lee Carrington
113 E. Harrison
Harlingen, TX 78550

James Y. Sitgreaves
2009-C Padre Blvd.
South Padre Island, TX 78597

Alfredo Padilla
100 E. Van Buren St.
Brownsville, TX 78520

State Bar of Texas
c/o General Counsel
P. O. Box 12487, Capital Station
Austin, TX 78711-2487

H.L. Watkins Jr.
El Camino Real - Box #59
San Benito, Texas 78586

JOSE VELA, JR.
Assistant United States Attorney

13