IN THE U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, DIVISION

12

United States District Court
Southern District of Texas
FILED
OCT 10 2000
Michael N. Milby, Clerk of Court

L.L. WATKINS, JR
PLAINTIFF, PRO SE

CIVIL ACTION # B-00-112

V.

JAMES Y. SITGREAVES, ET AL.
DEFENDANTS.

## MOTION FOR SUMMARY JUDGEMENT PER ALL DEFENDANTS:

TO THE HONORABLE JUDGE OF THIS COURT:

Comes now Plaintiff Pursuant to Federal Rules of Civil Procedure, Rule 56, to present evidence in compliance with 56(c): "The judgement sought shall be rendered forthwith if the pleadings, depositions, Answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law. THERE MUST BE EVIDENCE UPON WHICH A JURY COULD REASONABLY FIND IN THE NON-MOVING PARTY'S FAVOR. (SEE ANDERSON V LIBERTY LOBBY, INC. 477 US 242, 248-52, 106 SCT, 2505, 2510-12, 91 L.Ed.2d 202 (1986).

1. As to attorneys Sitgreaves, Carrington and Padilla, there is no manner of contradictive evidence available to defend against the fact each lawyer failed to demand, and/or to utilize the exculpatory documents available for a positive defense of their client, as mentioned and explained fully in B-00-112, PER AMENDMENT 14.

2. As to Justice of the Peace/defendant Eloy Cano, no defense is available against the charges of setting excessive bond and refusal to reduce for a period of 17 days, an 8th Amendment violation.

3. As to defendant Luis V. Saenz, he cannot prove he did not withhold the Trevino report from the Grand Jury, nor that he did

as to the three 5th Circuit Judges, no defense is available against perpetrating a fraudulently flawed denial of Writ of mandamus, by failure to affix signatures and attempting to pass off initials in lieu thereof on page two of a three page piece of garbage that denies on page three, thus rendering the document unappealable to the Supreme Court. Such dishonor and corrupt acts deny Plaintiff's 5th Amendment Rights to Due Process, and obstructs justice.

9. Judge Magdalia Lopez would be hard put to defend against the charge that she obstructed justice by denying Plaintiff's 5th Amendment Rights to Due process when she defied the Supreme Court's decision to set aside a conviction with no proof at all when shown the Sergeant Trevino report that states "The confiscated money was found in their vehicle". Further, her defense counsel placed her in default for failure to respond in compliance with the Federal Rules of Civil Procedure, Rules 5 and 11. Further, Counsel for Lopez pleaded an illegal and invalid mythical law that is forbidden by the United States Constitution. There are other flaws not available to the Plaintiff for their listing and he prays the Court will correct the situation with an order pursuant to an attached motion for access and retention of his own files from his office.

10. Defendant State Bar is in Default for failure to respond or defend pursuant to FRCP; the document is perjured, and bears no signature.

11. The State Commission on Judicial Conduct was placed into default for failure to respond within the 20 day rule on the Summons. The document is falsified when the Assistant Attorney General falsely claims Plaintiff is barred by the 11th Amendment from filing against the State of Texas and any state agency. And the Attorney failed to state his real name to the document which bears no signature.

PAGE 2

4. As to defendant Fredencio Garza, Jr., his own documents prove he obstructed justice, falsified a Magistrate Judges Report and denied Plaintiff's 5TH Amendment Rights to Due Process of the laws.

5. As to defendant Hilda G. Tagle, she has no defence against the charge of falsifying a 10 JULY, 1998 Consolidation order twice in one sentence, nor that she violated F.R.C.P. 42: "The court may not consolidate actions that do not share common issues of law or fact." (See Malcolm v. NATIONAL GYPSUM.CO ~~~~~~ ) 995 F.2d 346 (2nd Cir. 1993). As to dismissal defense available to Judge Tagle, dated 23 September, 1998, see Conley v Gibson 335 US 478 S.ct 99, 2 L.Ed 8 (1957). "A Case will be dismissed under Rule 12(b)(6) only when it appears beyond doubt that the pleader can prove no set of facts in support of the claim(s) that ~~~~ would entitle the pleader to relief." As to her admittance that she accepted the repeatedly perjured Magistrate's Report, per Magistrate John W. Black, ~~~ Judge Tagle would be hard pressed to defend herself. And her document bears no signature in compliance with every known law of jurisprudence, nor pursuant to Webster's unabridged as mandated as the final definition in all State And U.S. Courts, per Texas and U.S. Attorney Generals. SIGNATURE: "The name of a person written in his own hand to signify that what preceeds accords with his wishes and intentions". Further, her attorney failed to respond and defend pursuant to Rule 4 And the Summons, itself.

6. As to Defendant John Black, who took an oath to ~~~~ UPHOLD, PROTECT AND DEFEND THE CONSTITUTION, made a farce of his oath by lying no less than a dozen times in his Report and Recommendation to support Judge Tagle, nor did he affix a signature. Therefore, he has no defense against the Charges in B-00112.

7. As to defendant Filemon B. Vela, who also lied in his dismissal order in an action named in the action that is