

19

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

H.L. WATKINS, JR.                                        CIVIL ACTION B-00-112
Plaintiff, Pro Se.
v
THE STATE BAR OF TEXAS, &
THE STATE COMMISSION ON JUDICIAL CONDUCT, &
THE STATE OF TEXAS, &
JAMES YOW SITGREAVES, &
JOHN LEE CARRINGTON, &
ALFREDO PADILLA, &
LUIS V. SAENZ, &
ELOY CANO, &
FERNANDO G. MANCIAS, &
HIDALGO COUNTY, TEXAS, &
MIGDALIA LOPEZ, &
FILEMON B. VELA, &
FIDENCIO G. GARZA, JR. &
HILDA G. TAGLE, &
JOHN W. BL;ACK, &
JOHN D. RAINEY, &
W. EUGENT DAVIS, &
HAROLD DeMOSS, JR., &
JAMES L. DENNIS, &
MARCEL C, NOTZON, &
KEITH P. ELLISON, &
GEORGE P. KAZEN, &
LYNN N. HUGHES, &
ROBERT FLOWERS, &
MERVYN N. MOSSBACKER, &
FORMER U.S. ATTORNEY GENERAL JANET RENO,
Defendants.

## MOTION FOR CHANGE OF VENUE:

1

TO THE HONORABLE JUDGE OIF THIS COURT:

    COMES NOW MOST RESPECTFULLY BEFORE YOU, PLAINTIFF, PRO SE., H.L. WATKINS, JR., attempting pursuant to the 14th Amendment, et al, to regain my good name, honor, integrity and previously impeccable reputation, and that of my deceased father, THE REVEREND DOCTOR HORACE LAMAR WATKINS, via a change of venue into a Court with honest judges who read, understand what they read in the English language; respect and abide by the laws of the state of Texas, its Constitution, and the laws of the United States, and its Constitution - totally unavailable to this Plaintiff in the **ENTIRE** Southern District of Texas, but for a single Court, in Del Rio.

    Civil Action B-00-112, attached hereto, is the seventh (7th) in a series of efforts to regain his good name; beginning on 11 November, 1995. This Cicil Action, however, was filed in **State District Court**, in Brownsville, Texas, on 23 June, 2000. The Defendants had twenty (20) days in which to respond. The Cause No: assigned the Civil Action was **2000-06-2635-E,** pursuant to Title 42 USC, Section 1983. Each Defendant is, and has been in **DEFAULT FOR FAILURE TO APPEAR AND RESPOND PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE**, and each were timely filed against for **DEFAULT JUDGEMENT. None of some forty motions filed with the Clerk of the Court have been ruled on, nor has there been a single hearing in the matter, aside from a Motion for Leave of the Court to Amend, heard and Granted in ten minutes on or about 10 January, 1997.**

    In this particular filing, nonetheless, **THE DEFENDANTS THEMSELVES** ORDERED THE CASE MOVED INTO U.S. DICTRICT COURT, SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION, into the jurisdiction of **Defendant District Judge Hilda G. Tagle,** on 7/24/00. **THE REMOVAL ORDER BEARS THE NAME OF A DEPUTY U. S. ATTORNEY ON THE SIGNATURE LINE, WITH NO SIGNATURE AFFIXED THERETO.** A scheduling conference pursuant to FRCP Rule 16 was ordered for 2:15 pm on 11/20/00, by Tagle, entry date 07/26/00, who then recused herself on 8/9/00, and no additional hearings of any sort, pursuant to Rule 26(f), ott other, have been scheduled since.

