United States District Court
Southern District of Texas
FILED

DEC 3 1 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT COURT OF TEXAS
BROWNSVILLE DIVISION

H.L. WATKINS, JR,  
v  
JAMES Y. SITGREAVES, et al,  
Defendants

CIVIL ACTION B-00-112
Jury

## PLAINTIFF'S 2ND MOTION TO RETURN THIS CIVIL ACTION BACK TO STATE COURT, OR HEARING FOR DEFAULT JUDGEMENT AGAINST DEFENDANTS:

TO THE MAGISTRATE JUDGE IN THE ABOVE CAPTIONED CIVIL ACTION:

    Pursuant to Texas laws, under which the above captioned Civil Action was filed, Defendants had twenty days in which to respond. As the judge is aware, none filed their Original Responses in compliance with Texas Law, nor pursuant to the Federal Rules of Civil Procedure. The Court is further aware that Plaintiff timely filed Motions for Default Judgement pursuant to Rule 55, which the Court has chosen to ignore. Further, the Court has ignored several motions for mandated hearings Pursuant to the Federal Rules of Civil Procedure. Therefore, Plaintiff demands that this Civil Action be returned to the jurisdiction of State Court in Brownsville, and would offer the following to support this demand:

1. One of the Defendants, FILEMON B. VELA, ordered his namesake, Jose Vela, an assistant United States attorney, to transfer the case for him, and like himself, Jose Vela did not affix a signature to the so-called "Removal Order". BY ITS TERMS, RULE 11 IMPOSES AT LEAST 3 AFFIRMATIVE OBLIGATIONS ON AN ATTORNEY WHO SIGNS A PLEADING, MOTION OR OTHER PAPER ON BEHALF OF A PARTY: DUTY TO CONDUCT REASONABLE INQUIRY INTO FACTS SUPPORTING DOCUMENT, DUTY TO CONDUCT REASONABLE INQUIRY INTO LAW SUPPORTING DOCUMENT, AND DUTY NOT TO INTERPOSE DOCUMENT FOR ANY IMPROPER PURPOSE. (See Smith Intern, Inc. V Texas Commerce Bank 844 F. 2d 1193): "TO FIND A VIOLATION OF RULE 11, WHICH GOVERNS THE SIGNING OF PLEADINGS BY AN ATTORNEY, COURT NEED NOT FIND EXISTENCE OF BAD FAITH FROM PERPETRATER OR A FRAUD ON THE COURT. (See Hearld v Barnes and Spectrum Emergency Care Inc. 107 F.R. D 17. DC Tex. 1985). "UNDER RULE 11, WHICH GOVERNS THE SIGNING OF PLEADINGS BY AN ATTORNEY, COURT HAS POWER TO ISSUE FINES AS SANCTIONS FOR ITS VIOLATION, PROVIDED DUE PROCESS REQUIREMENTS OF NOTICE AND HEARING ARE SATISFIED. (See Hearld v Barnes and Spectrum Emergencty Care, Inc. DC Texas, 1971).

2. Clearly, an attorney has no authority to interfere in such matters, even if he'd affixed a signature to the phony Removal Order. Jose Vela acted clearly **outside his jurisdiction**, and is liable for his actions without immunity.

3. Such an order by Filemon B. Vela to interfere in State Court matters, violates Plaintiff's

Constitutional Rights to a fair and impartial trial.

4. Both the district judge and the Assistant United States Attorney are guilty of OBSTRUCTION OF JUSTICE.

5. Filemon B. Vela clearly acted **outside his jurisdiction** when he appointed himself as presiding judge in a case in which he is a defendant...the prime defendant.

6. Although he is a subordinate to Vela, Judge Ricardo H. Hinojosa is also guilty of aiding and abetting him, when he accepted the transfer of the case into his jurisdiction via a judicial conspiracy

7. Judge Hinojosa is guilty of OBSTRUCTION OF JUSTICE, when he further transfered the case down to his subordinate Magistrate Judge, rather than try the case, himself.

8. Further, the Magistrate Judge into whose jurisdiction Hinojosa transferred the case, is also guilty of OBSTRUCTION OF JUSTICE, for his refusal to set this case for the mandated hearings pursuant to the Federal Rules of Civil Procedure, Rules 16 and 26.

9. The Magistrate Judge also acted clearly **outside his jurisdiction**, by denying the plaintiff a fair and impartial, jury trial. (Please refer to Civil Action 2000-06-2635-E, aka B-00-112, page 3, articles A and D, and on page 4, Article F.

   In Duke V Texas, 327 F. Supp., the court ruled: WHERE FEDERAL STATUTE ESTABLISHES GENERAL RIGHT TO SUE, FEDERAL COURTS MAY USE ANY AVAILABLE REMEDY TO MAKE GOOD THE WRONG DONE. Rather than right a wrong, the judges named herein acted in a pitiful conspiracy to obstruct justice and save themselves the embarrassment and humiliation of losing to a Plaintiff, pro se. In so doing, they have denied the Plaintiff **DUE PROCESS**, thus removing themselves from any guarantee of immunity

   In Richardson v Fleming, 5th Circuit ruled: ALLEGATIONS OF COMPLAINT, ESPECIALLY A PRO SE COMPLAINT, MUST BE READ IN LIBERAL FASHION, AND THEY MUST BE ACCEPTED AS TRUE IN TESTING THEIR SUFFICIENCY. 651 F. 2D 366.

   In Estelle v Gamble: HAND WRITTEN PRO SE CIVIL RIGHTS COMPLAINT OF PRISONER WAS TO BE LIBERALLY CONSTRUED AND MUST BE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS BY LAWYER, AND COMPLAINT COULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ONLY IF IT APPEARS BEYOND DOUBT THAT PLAINTIFF COULD PROVE ANY SET OF FACTS IN SUPPORT OF CLAIM WHICH WOULD ENTITLE HIM TO RELIEF. 97 S Ct. 285, 429 US 50 L. Ed, 2d. Rehearing denied, Certiorri denied. (US, Tex 1981)..

   Plaintiff Prays that this Court will act honestly and honorably, and Grant this Motion to return Civil Action B-00-112, back to the District Court, State of Texas, or Grant him the mandated

hearings and a jury trial, without further, unwarranted, delays..

Most seriously submitted by:

*H.L. Watkins, Jr.*

H.L. WATKINS, JR.
Plaintiff, Pro Se.
1327 E. WASHINGTON AVE.
Harlingen, Tx. 78550
Tel/fax # (956) 399-2312