UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 3 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| H.L. WATKINS, JR. § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action No. B-00-112 |
| § | |
| JAMES Y. SITGREAVES, et al § | |
| Defendants § | |

**STATE BAR OF TEXAS MOTION TO DISMISS
and/or FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the State Bar of Texas, one of the Defendants in the above-referenced case, and files this Motion to Dismiss, or alternatively, for Summary Judgment, and would respectfully show the following:

1. Although Plaintiff's pleadings are not artfully pled, it appears in general in paragraphs 11, 16, 18 and 24, that the claims Plaintiff asserts against the State Bar of Texas arise from an alleged failure of the State Bar of Texas to sanction certain attorneys against whom Plaintiff complains and what could perhaps best be termed a negligent licensing of certain attorneys and judges against whom the Plaintiff also complains. Plaintiff seeks money damages from the State Bar of Texas.

**SOVEREIGN IMMUNITY UNDER STATE LAW**

2. The State Bar of Texas is an administrative agency of the judicial department of the government of the State of Texas. See Tex. Gov't Code §81.01. Sovereign immunity bars suits for damages against the state unless the state has expressly consented to be sued through an act of the legislature. See *Texas Parks & Wildlife Dep't v. Garrett*

*Place, Inc.*, 972 S.W.2d 140 (Tex.App. - Dallas, 1998, n.w.h.). A party suing a governmental entity must allege in his pleadings that the agency has consented to the suit and must state the specific legislation or statute wherein the legislature gave the consent. *Missouri Pacific R.R. v. Brownsville Navigation District*, 453 S.W.2d 812 (Tex. 1970). Unless the plaintiff establishes through pleadings the required consent, a trial court is without jurisdiction to hear the case. *Missouri Pacific R.R. v. Brownsville Navigation District*, 453 S.W.2d at 814. If a governmental entity is sued without legislative consent, the trial court should grant the governmental entity's plea to the jurisdiction. *State v. Lain*, 349 S.W.2d 579 (Tex. 1962); *Holder v. Mellon Mort. Co.*, 954 S.W.2d 786, 804 (Tex. App. - Houston [14th Dist.] 1997, no writ); *Vincent v. West Tex. State Univ.*, 895 S.W.2d 469, 472 (Tex. App. - Amarillo 1995, no writ).

3. Plaintiff's claims against the State Bar of Texas relate directly to the governmental function of the Bar, i.e. the licensing and discipline of attorneys in the State of Texas. As such, the claims are barred by sovereign immunity and Plaintiff has not pled, nor can he show, any legislative avoidance of the sovereign immunity doctrine.

## 11th AMENDMENT BARS LITIGATION

4. It is axiomatic that the 11th Amendment divests federal courts of jurisdiction regarding suits in which money damages are sought from state agencies. *Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 110 S.Ct. 1868 (1990); *Green v. State Bar of Texas*, 27 F.2d 1083 (5th Cir. 1994). Because the State Bar of Texas is an agency of the state, See Tex. Gov. Code Ch. 81.01 et seq., this case should be dismissed.

## CHALLENGE OF PARTICULAR DECISIONS NOT PERMITTED

5. It appears that Plaintiff challenges the correctness of particular decisions made by the State Bar of Texas, i.e. the decisions to admit certain persons to the practice of law and decisions regarding particular disciplinary matters, and sets out the allegedly improper decisions as the basis for his monetary recovery. Under the doctrine announced in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303 (1983), such examination of particular decisions should not be permitted. See *Musselwhite v. State Bar of Texas*, 32 F.3d 942 (5th Cir. 1994). Although applied in the past to judicial decisions, the *Feldman* analysis may be appropriate in this case because of Plaintiff's questioning of specific decisions made by the State Bar, rather than a challenge as to the broad scheme of the regulation of the attorneys in Texas. As such, for Plaintiff to recover, the Court would have to consider the particular decisions made by the state agency to grant licenses, sanction or not to sanction the judges and lawyers in controversy.

6. Dismissal of the Plaintiff's claims against the State Bar of Texas are proper under Fed.R. Civ. P. Rule 12 (b) 1 and 12(b) 6. Additionally, or in the alternative if necessary, Defendant State Bar of Texas moves this Court to render Summary Judgment pursuant to Fed. R. Civ. P. Rule 56 based on the defenses pled above..

WHEREFORE, Defendant prays this Court dismiss Plaintiff's claims against the State Bar of Texas or alternatively that the Court render Summary Judgment that Plaintiff take nothing from Defendant. Defendant further prays for such other or additional relief to which it may show itself entitled.

Respectfully submitted,

DAWN MILLER,
Chief Disciplinary Counsel

PAUL H. HOMBURG III,
Disciplinary Counsel

Office of the Chief Disciplinary Counsel
State Bar of Texas
425 Soledad, Suite 300
San Antonio, Texas 78205
Telephone: (210) 271-7881
FAX: (210) 271-9642

By: _____
PAUL H. HOMBURG III
State Bar No. 09934050
ATTORNEYS FOR DEFENDANT,
THE STATE BAR OF TEXAS

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by first class mail postage prepaid, on this 30th day of May, 2002, upon the following:

H.L. Watkins, Jr., Plaintiff pro se
El Camino Real - Box # 59
San Benito, Texas 78586

Alfredo Padilla
100 E. Van Buren Street
Brownsville, Texas 78520

John Lee Carrington
113 E. Harrison
Harlingen, Texas 78550

Hidalgo County
100 N. Closner
Edinburg, Texas 78539

James Sitgreaves
2009-C Padre Blvd.
South Padre Island, TX 78597

State of Texas
c/o John Cornyn, Attorney General
300 West 15th Street
Austin, Texas 78711

Eloy Cano

Robert Flowers &

c/o Harlingen Police Department  
P.O. Box 1631  
Harlingen, Texas 78550

State Commission on Judicial Conduct  
P. O. Box 12265, Capitol Station  
Austin, Texas 78711

Richard O. Burst  
Civil Legal Department  
Cameron County Commissioners Court  
964 East Harrison Street  
Brownsville, Texas 78520

Jose Vela Jr.  
Assistant U.S. Attorney  
1701 W. Highway 83  
Suite 600  
McAllen, Texas 78501

_____  
Paul H. Homburg III