UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 17 2003

Michael N. Milby, Clerk of Court

H.L. Watkins, Jr. §
    Plaintiff §
 § CIVIL ACTION NUMBER
vs. § B-00-112
 §
James Y. Sitgreaves, *et al* §
    Defendants §

### REPORT & RECOMMENDATION

Pending before the court is Plaintiff's *pro se* and *in forma pauperis* civil rights litigation against a diverse array of defendants, wherein he alleges a widespread conspiracy against him by the state and federal governments.[1] (See Docket Entry #1.) For the reasons discussed in this report and recommendation, Plaintiff's lawsuit should be in all things dismissed.

### *Background*

Reduced to essentials, Plaintiff contends that, on June 4, 1990, he was wrongly snared by law enforcement in a narcotics transaction in Cameron County, which has resulted in a fantastic and ever-growing conspiracy by private and governmental actors to deprive him of his rights. (Docket Entry #1.) To be sure, Plaintiff has been adamant in bringing his conspiracy theory to the

---

[1] The court notes that Plaintiff is an experienced *pro se* litigator, having pursued matters (albeit unsuccessfully) all the way to the Supreme Court of the United States. See Watkins v. United States District Court for the Southern District of Texas, 530 U.S. 1217 (2000) (denying *certiorari*); Watkins v. United States District Court for the Southern District of Texas, 526 U.S. 1121 (1999) (denying *certiorari*).

judiciary for review and disposition. By way of example, the court notes that Plaintiff has pursued such matters in state court, even when the jurisdiction to do so did not exist. See <u>Watkins v. State</u>, 2001 WL 1554156, *1 (Tex. App. - Corpus Christi Nov. 21, 2001) (not designated for publication).

Given the fact that Plaintiff has been so very active (and, yet, unsuccessful) in litigating his conspiracy-based claims over the years, the court finds it a challenge to condense the relevant facts for this case. Nevertheless the following occurrences seem pertinent:

- <u>September 23, 1998</u>: U.S. District Judge Hilda Tagle, presiding in <u>Watkins v. The State of Texas</u>, Civil Action #B-95-183 (S.D. Tex.), and in <u>Watkins v. Barbosa</u>, Civil Action #V-98-24 (S.D. Tex.), decreed that future filings by Plaintiff related to his 1990 arrest and conviction would result in sanctions.

- <u>May 11, 2000</u>: Referring to Judge Tagle's prior order, U.S. District Judge Lynn Hughes, presiding in <u>Watkins v. Vela</u>, Miscellaneous Action #H-00-133 (S.D. Tex.), dismissed Plaintiff's federal lawsuit alleging the same vast state and federal conspiracy.

- <u>June 23, 2000</u>: Perhaps as a consequence of his lack of success in federal court, Plaintiff initiated the present litigation - founded on the same conspiracy theories - in state court in Cameron County. (<u>See</u> Docket Entry #1.)

- <u>July 24, 2000</u>: The Cameron County litigation was removed to federal court. (Docket Entry #1.)

- <u>September 29, 2000</u>: Chief U.S. District Judge George Kazen, presiding in <u>Watkins v. Notzon</u>, Civil Action #L-00-30 (S.D. Tex.), ordered that any future filing by Plaintiff would result in an order

>    banning him from filing any cases in the district
>    without express written leave of court granted by
>    the Chief Judge.
>
> - <u>February 13, 2001</u>: Despite Chief Judge Kazen's warning, Plaintiff indicated his desire to proceed *in forma pauperis* in this case. (Docket Entry #15.)
>
> - <u>December 31, 2001</u>: Plaintiff filed his last document in this case. (Docket Entry #22.)
>
> - <u>May 3, 2002</u>: The undersigned set this case for a pretrial conference, ordering the parties to appear in court.[2] (Docket Entry #23.)
>
> - <u>June 24, 2002</u>: The court convened its hearing, but Plaintiff did not attend as ordered by the court. (<u>See</u> Docket Entry #28.)

The court has, at this point, totally lost contact with Plaintiff, and this case has remained dormant for a significant period.

Having reviewed the record and pertinent law, the undersigned determines that this case is ripe for final disposition.

### *Analysis*

Initially, the court notes that dismissal for frivolity and/or malice seems appropriate under 28 U.S.C. § 1915(e)(2)(B). Such dismissal is warranted for, among other things, cases involving allegations that are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." <u>See</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). All of the foregoing adjectives aptly describe the

---

[2] The conference was re-scheduled, with notice thereof sent to the parties. (Docket Entry #25.)

instant litigation, and dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) is clearly appropriate.

Moreover, the authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. Link v. Wabash Railroad Company, 370 U.S. 626, 629 (1962). The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court. Id. at 629-30. As noted above, Plaintiff has, since December of 2001, been far from diligent in pursuing this litigation, warranting dismissal with prejudice for failure to prosecute.

### *Recommended Disposition*

Having carefully reviewed the record and applicable law, this court respectfully recommends that the instant civil action be DISMISSED WITH PREJUDICE. All related and pending requests for relief should be denied as moot. (Docket Entries #6, 7, 8, 12, 13, 14, 18, 19, 20, 21, 22, 24, 27, 29, 30.)

### *Notice to the Parties*

Within 10 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom this case is assigned shall make a *de*

*novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The clerk of this court shall forward a copy of this report and recommendation to the parties *via* certified mail (return receipt).

**DONE** at McALLEN, Texas, this 16th day of December, 2003.

                                                _____
                                                      Dorina Ramos
                                     UNITED STATES MAGISTRATE JUDGE