    Moreover, CO-INCIDENTALLY, THE PLAINTIFF WAS **KIDNAPPED** FROM HIS HOME IN THE RETIREMENT COMMUNITY OF EL CAMINO REAL, SAN BENITO, TX., THE FOLLOWING DAY, ON 27 JULY, 2000, BY THREE CAMERON COUNTY CONSTABLES WHO FELONIOUSLY ENTERED ONTO PRIVATE PROPERTY WITH CRIMINAL INTENT TO KIDNAP THE OWNER/OCCUPANT AT 404 PALM DRIVE; FORCED ENTRY INTO THE HOME WITHOUT RINGING THE DOOR BELL NOR AN INVITATION, REMOVED THE HOUSE KEYS FROM THE PLAINTIFF'S HANDS, LOCKED HIS TWO POODLES IN THE HOUSE WITH MINIMAL WATER AND NO

PREPARED FOOD, (Plaintiff is a bachelor), THEN PLACED HIM INTO THE CAMERON COUNTY JAIL, CONCEIVABLY TO PREVENT HIM FROM MEETING HIS SCHEDULED COURT APPEARANCES, AND THE PRESIDING JUDGE, WHOEVER IT HAPPENED TO BE ON A GIVEN DATE, WOULD BE PREDISPOSED TO DISMISS B-00-112.

   A note to this Court is in order at this point: From jail, documents were needed from a home file cabinet, and a friend was informed by phone where to find an emergency key. Speaking to him via phone from jail to my house, he was told where the documents were located. Rather, the ENTIRE DRAWER THAT CONTAINED ONLY DOCUMENMTS PERTAINING TO TEXAS District Court CIVIL ACTION 2000-06-2635-E AND U.S. DISTRICT COURT CIVIL ACTION B-00-112, WERE IN THAT PARTICULAR DRAWER - WHICH **WAS EMPTY**. This is not to imply that the Chief Constable, JOSAPHAT "HOSS" LOZANO is responsible for the missing documents, but he had the keys, and the opportunity.

   Defendant Filemon B. Vela then took jurisdiction of the case on 8/09/00, recused himself on 8/10/00; case assigned into the jurisdiction of Judge Ricardo H. Hinojosa, of the McAllen Division, although Defendant Vela ordered the CIVIL ACTION FILES AND RECORDS KEPT IN THE BROWNSVILLE DIVISION. The case was reopened on 8/21/00; Motion to Dismiss by Defendants Vela, Tagle, Black, Rainey, Davis, DeMoss, Dennis, Notzon, Ellison, Kazen, Hughes, Mossbacker and Janet Reno on 9/27/00; Motion for Discovery Hearing filed from jail by Plaintiff, H.L. Watkins, Jr., on 9/27/00; Motion for all filed papers by H.L. Watkins, Jr., on 10/10/00; Motion by H.L. Watkins, Jr, to command Sheriff to deliver Plaintiff to his home for Court files and make County Law Library available, as needed, plus necessary supplies and equipment to proceed with the case from jail filed on 10/10/00; Motion for Summnary Judgement by H.L. Watkins, Jr., filed on 10/10/00; case referred to Magistrate Judge Peter G. Ormsby on 10/12/00; Motion for Writ of Habeas Corpus, for relief and release from jail filed by H.L. Watkins, Jr., on 10/16/00; Emergency Motion for EXECUTION ON DEFENDANTS IN DEFAULT, filed by H.L. Watkins, Jr., on 10/19/00; Motion for Pre-Trial Conference filed by H.L., Watkins, Jr., on 2/13/01 - **NONE OF WHICH HAVE BEEN RESPONDED TO AS OF THE DATE OF THE DOCKET SHEET, DATED 22 FEBRUARY, 2001. 10:15 am.**.

   At some point in time, two very important documents have shown up in regards to the kidnapping reported above. One is a so-called CAPIAS/ARREST WARRANT FOR HORACE LAMAR WATKINS, marked as exhibit #1. Exhibit #2 is Father's Certificate of Death, dated 20 September, 1964. Please note that exhibit number 1 is signed by a **Deputy Clerk of the District Court, Brownsville.** It is dated 27 July, 1998, and bears the heading of the 197th Judicial District Court - Defendant MIGDALIA LOPEZ, Presiding. Please then note that "Hoss" claims to have arrested Horace on 27 July, 2000, with a document on which, if otherwise legitimate, the Texas two years statute of limitation ran at midnight, 26 July, 2000.

   Please also see exhibit #3, Plaintiff's birth certificate, Texas driver's license and Social Security card, which was shown to Lozano and the JP who "arraigned Horace Lamar Watkins" on 27 July, 2000, one SANTIAGO SALDANA, of Rio Hondo, Texas.

Now see exhibit #4, again with a 197th JDC heading, Hon. Defendant Migdalia Lopez, Presiding since November, 1997. It too, is dated 27 July, 1998, yet "Hoss" Lozano has superimposed the stamped name of former 197th JDC Judge, Darrell B. Hester, over the signature line, minus his signature, of course. It orders the arrest of deceased Horace Lamar Watkins, as well.

On or about 15 August, 2000, Defendant Judge Migdalia Lopez summoned Horace Lamar Watkins's son from his cell and into her court, where she recused herself, and a lawyer listed in the Rio Grande phone book for 2000/2001, as a broker, was handed jurisdiction of Horace Lamar Watkins' fate. However, Texas Governement Code - Chapter 24, Section 24-002, marked as exhibit 5 states clearly in the English language that she - Judge Lopez - **must certify to the governor, meaning Bush, of her recusal, and the governor shall designate a DISTRICT JUDGE OF ANOTHER DISTRICT TO EXCHANGE BENCHES**. Yet, lawyer/broker **ROBERT F. BARNES** of Hidalgo County, **has no bench to exchange**, and **is not, in fact, a district judge.**

The same article then states that a Special Judge may be called upon, which was not done, either. Thus, **MISTER** BARNES sectenced HORACE LAMAR WATKINS TO FIVE YEARS IN STATE PRISON, ALTHOUGH HIS SON WAS TAKEN THERE ON 11 NOVEMBER, 2000, FOLLOWING TWO HEART ATTACKS AND THREE SURGERIES, ONE FOR INTERNAL BLEEDING, EACH OF WHICH CAMERON COUNTY REFUSED TO PAY FOR, PURSUANT TO THE 14TH AMENDMENT'S MANDATE: "A PRISONER SHALL BE AFFORDED MEDICAL CARE".

Further, the Social Security Administration stopped payment on my "Retirement Benefits". Plaintiff is now being threatened with legal action for failure to pay the 20% over and above what Medicare was forced to pay, although Camron County is responsibile. The Administration is now "withholding" until some $2,500 plus "overpayments" are repaid. Plaintiff is also prone to losing his home in El Camino Real.

Finally, please see exhibit #6, also a part of Chapter 24 of the Texas Code. The 197th Judicial District is composed of Cameron and Willacy Counties. Barnes resides in Hidalgo, Texas, also in Hidalgo County.

Plaintiff was released from prison on a Motion for Shock Probation, now paying heavy fines he cannot afford, plus court costs, attorney's fees, although no attorney was assigned to defend him - only a lawyer - and there is a definitive difference between the two, as judges are aware.

A demand on Judge Migdalia Lopez, as a defendant in B-00-112, is to Set Aside an illegally imposed ten year probated sentence and a five thousand dollar fine in 1990, as the Civil Action describes quite clearly. And, virtually every defendant involved has, at one time or another, PERJURED A COURT DOCUMENT THAT I CAN PROVE WITH THEIR OWN PAPERS, MOST OF WHICH WERE STILL IN THE COMPUTER AT THE TIME MY FILING CABINET WAS RAIDED..

4

THIS MOTION FOR CHANGE OF VENUE IS FILED PURSUANT TO: DISTRICT COURTS - VENUE: SECTION **1404(a)**, with emphasis on "**IN THE INTEREST OF JUSTICE** A DISTRICT COURT MAY TRANSFER ANY CIVIL ACTION TO ANY OTHER DISTRICT OR DIVISION **WHERE IT MIGHT HAVE BEEN BROUGHT**".

As stated above, nothing is being done in this matter, and is not likely to ever see the inside of a courthouse in the Southern District of Texas; albeit that each and every Defendant is in DEFAULT. Plaintiff Prays that this Court will transfer this case, which could have, and should have, been filed in the Western Division, by virtue of the three major defendants - the State Bar, The Commission of Judicial Conduct and the State of Texas, are headquartered there.

On the other hand, should it please the court to deny this Motion for Change, please do so expeditiously, and Plaintiff will file an Original Petition in the Western Division within a few days, afterward, and begin with a new start in an honest court, with an honest judge, not to be found, thus far, in the Southern District of Texas.

Most respectfully presented by;

*[signature]*
H.L. WATKINS, JR.
El Camino Real - Box #59
San Benito, Tx. 78586
Tel/fax # (956) 399-2312

Enclosures

POSTSCRIPT: Plaintiff has recently learned that his eldest daughter, Sandra Jean Richards, age 54, 7555 Jellison Court, Arvada, Colorado, tel (303) 425-8739, had been diagnosed with terminal cancer at age 54. Plaintiff Prays that this Court will take such information to heart when rendering a decision to transfer this case to an honest court. Such is sufficiently warranted on its own merits, however, please note in the photo marked exhibit #7, the Purple Heart with two bronze and a silver Oak Leaf Cluster, representing eight (8) Purple Heart for fifteen (15) wounds received in aerial combat during three wars, two tours each war. Now, as a service-connected disabled combat veteran with a daughter who needs her father at her side during whatever time she has left on this earth, this Court is in a position to play a major role toward seeing American Justice carried out in compliance with our Constitution - not that of Germany nor Japan - not North Korea or North Vietnam - nor Mexico, of which Cameron County, Texas, is an extention divided only by a river. HLWJ.


EXHIBIT #1

C A P I A S    CERTIFIED COPY

| | | |
|---|---|---|
| THE STATE OF TEXAS | NO. 90-CR-00000814-C | IN THE DISTRICT COURT |
| VS. | | OF CAMERON COUNTY, TEXAS |
| HORACE LAMAR WATKINS (ID#048590) (DOB: 05/21/25) | | 197TH JUDICIAL DISTRICT |

TO ANY PEACE OFFICER OF THE STATE OF TEXAS __ GREETING:

YOU ARE HEREBY COMMANDED TO ARREST: <u>HORACE LAMAR WATKINS</u> _____ and <u>him</u> safely keep, so that you have <u>him</u> before the Honorable <u>197TH</u> District Court of Cameron County, Texas, at the Courthouse in Brownsville, Texas, then and there to answer to the State of Texas upon a charge pending in said Court, charging <u>him</u> with a felony, to-wit:

<u>ILLEGAL INVESTMENTILLEGAL INVESTMENT</u> _____

_____ and in which cause:

The State of Texas has filed a Motion to Revoke Probation of said Defendant  <u>HORACE LAMAR WATKINS</u> _____ and the Court has set hearing on said Petition for:

<u>INSTANTER</u> _____

HEREIN FAIL NOT, but make due return hereof to this Court instanter. WITNESS my hand and seal of office at Brownsville, Texas, on

<u>JULY 27, 1998</u>

Bond required
in the sum of

<u>NO BOND</u>

AURORA DE LA GARZA
Clerk, Distict Courts in and for
Cameron County, Texas

By: _____
                Deputy

===============================================================

OFFICER'S RETURN

Came to hand on <u>July 28, 1998 on 8:00AM</u> and executed on <u>7-27-00</u> by placing the Defendant <u>Horace Lamar Watkins</u> in jail, by releasing the Defendant _____ on good bond.

#2

# CERTIFICATE OF DEATH

OCT 6 1964

SM 014868

**1. PLACE OF DEATH**
a. County: Kingman  c482
b. City, Town, or Location: Kingman
c. Length of Stay in 1b: 13 days
d. Name of Hospital: Donley Hosp & Clinic
e. Is Place of Death Inside City Limits? Yes

**2. Usual Residence**
a. State: New Mexico
b. County: Lea
c. City, Town, or Location: Lovington
d. Street Address: 9329
e. Is Residence Inside City Limits? Yes
f. Is Residence on a Farm? No

**3. NAME OF DECEASED:** HORACE LAMAR WATKINS

**4. DATE OF DEATH:** Sept 20, 1964

**5. Sex:** male
**6. Color or Race:** white
**7. Married** [X]
**8. Date of Birth:** 19 Mar 1890
**9. Age:** 74

**10. Usual Occupation:** Minister
**11. Kind of Business or Industry:** Clergy
**11a. Birthplace:** San Angelo, Tex.
**12. Citizen of What Country:** USA

**13. FATHER'S NAME:** Wm. David Watkins
**14. MOTHER'S MAIDEN NAME:** Jane Brown

**15. Was Deceased Ever in U.S. Armed Forces?** no
**16. Social Security No.:** 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
**17. Informant:** Alvin Watkins  Murdock, Kansas

**18. CAUSE OF DEATH:**
Part I. Death was caused by:
(a) Medullary paralysis
Due to (b) Metastatic Carcinoma
Due to (c) Prostatic Carcinoma

177X

**19. Was Autopsy Performed?** No

I hereby certify that I attended the deceased from 9-7-1964 to 9-20-1964, that I last saw the deceased alive on 9-20-1964, and that death occurred at 1 P.M.

Peter N. Donley D.O.   737 N. Cedar Kingman   9-24-64

Burial  9/23/64   St. Louis Cemetery   Waterloo, Kansas
339-7-8
Livingston's  Kingman, Kansas

## STATE OF NEW MEXICO, BUREAU OF PUBLIC HEALTH
### CERTIFICATE OF BIRTH

PLACE OF BIRTH
County of Lea
School District of
Village or Town of Lovington
or City of ____ (No. ____ St., ____ Ward)

Registered No. 22

FULL NAME OF CHILD: H L Watkins Jr
*IF CHILD IS NOT NAMED AT BIRTH, SEE INSTRUCTION ON REVERSE*

Sex of Child: Male
Twin, triplet, or other?: —
Number in order of birth?: —
Legitimate: Yes
Date of birth: May 21, 1925

**FATHER**
FULL NAME: Horace L Watkins
RESIDENCE: Lovington NM
P.O. ADDRESS: "
RACE: White
AGE AT LAST BIRTHDAY: 35
BIRTHPLACE: Greer Co Texas
OCCUPATION: Stock-farmer

**MOTHER**
FULL MAIDEN NAME: Mabel Moore
RESIDENCE: Lovington NM
P.O. ADDRESS: "
RACE: White
AGE AT LAST BIRTHDAY: 30
BIRTHPLACE: Decatur Illinois
OCCUPATION: House wife

Number of children born to this mother, including present birth: 5
Number of children of this mother now living: 5
Were drops put in eyes to prevent blindness? No
If so, what? —

**CERTIFICATE OF ATTENDING PHYSICIAN OR MIDWIFE**

I hereby certify that I attended the birth of this child, who was born Alive at 3 A.M. on the date above mentioned.

(Signature) Horace L Watkins
Parent
Address: Lovington NM
Filed May 28, 1925

State of New Mexico ) ss
County of Santa Fe )

I hereby certify the within and foregoing to be a true and correct copy of an original certificate filed with the State Department of Public Health of the State of New Mexico. Witness my hand and the seal of said Department this 5th day of November, 1948.

By: _____ Ass't State Registrar & Statistician

_____ State Registrar, Santa Fe, New Mexico



SOCIAL SECURITY
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
THIS NUMBER HAS BEEN ESTABLISHED FOR
H L WATKINS JR
SIGNATURE



TEXAS
DEPARTMENT OF PUBLIC SAFETY
DRIVER LICENSE

CLASS: C  DL: 12939456
DOB: 05-21-25  HT: 5-09
EXPIRES: 05-21-01  EYES: HZL
DONOR: NO  SEX: M
REST: A  END:

WATKINS, H L JR
EL CAMINO REAL BOX 59
SAN BENITO TX 78586

4

# CERTIFIED COPY

CAUSE NUMBER: __90-CR-814-C__

THE STATE OF TEXAS             *     IN THE DISTRICT COURT

VS                                      *     OF CAMERON COUNTY, TEXAS

Horace Watkins            *     __197th__ JUDICIAL DISTRICT
ML#: 48590

## ORDER OF ARREST

ON THIS, the __27th__ day of __July__, 19 __98__, Petition for Revoking the Probated Sentence of __Horace Watkins__, Defendant, who was placed on probation on __December 3, 1990__, for the offense of __Illegal Investment__, in the above entitled and numbered cause, having been presented to the Court, and the same having been considered by the Court:

IT IS HEREBY ORDERED by the Court that __Horace Watkins__ be and he/she is hereby commanded to appear before this Court INSTANTER in the __197th__ Court at the Courthouse in Brownsville, Cameron County, Texas to show cause, if any he/she may have, why probation should not be revoked in this cause.

IT IS FURTHER ORDERED by the Court that the District Clerk of Cameron County, Texas, cause to be served on the said __Horace Watkins__ certified copies of the said Petition and of this Order, and the Clerk of this Court is ordered to issue a capias commanding the Sheriff to arrest the defendant, and directing that he/she be held to answer to this Court for violation of the terms and conditions of probation.

BOND OF THE DEFENDANT FOR APPEARANCE HEREIN IS HEREBY SET AT $ __no Bond__

**PHYSICAL DESCRIPTION:**

AGE: __73__            HAIR: __Grey__

RACE: __White__       HEIGHT: __5'10"__

SEX: __Male__        WEIGHT: __190 lbs.__

EYES: __Hazel__      COMPLEXION: __Light__

OTHER IDENTIFYING MARKS TATTOOS/SCARS:
__Two tattoos - a nude female figure on left forearm; a bird on the right__

/S/ Darrell B. Hester
JUDGE PRESIDING

P.O.#: 085

# CHAPTER 24. DISTRICT COURTS

## SUBCHAPTER A. GENERAL PROVISIONS

### § 24.001. Age Qualification of Judges

A district judge must be at least 25 years old.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

### § 24.002. Substitute Judges

A change of venue is not necessary because of the disqualification of a district judge in a case or proceeding pending in his court, but the judge shall immediately certify his disqualification to the governor. The governor shall designate a district judge of another district to exchange benches with the disqualified judge to try the case. The governor shall notify both judges of his designation, and the judges shall exchange benches. If the judges are prevented from exchanging benches, the parties or their counsels may agree on an attorney of the court for the trial of the case. The district judge or special judge shall certify to the governor the fact of a failure of the parties or their counsels to agree on an attorney, and the governor shall appoint a person legally qualified to act as judge in the trial of the case.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

### § 24.003. Substitute Judges in Certain Counties

(a) This section applies only to civil cases in counties with five or more district courts.

(b) If a district judge is disqualified in a case pending in his court and his disqualification is certified to the governor, the governor may require any other district judge in the county to exchange benches with the disqualified judge.

(c) If a district judge is absent, sick, or disqualified, any of the district judges in the county may hold court for him or may transfer a pending case to the court of any other district judge in the county.

(d) Repealed by Acts 1993, 73rd Leg., ch. 90, § 1, eff. Aug. 30, 1993.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

Amended by Acts 1993, 73rd Leg., ch. 90, § 1, eff. Aug. 30, 1993.

### § 24.004. Special Judge by Agreement of Parties

If the parties agree on a special judge for the trial of a particular case, the clerk shall enter in the minutes of the court, as a part of the proceedings in the case, a record showing:

(1) that the judge of the court is disqualified to try the case;

(2) the name of the special judge and that the parties agreed on the selection of that judge for the trial of the case; and



(b) The 195th District Court shall give preference to criminal cases.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

### § 24.375. 196th Judicial District (Hunt County)

The 196th Judicial District is composed of Hunt County.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

### § 24.376. 197th Judicial District (Cameron and Willacy Counties)

(a) The 197th Judicial District is composed of Cameron and Willacy counties.

(b) The 197th District Court shall give preference to criminal cases.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

### § 24.377. 198th Judicial District (Kerr, Kimble, Mcculloch, Mason, and Menard Counties)

(a) The 198th Judicial District is composed of Kerr, Kimble, McCulloch, Mason, and Menard counties.

(b) The judge of the 198th District Court may select jury commissioners and impanel grand juries in each county. The judge of the 198th District Court may alternate the drawing of grand juries with the judge of any other district court in each county within his district and may order grand and petit juries to be drawn for any term of his court as in his judgment is necessary, by an order entered in the minutes of the court. Indictments within each county may be returned to either court within that county.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

Amended by Acts 1999, 76th Leg., ch. 623, § 2, eff. Sept. 1, 1999.

### § 24.378. 199th Judicial District (Collin County)

The 199th Judicial District is composed of Collin County.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

### § 24.379. 200th Judicial District (Travis County)

The 200th Judicial District is composed of Travis County.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.

### § 24.380. 201st Judicial District (Travis County)

The 201st Judicial District is composed of Travis County.

Acts 1985, 69th Leg., ch. 480, § 1, eff. Sept. 1, 1985.





## CERTIFICATE OF SERVICE:

I, the undersigned H.L. WATKNS, JR., Plaintiff, Pro Se.,. hereby certify to this Honorable Court that I have this 7 day of MAY 2001, filed a copy of this document with the Clerk of the Courts, Brownsville Divisions. The Brownsville Division is then obligated by law to make process of service upon each of the Defendants named in the Original Petition, now illegally numbered B-00-112, by a group of Defendants who acted in a malicious conspiracy to OBSTRUCT JUSTICE, by illegally removing the case from State Court without proper written order of a judge. Rather, it is authored by a lawyer, and bears no signature.

H.L. WATKINS, JR.

IN THE UNITED STATES. DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**H.L. WATKINS, JR.**　　　　　　　　　　**CIVIL CAUSE: B-00-112**
**Plaintiff, Pro Se.**

**V**

**THE STATE OF TEXAS, &**
**THE STATE BAR OF TEXAS, &**
**THE STATE COMMISSION ON JUDICIAL CONDUCT, et al,**
**Defendants.**

## ORDER:

PENDING BEFORE THIS COURT IS PLAINTIFF, H.L. WATKINS, JR's MOTION FOR CHANGE OF VENUE OF THE ABOVE NUMBERED AND TITLED CIVIL ACTION FROM THE SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION, TO THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION, PURSUANT TO **TITLE 28, USC, SECTION 1404(a)**

THE COURT, AFTER CAREFUL SCRUTINIZATION OF THE MOTION, THE LAWS GOVERNING CHANGE OF VENUE, AGREES THAT SECTION 1404(a) IS PROPER: THE MOTION WAS FULLY PRESENTED BY THE PLAINTIFF, WITH SUFFICIENT EVIDENCE TO MORE THAN WARRANT SUCH A CHANGE OF VENUE **"IN THE INTEREST OF JUSTICE"**.

THEREFORE, IT IS THE OPINION OF THIS COURT THAT IT SHOULD BE, AND IT IS, **GRANTED.**

THE CLERK OF THE COURT FOR THE SOUTHERN DISTRICT OF TEXAS SHALL TRANSFER THE FILES AND RECORDS OF THE ABOVE CIVIL ACTION, IN ITS ENTIRETY, TO THE CLERK OF THIS COURT, WITHOUT DELAY.

DONE THIS____DAY OF _____, 2001, IN THE CITY OF SAN ANTONIO, TEXAS.

_____
HONORABLE JUDGE PRESIDING